## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

        Plaintiff,                           Case No.: 1:23-cv-09878-VEC

      v.

ANTONIO MARQUIS "L.A." REID,

        Defendant.

_____

## <u>JOINT LETTER</u>

Pursuant to the Notice of Initial Pretrial Conference (Dkt. 6) ("Notice"), Plaintiff Drew Dixon ("Plaintiff" or "Ms. Dixon") and Defendant Antonio Marquis "L.A." Reid ("Defendant" or "Mr. Reid") (together, the "Parties") hereby respectfully submit the following joint letter, alongside each party's proposed Civil Case Management Plan and Scheduling Order, attached as Exhibits A (Plaintiff) and B (Defendant), reflecting each party's best efforts to estimate the time required to complete discovery and conduct depositions.  We will alert the Court to any changes we foresee.

**a) A brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**

Drew Dixon was a highly productive and successful record executive when she was sexually harassed and assaulted by her supervisor, Antonio Reid.  Her claims arise out of Mr. Reid sexually assaulting her on two separate occasions when he intentionally and forcibly touched and made bodily contact with Ms. Dixon by fondling her beneath her clothes and subjecting her to digital penetration of her vulva without her consent.  In addition, Mr. Reid engaged in an ongoing

campaign of relentlessly sexually harassing Ms. Dixon.  Mr. Reid's actions constitute sexual offenses as defined in New York Penal Law Article 130, including but not limited to aggravated sexual abuse, criminal sexual acts, forcible touching, sexual abuse, sexual assault, and sexual misconduct, inasmuch as Mr. Reid intentionally and forcibly digitally penetrated and touched sexual and intimate parts of Ms. Dixon's body for his own sexual gratification.  *See* N.Y. C.P.L.R. § 214-j; *see also, e.g.*, N.Y. Penal Law §§ 130.20, 130.40, 130.45, 130.50, 130.52, 130.53, 1130.55, 130.60, 130.65, 130.66, 130.67, 130.70.

Ms. Dixon has brought a four-count complaint against Defendant for: (1) sexual battery/assault, (2) false imprisonment, (3) intentional infliction of emotional distress, and (4) violation of New York's Gender Motivated Violence Act, Administrative Code of N.Y. § 10–1101 *et seq.*  Plaintiff's claims are timely filed under New York's Adult Survivors Act, N.Y. C.P.L.R. § 214-j.

**Defendant's Position:**

With Plaintiff's consent, Defendant's response to the Complaint is not due until January 8, 2024.  Defendant strongly repudiates Plaintiff's description of the case. Defendant contests the factual and legal bases for Plaintiff's alleged claims. Defendant denies any assertion that he violated any law or caused any damage to Plaintiff and rejects any claim for relief sought in the Complaint.

**b)  Any contemplated motions**

- Plaintiff contemplates filing several motions *in limine* for trial, including but not limited to FRE 404(b) and FRE 412.

- Plaintiff contemplates filing for summary judgment, based on the facts as set forth in the complaint.

- Defendant contemplates filing the following motions:

- o   for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6);
- o   to strike pursuant to Federal Rules of Civil Procedure 12(f);
- o   for summary judgment following completion of fact discovery; and
- o   *in limine* in response to information derived from discovery and investigation.

**c)   The basis for subject matter jurisdiction**

The basis for subject matter jurisdiction is federal diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy in this action exceeds the sum or value of $75,000.00 excluding interest and costs and is between citizens of different states; Ms. Dixon is domiciled in Brooklyn, New York, and Mr. Reid is domiciled in Los Angeles, California.

**d)   The prospect for settlement**

The Parties have commenced preliminary discussions regarding the possibility of resolution and have agreed to continue discussions prior to the conference scheduled for January 12, 2024.  Plaintiff's counsel has revealed information regarding past efforts toward settlement, including mediation, conducted months prior to filing the Complaint and prior to retention of Defendant's current counsel.  Plaintiff's counsel has agreed to provide documentation exchanged between Plaintiff's counsel and Defendant's prior counsel.  The Parties intend to confer further as the case progresses.

**e)   Whether the parties believe a Rule 16 conference would be helpful or whether they believe it is unnecessary and that their proposed Case Management Plan be so ordered**

The Parties believe a Rule 16 conference would be helpful to resolve scheduling disputes. As stated in ¶ d, the Parties plan to confer again in advance of January 12, 2024.  Should the Parties agree that a conference is not necessary at this time, we will inform the court no later than January 9, 2024.

f) **Length of Trial**

a. **Plaintiff Position**: Plaintiff contemplates calling nearly 10 witnesses, including expert witnesses, and anticipate that Plaintiff's case may take 3–5 days.

b. **Defense Position:** Until discovery is completed and investigation has progressed, it is too early to determine the number of witnesses Defendant anticipates calling or the length of a defense case. In contrast to cases commenced within the statute of limitations, this case presents unusual challenges.  More than two decades have elapsed since the conduct alleged in the Complaint. Additional time is required for investigation, including but not limited to locating witnesses and obtaining documents, in order to complete discovery and conduct depositions.


Dated: January 4, 2024                              Respectfully submitted,


/s/ Kenya K. Davis                                  /s/ Bobbi C. Sternheim

Kenya K. Davis (NY Bar #4162483)                    Bobbi C. Sternheim
Boies Schiller Flexner LLP                          Law Offices of Bobbi C. Sternheim
1401 New York Ave., NW                              225 Broadway – Suite 715
Washington, DC 20005                                New York, NY 10007
(202) 237-9608                                      212-243-1100
kdavis@bsfllp.com                                   bcsternheim@mac.com

Sigrid S. McCawley (NY Bar # 6051460)               Shawn Holley (*pro hac vice*)
Daniel J. Crispino (*pro hac vice*)                 Kinsella Holley Iser Kump Steinsapir LLP
BOIES SCHILLER FLEXNER LLP                           11766 Wilshire Boulevard, Suite 750
401 E. Las Olas Blvd., Suite 1200                   Los Angeles, CA 90025
Fort Lauderdale, FL 33301                           310-566-9822
(954) 356-0011                                       SHolley@khiks.com
smccawley@bsfllp.com
dcrispino@bsfllp.com

*Counsel for Plaintiff Drew Dixon*                  *Counsel for Defendant Antonio Marquis*

*"L.A." Reid*