UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DREW DIXON,

                                                  **Plaintiff,**

                                                                                       23-cv- 9878 (VEC)

ANTONIO MARQUIS "L.A" REID,

                                                **Defendant.**
------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTIONS TO DISMISS COUNTS II AND III AND TO STRIKE IRRELEVANT AND PREJUDICIAL STATUTE CITATIONS FROM COUNT I

**BOBBI C. STERNHEIM, ESQ.**
Law Offices of Bobbi C. Sternheim
225 Broadway, Suite 715
New York, NY 10007
212-243-1100

**SHAWN HOLLEY, ESQ.** (*pro hac vice*)
Kinsella Holley Iser Kump Steinsapir LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
310-566-9822

*Attorneys for Defendant*

**TABLE OF CONTENTS**

                                                                **Page**

Table of Authorities……………………………………………………………………………..ii

Introduction..............................................................................................................................1

    I.      Legal Standard of Review for Motions to Dismiss..............................................1

    II.     Counts II and III Are Time-Barred......................................................................2

    III.    Motion to Dismiss Claim of False Imprisonment. .............................................3

          a.   Failure to State a Claim..........................................................................3

          b.   Improper Venue......................................................................................4

    IV.    Motion to Dismiss Claim of Intentional Infliction of Emotional Distress........................5

    V.     Motion to Strike N.Y Penal Law Sections Cited in Count I.............................................8

Conclusion..............................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

*Ashcroft v. Iqbal.*, 556 U.S. 662 (2009) ..............................................................................................2

*Barbaro v. Giacin*, 188 A.D.3d 556 (1st Dept 2020)..........................................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................................................2

*Chanko v. American Broadcasting Cos. Inc.*, 27 N.Y.3d 46 (2016) ..................................................5

*Conboy v. AT&T Corp.*, 241 F.3d. 242 (2d Cir. 2001).........................................................................5

*Fertig v. HRA Med. Assistance Program*, 2011 WL 1795235 (May 6, 2011)................................3

*Fischer v. Maloney*, 43 N.Y.2d 553 (1978) ........................................................................................7

*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) .................................................................... 5, 7

*Levin v. McPhee*, 917 F. Supp. 230 (S.D.N.Y. 1996) .........................................................................7

*Lewis v. Pierce Bainbridge Beck Price Hecht LLP,*
    2021 N.Y. Slip Op. 03911 (1st Dept 2021) ....................................................................................7

*Lian v. Sedgwick James, Inc.,* 992 F. Supp. 644 (S.D.N.Y. 1998) .................................................7, 8

*Mariani v. Consol. Edison Co.*, 982 F. Supp. 267 (S.D.N.Y. 1997) ...................................................3

*Moultrie v. VIP Health Care Servs.*, 2009 WL 750219
    (E.D.N.Y. Mar. 19, 2009).................................................................................................................3

*Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293 (1983) .....................................................7

*Papasan v. Allain*, 478 U.S. 265 (1986) ..............................................................................................2

*Pepe v. Marlansky*,  67 F. Supp. 2d 186 (S.D.N.Y. 1999) .................................................................5

*Ponticelli v. Zurich Am. Ins. Group,* 16 F. Supp. 2d 414  (S.D.N.Y. 1998) .....................................7

*Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.,*
    478 F.2d 774 (2d Cir. 1984) ............................................................................................................2

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) .............................................................................................1

*Stuto v. Fleishman*, 164 F.3d 820 (2d Cir. 1999) ..........................................................................5, 7

**Statutes**

Administrative Code of the City of N.Y.:

§ 10-1101, *et seq.* .................................................................................................1

Federal Rules of Civil Procedure:

Rule 12(b)(3) ....................................................................................................1, 4

Rule 12(b)(6)........................................................................................................1

Rule 12(f) .............................................................................................................1

New York Civil Practice Law and Rules:

§ 214-j .................................................................................................................1

§ 215(3).................................................................................................................2

New York Penal Law:

§ 130....................................................................................................................8

§ 130(2)(a........................................................................................................8, 9

§ 130(7) ...............................................................................................................9

§ 130(8) ...............................................................................................................9

§ 130.20..........................................................................................................8, 9

