UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

      Plaintiff,

v.

ANTONIO MARQUIS "L.A." REID,

      Defendant.

_____ /

Case No.: 1:23-cv-09878-VEC

**JOINT REPORT PURSUANT TO FEDERAL RULE OF PROCEDURE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Drew Dixon and Defendant Antonio Marquis "L.A." Reid respectfully submit the following Joint Report of the parties' January 21, 2024, discovery meet-and-confer.

## DISCOVERY REPORT

**A. Status of Discovery**

    a. Plaintiff has completed the following discovery tasks:

        i. Served Rule 26(a)(1) Initial Disclosures to Defendant on **1/22/2024**.

        ii. Sent a draft ESI Protocol to Defendant on **1/31/2024**.

        iii. Sent a draft Protective Order to Defendant on **1/31/2024**.

        iv. Served First Set of Requests for Production to Defendant on **2/1/2024**.

        v. Served First Set of Interrogatories to Defendant on **2/1/2024**.

        vi. Issued Subpoenas to Third Parties on **2/1/2024**.

        vii. Served HIPAA releases on **2/2/2024**.

        viii. Began to engage discovery vendors.

    b. Defendant has completed the following discovery tasks:

        i. Served Rule 26(a)(1) Initial Disclosures to Plaintiff on **2/2/2024**

        ii. Responded to draft ESI Protocol from Plaintiff on **2/2/2024**, meet and confer proposed for **2/5/2024**

        iii. Responded to draft Protective Order from Plaintiff on **2/2/2024**, meet and confer proposed for **2/5/2024**

        iv. Proposed **2/5/2024** meet and confer on Subpoenas Plaintiff issued to Third Parties

**B. Discovery Subjects**

    a. Plaintiff anticipates discovery will be necessary on the following subjects:

        i. Plaintiff's employment file at Arista Records

        ii. Defendant's employment file at Arista Records

  iii. Arista Records files related to work events, company retreats, and music artists listed in Plaintiff's Complaint

  iv. Defendant's communications to Plaintiff

  v. Documents and communications relating to sexual abuse or harassment activity by Defendant

  vi. Flight logs for Defendant's private plane

  vii. Communications concerning Defendant's drivers and private plane employees

  viii. Arista Records video surveillance footage from relevant period

  ix. Human resources policies

  x. Insurance policies

  xi. Record retention policies

b. Defendants anticipates discovery will be necessary on the following subjects:

  i. Plaintiff's employment records prior to and following the time of the claims in Plaintiff's Complaint, including earning records, performance evaluations, resumes and employment applications

  ii. Plaintiff's prior public statements to the media regarding Defendant

  iii. Documents related to Plaintiff's sexual assault or sexual harassment allegations against Russell Simmons, including public statements, legal correspondence, and any agreements

  iv. Documents related to Plaintiff's sexual assault or sexual harassment allegations against any other individual

  v. Plaintiff's medical records

      vi. Plaintiff's psychological, psychiatric, therapeutic and/or counseling records

      vii. Documents and communications relating to Plaintiff's other sources of emotional distress

      viii. Plaintiff's communications with any individual regarding Defendant, Russell Simmons, and any other individuals who allegedly sexually harassed or assaulted her, and/or interfered with her career success.

      ix. Records of any songs, albums or artists associated with Plaintiff:

**C. Discovery Issues**

  a. Plaintiff's Position:

      i. Provided that the parties reach agreement on an ESI Protocol and Protective order, Plaintiff does not anticipate discovery-related issues at this time.

  b. Defendant's Position:

      i. Defendant has proposed a meet and confer regarding the ESI Protocol and Protective order. Based on the discovery Plaintiff has served thus far on Defendant and third parties, Defendant anticipates objecting and/or moving to quash if the parties are unable to reach agreement on limiting the scope of the served discovery.

**D. Anticipated Discovery Orders**

  a. ESI Protocol

      i. Plaintiff has drafted an ESI Protocol and sent it to Defendant for review. Defendant has proposed a meet and confer regarding the ESI Protocol.

        Once the parties are in agreement, the parties anticipate submitting the ESI Protocol to the Court for inclusion in an order under Rule 26(c)

  b.  Protective Order

      i.  Plaintiff has drafted a Protective Order and sent it to Defendant for review. Defendant has proposed a meet and confer regarding the Protective Order. Once the parties are in agreement, the parties anticipate submitting the Protective Order to the Court for inclusion in an order under Rule 26(c).

