UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

      Plaintiff,

v.

ANTONIO MARQUIS "L.A." REID,

      Defendant.

_____ /

Case No.:    1:23-cv-09878-VEC

### SECOND JOINT DISCOVERY STATUS REPORT

Pursuant to the Court's Civil Case Management Plan and Scheduling Order (Dkt. 21) ("Notice"), counsel for Plaintiff Drew Dixon and Defendant Antonio Marquis "L.A." Reid respectfully submit their second monthly Joint Discovery Status Report updating the Court on the parties' progress in discovery as of April 1, 2024.

## SECOND DISCOVERY REPORT

**A. Status of Discovery**

    a. Rule 26(a)(1) Initial Disclosures

        i. Plaintiff served her Initial Disclosures on Defendant on January 22, 2024.

        ii. Defendant served his Initial Disclosures on Plaintiff on February 2, 2024.

    b. Written Discovery

        i. Plaintiff served her First Request for Production and First Set of Interrogatories on Defendant on February 1, 2024.

            1. **Defendant served his Responses to Plaintiff's First Request for Production and First Set of Interrogatories on March 18, 2024.**

        ii. Defendant served his First Request for Production and First Set of Interrogatories on Plaintiff on February 28, 2024.

            1. **Plaintiff served her Responses to Defendant's First Request for Production and First Set of Interrogatories on March 29, 2024.**

    c. Rule 45 Subpoenas

        i. Plaintiff has sent three subpoenas for service on February 12, 2024, to the following: (1) Arista Records LLC, (2) Sony Music Entertainment, Inc., and (3) Bertelsmann Music Group, Inc.

            1. **Following the parties' March 4, 2024, meet-and-confer and March 7, 2024, discovery teleconference with the Court, and pursuant to the Court's March 7, 2024, Order (Dkt. 39), the parties held a meet-and-confer with counsel for the subpoena recipients to discuss the subpoenas and ascertain the contents**

**of the recipients' files. On March 18, 2024, Plaintiff sent subpoena recipients a letter memorializing certain questions and suggestions to streamline the document collection process. On March 21, 2024, subpoena recipients responded to Plaintiff's letter, and also served its objections to Plaintiff's subpoena. Subpoena recipients have not produced any documents pursuant to Plaintiff's subpoenas to date.**

ii. Defendant has sent subpoenas for service on February 29, 2024, to Plaintiff's medical providers for which Plaintiff provided HIPAA releases: (1) MedStar Washington Hospital Center, (2) Amarilis Rivera, LCSW, and (3) Dr. Valerie Bryant, LCSW.

1. **On March 22, 2024, the parties met and conferred regarding Defendant's subpoenas to Plaintiff's medical providers. Plaintiff has received documents from Dr. Bryant and is in the process of reviewing for production to Defendant. Plaintiff has reached out to both Ms. Rivera and MedStar in order to receive documents for review and production to Defendant.**

d. Discovery Production

i. Discovery production has not yet begun in this case; however, both parties have engaged discovery vendors and exchanged written discovery. **The parties have exchanged responses and objections to each other's initial requests for production and anticipate that discovery productions are forthcoming.**

3

e. Depositions

    i. Depositions have not yet begun in this matter.

f. Experts

    i. Plaintiff is in the process of retaining expert witnesses.

    ii. Defendant has not yet retained expert witnesses.

**B. Discovery Issues**

a. Plaintiff's Position:

    i. **The parties are currently conferring on the following issues:**

        1. **Protective Order**

        2. **Plaintiff's subpoenas**

        3. **Defendant's subpoenas**

    ii. **Plaintiff does not anticipate needing extra time to complete discovery at this time.**

b. Defendant's Position:

    i. **Defendant's counsel is continuing to meet and confer with Plaintiff's counsel on the issues listed above, but believes that court intervention will be necessary as to the entry of a protective order. With regard to discovery as a whole, Defendant notes that this case presents unusual challenges given that it has been commenced more than two decades after the alleged wrongs. As a result, additional time has been and will be required to locate witnesses and documents, and Defendant anticipates that some witnesses and documents may ultimately be unavailable due to the passage of time.**

C. **Discovery Orders**

    a. ESI Protocol

        i. Plaintiff has drafted an ESI Protocol and sent it to Defendant for review on January 31, 2024.  The parties met and conferred on February 9, 2024.  As of March 1, 2024, the parties are in agreement on the ESI Protocol and anticipate submitting the ESI Protocol to the Court for inclusion in an order under Rule 26(c).

    b. Protective Order

        i. Plaintiff drafted a Protective Order and sent it to Defendant for review on January 31, 2024.  The parties met and conferred on February 9, 2024, and are continuing to meet and confer on the Protective Order.  **In order to resolve the portions of the Protective Order on which the parties cannot agree, the parties intend to raise these issues to the Court's attention by submitting a draft of the Protective Order in which Plaintiff's and Defendant's respective positions on the disputed portions of the Protective Order are indicated in bold with the proposing party in brackets (*e.g.*, "[Plaintiff's Proposed Language] _____ / [Defendant's Proposed Language] _____").**

D. **Discovery Motions**

    a. As of the date of this filing, the parties are continuing to meet and confer on various discovery issues.  No discovery motions are pending at this time.

E. **Ongoing Settlement Efforts**

a. **On March 27, 2024, the parties and their counsel appeared in person before Judge Parker for a settlement conference. The parties will continue the settlement conference in the coming weeks and are coordinating a date with the Court.**

DATED: April 1, 2024                                    Respectfully submitted,


/s/ Kenya K. Davis___                                   /s/ Bobbi C. Sternheim_____

Kenya K. Davis (NY Bar #4162483)                        Bobbi C. Sternheim
Boies Schiller Flexner LLP                              Law Offices of Bobbi C. Sternheim
1401 New York Ave., NW                                  225 Broadway – Suite 715
Washington, DC 20005                                    New York, NY 10007
(202) 237-9608                                          (212) 243-1100
kdavis@bsfllp.com                                       bcsternheim@mac.com

Sigrid S. McCawley (NY Bar # 6051460)                   Shawn Holley (*pro hac vice*)
Daniel J. Crispino (*pro hac vice*)                     Kate Mangels (*pro hac vice*)
Boies Schiller Flexner LLP                              Suann MacIssac (*pro hac vice*)
401 E. Las Olas Blvd., Suite 1200                       Kinsella Holley Iser Kump Steinsapir LLP
Boies Schiller Flexner LLP                              11766 Wilshire Boulevard, Suite 750
(954) 356-0011                                          Los Angeles, CA 90025
Fort Lauderdale, FL 33301                               (310) 566-9822
smccawley@bsfllp.com                                    sholley@khiks.com
dcrispino@bsfllp.com                                    kmangels@khiks.com
                                                        smacisaac@khiks.com

*Counsel for Plaintiff Drew Dixon*                      *Counsel for Defendant Antonio Marquis
                                                        "L.A." Reid*.

**CERTIFICATE OF SERVICE**

I certify that on April 1, 2024, I electronically served *Second Joint Discovery Status Report* via ECF to all counsel of record.

/s/ Kenya K. Davis
Kenya K. Davis

*Counsel for Plaintiff Drew Dixon*