§ 130.40..........................................................................................................8. 9

§130.45...........................................................................................................8, 9

§ 130.50..........................................................................................................8, 9

§ 130.52..............................................................................................................8

§130.53...........................................................................................................8, 9

§130.55..............................................................................................................8

§ 130.60..........................................................................................................8, 9

§130.65....................................................................................................................8, 9

§130.66....................................................................................................................8, 9

§ 130.67...................................................................................................................8, 9

§ 130.70...................................................................................................................8, 9

§135.............................................................................................................................3

§ 135(1).......................................................................................................................3

## Treatises

Restatement (Second) of Torts (Am. Law. Inst. 1965):

§ 35..............................................................................................................................4

§ 36..............................................................................................................................4

§ 38..............................................................................................................................4

§ 39..............................................................................................................................4

§ 40..............................................................................................................................4

§ 40A...........................................................................................................................4

§ 41..............................................................................................................................4

§ 46, comment d..........................................................................................................7

§ 46, comment j.......................................................................................................6, 7

Restatement (Third ) of Torts (Am. Law. Inst. 2012):

§ 46, comment j..........................................................................................................7

## Miscellaneous Sources

https://www.merriam-webster.com/dictionary/vagina....................................................8

https://www.merriamwebster.com/dictionary/vagina#medicalDictionary.....................8

https://www.merriam-webster.com/dictionary/vulva.....................................................8

http://www.merriamwebster.com/dictionary/vulva#medicalDictionary.........................8

## Introduction

In her verified Complaint, filed November 8, 2023, Plaintiff asserts causes of action for Sexual Battery/Assault (Count I), False Imprisonment (Count II), Intentional Infliction of Emotional Distress (Count III), and Gender Motivated Violence Act (Count IV). *See* ECF Doc 1.

Defendant contests and denies Plaintiff's allegations.

The Complaint arises out of two incidents: one in January 2001; another several months later in 2001. Plaintiff alleges "ongoing sexual harassment and career sabotage." *See* Complaint § E.  In essence, Plaintiff is using the New York Adult Survivors Act ("ASA") and the New York City Gender Motivated Violence Act ("GMVA") to advance time-barred claims.[1]  These laws, limited in time and scope, revive statute of limitations to permit civil actions related to certain sexual offenses. Plaintiff's allegations of sexual abuse may fall within those laws. But Plaintiff is using those laws to springboard claims of career frustration and disappointment for which there are no timely or cognizable causes of action.  In doing so, Plaintiff takes inappropriate advantage of specially enacted laws as "catch-all" alternatives for causes of action which cannot stand on their own and are too late to assert.

For the reasons stated below, Defendant moves to dismiss Counts II and III and to strike portions of Count I,  pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6) and 12(f).

## I.   Legal Standard of Review for Motions to Dismiss

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  "While a complaint attacked by a Rule

---

[1] The New York Adult Survivors Act is codified New York's Civil Procedure Law & Practice ("CPLR") § 214-j. The Gender Motivated Violence Act is codified in the Administrative Code of the City of N.Y. § 10-1101, *et seq*.

12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan,* 478 U.S. at 286 (1986). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*., 556 U.S. 662, 678 (2009), (quoting *Twombly*, 550 U.S. at 557).

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  *Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.,* 478 F.2d 774, 779 (2d Cir. 1984).  The issue is "not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [her] claims." *Scheuer*, 416 U.S. at 232.  "On a motion to dismiss, the district court must limit itself to a consideration of the facts alleged on the face of the complaint." *Ryder,* 748 F.2d at 779

Defendant moves for dismissal of Counts II and III on two grounds: they are time-barred and fail to state a claim upon which relief can be granted; and for dismissal on Count II for improper venue.

## II.   Counts II and III Are Time-Barred

The claims for false imprisonment (Count II) and intentional infliction of emotional distress ("IIED") (Count III) should be dismissed under Rule 12(b)(6) because they are time-barred.  New York's one-year statute of limitations, as set for in CPLR § 215(3), apply to these

claims. Each are independent torts. Neither claim is covered by or revived by either the ASA or GMVA.