**E. Proposed Case Deadlines**

  a.  Plaintiff proposes the following dates and deadlines for the Court's Scheduling Order under Rule 16(b):

      i.  Subpoena Notice Deadline: **April 10, 2024**

      ii.  Deadline to Issue Requests for Production: **May 1, 2024**

      iii.  Fact Witness Deposition Notice Deadline: **June 10, 2024**

      iv.  Opening Expert Reports Due: **June 21, 2024**

      v.  Close of Fact Discovery: **July 10, 2024**

         1.  This deadline was set by the Court in the Civil Case Management Plan. (Dkt. 21).

      vi.  Second Pretrial Conference: **July 12, 2024**

         1.  This deadline was set by the Court in the Civil Case Management Plan. (Dkt. 21).

      vii.  Responsive Expert Reports Due: **August 5, 2024**

      viii.  Close of Expert Discovery: **September 9, 2024**

        1. This deadline was set by the Court in the Civil Case Management Plan. (Dkt. 21).

    ix. Motion for Summary Judgment Deadline: **September 23, 2024**

    x. Motions in Limine Deadline: **October 9, 2024**

    xi. *Daubert* Motions Deadline: **October 23, 2024**

    xii. Final Pretrial Conference: **To Be Scheduled at the Court's Convenience**

    xiii. Trial Date: **To Be Scheduled at the Court's Convenience**

b. Defendant proposes the following dates and deadlines for the Court's Scheduling Order under Rule 16(b):

    i. Subpoena Notice Deadline: **sufficient time to be completed before close of fact discovery**

    ii. Deadline to Issue Requests for Production: **sufficient time to be completed before close of fact discovery**

    iii. Fact Witness Deposition Notice Deadline: **sufficient time to be completed before close of fact discovery**

    iv. Expert Witness Disclosures: **90 days before trial as per Rule 26**

    v. Close of Fact Discovery: **July 10, 2024**

        1. This deadline was set by the Court in the Civil Case Management Plan. (Dkt. 21).

    vi. Second Pretrial Conference: **July 12, 2024**

        1. This deadline was set by the Court in the Civil Case Management Plan. (Dkt. 21).

vii. Rebuttal Expert Witness Disclosures: **30 after receipt of Expert Witness Disclosure as per Rule 26**

viii. Close of Expert Discovery: **September 9, 2024**

   1. This deadline was set by the Court in the Civil Case Management Plan. (Dkt. 21).

ix. Motion for Summary Judgment Deadline: **October 9, 2023**

   1. 30 days after close of discovery as per Rule 56

x. Motions in Limine Deadline: **Four weeks before trial per Caproni Individual Practices in Civil Cases (8)(B)**

xi. *Daubert* Motions Deadline: **To be raised at status conference following close of fact discovery per Caproni Individual Practices in Civil Cases (4)(G)**

xii. Final Pretrial Conference: **To Be Scheduled at the Court's Convenience**

xiii. Trial Date: **To Be Scheduled at the Court's Convenience**

7

DATED: February 5, 2024                                   Respectfully submitted,


/s/ Kenya K. Davis                                        /s/ Bobbi C. Sternheim

Kenya K. Davis (NY Bar #4162483)                          Bobbi C. Sternheim
Boies Schiller Flexner LLP                                Law Offices of Bobbi C. Sternheim
1401 New York Ave., NW                                    225 Broadway – Suite 715
Washington, DC 20005                                      New York, NY 10007
(202) 237-9608                                            (212) 243-1100
kdavis@bsfllp.com                                         bcsternheim@mac.com

Sigrid S. McCawley (NY Bar # 6051460)                     Shawn Holley (*pro hac vice*)
Daniel J. Crispino (*pro hac vice*)                       Kate Mangels (*pro hac vice*)
Boies Schiller Flexner LLP                                Suann MacIssac (*pro hac vice*)
401 E. Las Olas Blvd., Suite 1200                         Kinsella Holley Iser Kump Steinsapir LLP
Boies Schiller Flexner LLP                                11766 Wilshire Boulevard, Suite 750
(954) 356-0011                                            Los Angeles, CA 90025
Fort Lauderdale, FL 33301                                 (310) 566-9822
smccawley@bsfllp.com                                      sholley@khiks.com
dcrispino@bsfllp.com                                      kmangels@khiks.com
                                                          smacisaac@khiks.com


*Counsel for Plaintiff Drew Dixon*                        *Counsel for Defendant Antonio Marquis
                                                          "L.A." Reid*.

8

## CERTIFICATE OF SERVICE

I certify that on February 5, 2024, I electronically served *Joint Report Pursuant to Federal Rule of Civil Procedure 26(f)* via ECF to all counsel of record.

/s/ Kenya K. Davis
Kenya K. Davis

*Counsel for Plaintiff Drew Dixon*