CPLR § 215(3) expressly provides a one-year statute of limitations for false imprisonment claims. Although IIED claims are not specifically enumerated in CPLR § 215(3), they carry a one-year statute of limitations in New York. *See Fertig v. HRA Med. Assistance Program*, 2011 WL 179523520 (May 6, 2011). In addition, "New York courts have been reluctant to apply a continuing wrong theory . . in intentional infliction of emotional distress claims." *Mariani v. Consol. Edison Co.*, 982 F. Supp. 267, 273-74 (S.D.N.Y. 1997); *see Moultrie v. VIP Health Care Servs.*, 2009 WL 750219, at *7 (E.D.N.Y. Mar. 19, 2009).

In addition, Counts II and III should be dismissed for the reasons discussed below.

## III. Motion to Dismiss Claim of False Imprisonment

Defendant's basis for dismissal of Count II is twofold: the claim of false imprisonment does not sufficiently state a recognizable cause of action nor does the claim properly lie in the Southern District of New York.

### a. Failure to State a Claim

Under New York Penal Law ("PL") §135, false imprisonment occurs when an individual unlawfully restrains a person's movement without their consent in a way that restricts their freedom or prevents them from leaving. Under PL §135, "restrain" "means to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with [her] liberty by moving [her] from one place to another, or by confining [her] either in the place where the restriction commences or in a place to which [she] has been moved, without consent and without knowledge that the restriction is unlawful." PL 135(1). A person is moved or confined "without consent' when such is accomplished by physical force,

3

intimidation, or deception. To constitute imprisonment, the restraint of a plaintiff's freedom of movement by a defendant must have been total. *See* Restatement (Second) of Torts §§ 35, 36 (Am. Law. Inst. 1965).[2]

The allegations in the Complaint do not support the elements of PL § 135. Plaintiff has not claimed she was forced, intimidated, or deceived into boarding the plane to travel to a company retreat or to accept a ride to her home. She was not compelled to go along for either ride against her will. Accordingly, the Court should dismiss Plaintiff's cause of action for false imprisonment alleged in Count II.

**b. Improper Venue**

The Complaint fails to establish that venue lies in the Southern District of New York for Count II. It is unclear whether the alleged claim of false imprisonment occurred in New York County or the Southern District. *See* Complaint ¶¶ 83-86. The first incident of alleged misconduct occurred in flight, aboard a jet which had departed from Teterboro Airport, in the District of New Jersey. *See* Complaint ¶¶ 42-43. The second incident of alleged misconduct occurred in a chauffeur-driven automobile in "New York City" in route to Plaintiff's home. *See* Complaint ¶¶ 48-50. No location is specified. The Complaint alleges that Plaintiff is domiciled in Brooklyn (Complaint ¶ 4) but does not state whether she resided in Brooklyn in 2001. Assuming, *arguendo*, that the car traveled from Manhattan to Brooklyn, it is unclear whether the alleged conduct occurred in the Southern or Eastern District of New York.

Count II should be dismissed pursuant to Rule 12(b)(3) for failure to allege proper venue.

---

[2] The Restatement (Second) of Torts lists the ways in which an actor may bring about the confinement required as an element of false imprisonment, in § 38 (by actual or apparent physical barriers), § 39 (overpowering physical force or by submission to physical force), § 40 (submission to threat to apply physical force), § 40A (submission to duress other than threats of physical force, if sufficient to vitiate the consent given, *e.g.*, threat to harm member of family), and § 41 (taking person into custody under an asserted legal authority).

4

**IV.     Motion to Dismiss Claim of Intentional Infliction of Emotional Distress**

The claim for intentional inflict of emotional distress ("IIED") as alleged in Count III does not sufficiently meet the high standard required for this cause of action. *See* Complaint ¶¶ 87-91. It is well-established that there are four elements for an IIED cause of action in New York: "(1) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and the injury; and (iv) severe emotional distress." *Chanko v. American Broadcasting Cos. Inc.*, 27 NY3d 46, 56 (2016) (*quoting Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993)). *See also Conboy v. AT&T Corp.*, 241 F.3d. 242, 258 (2d Cir. 2001) (*quoting Stuto v. Fleishman*, 164 F.3d. 820, 827 (2d Cir. 1999)).

"'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Chanko*, at 46 (*citing Howell,* at 122).

New York has set an incredibly high standard for IIED claims. *See Pepe v. Marlansky*, 67 F. Supp. 2d 186, 187 (S.D.N.Y. 1999). "Under New York law, a claim for intentional infliction of emotional distress requires a showing of [ ] extreme and outrageous conduct . . . ." *Stuto,* 164 F.3d at 827. A plaintiff alleging IIED undertakes a burden "rigorous, and difficult to satisfy;" and New York courts have repeatedly found a wide spectrum of behavior insufficiently "outrageous." *Howell*, at 122. Indeed, as the New York Court of Appeals stated: "[O]f the intentional infliction of emotional distress claims considered by this Court, every one has failed because the alleged conduct was not sufficiently outrageous." *Id.*

In reviewing IIED claims, New York courts have adopted and applied elements and commentary enunciated in the Restatement of Torts.

5

> Restatement (Second) of Torts § 46 comment j provides that:
>
> The rule stated in this Section applies only where the emotional distress has in fact resulted, and *where it is severe*. Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. *The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity. Severe distress must be proved;* but in many cases *the extreme and outrageous character of the defendant's conduct* is in itself important evidence that the distress has existed.

Restatement (Second) of Torts § 46, comment j (emphasis added).

The Restatement (Third) of Torts, Liability for Physical and Harm, updated § 46, comment j, replacing the language of Restatement (Second) with a standard to gauge severity of emotional harm inflicted based upon whether a person of "ordinary sensitivities" would incur such emotional harm:

> *j. Severe emotional harm.* The rule stated in this Section applies only when the person seeking recovery has suffered *severe* emotional harm. Complete emotional tranquility is seldom attainable in this world, and some degree of emotional harm, even significant harm, is part of the price of living in a complex and interactive society. Requiring proof that the emotional harm is severe (and the result of extreme and outrageous conduct) provides some assurance that the harm is genuine. Thus, the law intervenes only when the plaintiff's emotional harm is severe and when a person of ordinary sensitivities in the same circumstances would suffer severe harm. There is no liability for emotional harm suffered only because of the unusual vulnerability of a victim, unless the actor knew of that special vulnerability.

Restatement (Third) of Torts § 46, comment j (emphasis in original).

An objective standard applies in determining whether the emotional distress suffered by a plaintiff is sufficiently severe to warrant imposition of liability. Even where an IIED claim meets the elements of intent, extreme and outrageous conduct, and causation, a plaintiff cannot

6

succeed without demonstrating and proving emotional distress "so severe that no reasonable [person] could be expected to endure it." Restatement (Second) Torts § 46, comment j.

The conduct alleged in Count III falls short of the rigorous standard of outrageous conduct necessary to maintain the cause of action. The conduct alleged was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable a in a civilized society." *Stuto*, 164 F.3d at 827, (*quoting Howell,* 81 N.Y.2d at 122).

The allegations in the Complaint, "though undoubtedly unprofessional, distasteful, and improper, do[ ] not rise to the level of extreme and outrageous behavior required for an IIED claim in New York." *Ponticelli v. Zurich Am. Ins. Group,* 16 F. Supp. 2d 414, 440-41 (S.D.N.Y. 1998). Even construing the Complaint in the light most favorable to Plaintiff, the alleged conduct is not such that it "goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." *Fischer v. Maloney*, 43 N.Y.2d 553, 557 (1978), (*quoting* Restatement (Second) of Torts § 46, comment d); *see also Murphy v. American Home Prods. Corp.*, 58 N.Y. 2d 293, 303 (1983).

In addition, New York courts do not allow IIED claims where "'the conduct complained of falls well within the ambit of other traditional tort liability.'" *Lian v. Sedgwick James, Inc.,* 992 F. Supp. 644, 651 (S.D.N.Y. 1998) (*quoting Levin v. McPhee*, 917 F. Supp. 230, 242 (S.D.N.Y. 1996)). IIED claims that are duplicative of other tort claims should be dismissed. *See Lian,* 992 F. Supp. at 651. Viewed in the light most favorable to Plaintiff, any IIED claim is a proximate result of the misconduct alleged in Count I, requiring dismissal of Count III.

The Complaint fails to support requisite elements required for an IIED claim. Count III should be dismissed.

**V.      Motion to Strike N.Y Penal Law Sections Cited in Count I**

Count I (Sexual Battery/Assault) alleges that Defendant's actions constitute sexual offenses as defined in PL Article 130, including but not limited to "aggravated sexual abuse, criminal sexual acts, forcible touching, sexual abuse, sexual assault, and sexual misconduct." The Complaint cites 12 sections of Article 130: §§ 130.20, 130.40, 130.45, 130.50. 130.52, 130.53. 1130.55 (sic), 130.60, 130.65, 130.66, 130.67, and 130.70. (Complaint ¶ 81).

Plaintiff alleges two occasions of "fondling… beneath… clothes" and "digital penetration of . . . vulva . . . without consent." *See* Complaint ¶ 80. Article 130's definition of terms distinguishes vulva from vagina *See* PL § 130(2)(a) ("… and the vulva or vagina"). By common and medical definition, the vagina is the passage inside the female body that connects the uterus (or womb) to the outside of the body; the vulva refers to the external parts of the female genitalia and contains the clitoris. *See, e.g.* Merriam Webster general and medical dictionaries.[3]

The Complaint fails to state a cause of action in support of the following PL sections: §§ 130.20, 130.40, 130.45, 130.50, 130.53, 130.60, 130.65, 130.66, 130.67, and 130.70. Each of the contested statutes contain elements that are not alleged in or supported by the Complaint and are not applicable to a competent adult plaintiff:

- § 130.20 pertains to "sexual intercourse" and "oral sexual conduct or anal sexual conduct". *See id*., subsections (1) and (2)

- § 130.40 pertains "oral sexual conduct" or "anal sexual conduct." *See id,* subsection (3).

---

[3] Available at https://www.merriam-webster.com/dictionary/vagina;
https://www.merriamwebster.com/dictionary/vagina#medicalDictionary;
https://www.merriam-webster.com/dictionary/vulva; and
http://www.merriamwebster.com/dictionary/vulva#medicalDictionary.

- § 130.45 pertains "oral sexual conduct" or "anal sexual conduct." *See id,* subsection (3). *See id*.

- § 130.50 pertains to "oral sexual conduct" or "anal sexual conduct." *See id*.

- § 130.53 pertains to a person who "within the previous ten year period" "has been convicted two or more times" of specified sex offenses. *Id.*

- § 130.60 pertains to incapacity to consent. *Id.*

- § 130.65 pertains to "forcible compulsion" or "incapable to consent by reason of being physically helpless." *Id.,* subsections (1) and (2).[4]

- § 130.66 pertains to "inserts a foreign object in the vagina, urethra, penis, rectum or anus." *Id.,* subsection (1)

- § 130.67 pertains to "inserts a finger in the vagina, urethra, penis, rectum or anus . . causing physical injury." *Id.,* subsection (1)(a) and (b).

- § 130.70 pertains to "inserts of a foreign object in the vagina, urethra, penis, rectum or anus" causing physical injury." *Id.,* subsection (1).

The Court should strike the following 10 statutes: PL §§ 130.20, 130.40, 130.45, 130.50, 130.53, 130.60, 130.65.  They are unsupported by and irrelevant to the allegations and unnecessarily prejudicial to Defendant.

---

[4] Forcible compulsion "means to compel by either:  a. use of physical force; or b. a threat, express or implied which places a person in fear of immediate death or physical injury to … herself …, or in fear that … she… will immediately be kidnapped." §130(8).

Physically helpless "means that a person is unconscious or for any reason is unable to communicate unwillingness to an act." §130(7).

**Conclusion**

For the reasons stated, the Court should dismiss Counts II and III and strike 10 sections of PL Article 130 cited in Count I.

Dated: January 8, 2024

                                            Respectfully submitted:

                                            Counsel for Defendant

                                            *Bobbi C. Sternheim*
                                            Bobbi C. Sternheim

                                            _/s/_____
                                            Shawn Holley