# EXHIBIT A

(Ex. A) Plaintiff's Proposed Version

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

      Plaintiff,

v.

ANTONIO MARQUIS "L.A." REID,

      Defendant.

_____/

Case No.:   1:23-cv-09878-VEC

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff Drew Dixon and Defendant Antonio Marquis "L.A." Reid request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, in the interest of facilitating the just, speedy, and inexpensive determination of the above-captioned matter, and in the interest of protecting the legitimate interests of the Parties in maintaining the confidentiality of certain information to be disclosed during the discovery process:

IT IS HEREBY AGREED as follows:

The Parties to this action, their respective agents, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

**(Ex. A) Plaintiff's Proposed Version**

1. This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties, and as appropriate, non-parties, believe in good faith merit Confidential treatment. It is the intent of the Parties that information will not be designated as Confidential for tactical reasons and that nothing will be so designated unless it is sensitive information and there is a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall be interpreted or construed as changing any burden of proof or persuasion with respect to any Confidentiality designation or burden with respect to any sealing request.

3. **"Producing Party"** shall mean the Parties to this action and any non-party **producing Confidential Information.**

4. "Receiving Party" shall mean the Parties to this action and/or any non-party **receiving Confidential Information.**

5. With respect to discovery (i.e., documents, information or tangible things of any kind produced or disclosed in the course of discovery in this action) ("Discovery Material") that has been designated as "Confidential" pursuant to this Order, no Receiving Party may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

6. The **Producing Party** may designate as Confidential only the portion of such Discovery Material that it reasonably and in good faith believes consists of proprietary, trade secret or other sensitive, non-public information. This includes without limitation the following:

    (a) medical, mental health and/or other health care records;

**(Ex. A) Plaintiff's Proposed Version**

> (b) Social Security numbers, personal telephone numbers and emails, physical addresses and/or financial information of any person;
>
> (c) names of alleged victims of sexual abuse/harassment;
>
> (d) personnel and other non-public employment records;
>
> (e) extracts and summaries of any information identified in **(a)–(d)**;
>
> **(f) any other category of information given confidential status by this Court after the date of this Order**.

7. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the **Producing Party** and/or their respective counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

8. A **Producing Party** or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control **as directed by the Producing Party or that person's counsel.** During the 30-day period following a deposition, all Parties will treat the

3

**(Ex. A) Plaintiff's Proposed Version**

entire deposition transcript as if it had been designated Confidential. If at any time before the termination of this action a **Producing Party** realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced or received without limitation, the **Producing Party** may so designate such material by notifying all Parties in writing. Thereafter, the Receiving Party will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the **Producing Party** shall provide **each Receiving Party** with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or non-party of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Where a **Producing Party** has designated Discovery Material as Confidential, the Receiving Party may disclose such information only to the following persons:

> (a) the Parties to this action;
>
> (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;
>
> (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(Ex. A) Plaintiff's Proposed Version

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) **any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;**

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h) this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(c), 10(d), **10(e), or 10(f)** above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case including any and all appeals, whichever comes first.

**(Ex. A) Plaintiff's Proposed Version**

12. For the avoidance of doubt, nothing in Paragraph 11 shall impose any limitation on the ability of a **Producing Party** to disclose its own Confidential Discovery Material. A **Producing Party** shall not be required to obtain an executed Non-Disclosure Agreement from its own current or former employees with respect to disclosure of its own Confidential Discovery Material.

13. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford Confidential treatment to any Discovery Material designated as Confidential hereunder.

14. This Order shall have no force and effect on the use of any Discovery Material at trial **or at a pretrial hearing before the Court in this matter.**

15. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Notwithstanding any other

**(Ex. A) Plaintiff's Proposed Version**

provision of this paragraph, if the parties stipulate that specific portions of a document are both Confidential and immaterial to this lawsuit, a party may publicly file a version of the document with those confidential and immaterial portions redacted, and that party need not submit an unredacted version to the Court or file a motion to seal.

16. If the motion to seal is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the Electronic Court Filing system. If **the Producing Party's** timely motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

17. Any Party who objects to any designation of Confidentiality may at any time serve upon counsel for the **Producing Party** a written notice stating the grounds of the objection. If the Parties cannot resolve the objection within 10 days after the time the notice is received, it shall be the obligation of the **Producing Party** to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order. If the **Producing Party** fails to file such a motion within the prescribed time, the disputed information shall **lose its designation as Confidential, and shall not thereafter be treated as Confidential** in accordance with this Order.  The **Producing Party** shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. The Parties shall treat the disputed materials as Confidential pending the Court's resolution of a timely-filed motion.

18. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in appropriate circumstances), may at any time serve upon counsel for the recipient Parties

a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

19. Absent an Order from a court of competent jurisdiction, recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action, any appeals thereto, and any alternative dispute resolution proceeding intended to resolve this action, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Nor shall anything contained in this Order prejudice a Party's ability to seek discovery in this and any other legal proceeding, without prejudice to any other Party's right to object to such discovery.

20. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that, unless precluded by applicable laws or rules, such Party gives written notice to the **Producing Party** as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the **Producing Party** will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

21. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. If a Receiving Party receives documents or other materials that it has reason to believe are subject to a good faith claim of attorney-client privilege, work product protection, or

(Ex. A) Plaintiff's Proposed Version

other privilege or immunity from disclosure, the Receiving Party must refrain from examining the documents or other materials any more than is essential to ascertain whether the documents or other materials are reasonably subject to such a claim.  The Receiving Party shall promptly notify the producing person in writing that the Receiving Party possesses documents or other material that appears to be privileged or otherwise protected from disclosure.

23. If, in connection with this litigation, a Producing Party inadvertently discloses information that is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or immunity from disclosure ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege or immunity from discovery with respect to the Inadvertently Disclosed Information or its subject matter.  In addition, a Producing Party may use its own document (*e.g.*, as a deposition exhibit) containing material that is subject to a claim of privilege or immunity from disclosure for the purpose of establishing the basis of such claim without waiver of any applicable privilege or immunity from disclosure, unless the Producing Party affirmatively uses or relies upon the specific material contained in the document that is subject to the claim of privilege or immunity from disclosure for any purpose other than establishing the basis of such claim.

24. If the Producing Party seeks to claw back Inadvertently Disclosed Information, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the documents or a detailed reference to the testimony it wishes to claw back and the basis of the claim of attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity relied upon in support of its request.

**(Ex. A) Plaintiff's Proposed Version**

25.     If a Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed, unless the Receiving Party seeks to dispute that the information is privileged or otherwise protected as set forth below.  Until the dispute is resolved or ruled upon, the Receiving Party shall undertake to keep such information restricted solely for use in connection with the dispute over the privilege or protection.

26.     Within five business days after the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

27.     The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  Pursuant to the Parties' obligations set forth herein, the motion shall not quote or paraphrase the substance of the document subject to the motion to compel beyond the description of the document contained in the privilege log entry for the document.  The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production in this action.

28.     The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any Producing Party or Receiving Party to request an *in camera* review of the Inadvertently Disclosed Information.

29.     Unless the Parties otherwise agree or a court of competent jurisdiction otherwise orders, within 60 days of the final disposition of this action—including all appeals—all Receiving Parties must either return all hard copy Confidential Discovery Material—including

all copies thereof—to the **Producing Party**, or destroy such material—including all copies thereof. In either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding the foregoing: (i) the Parties shall confirm that they will continue to treat as Confidential any Discovery Materials so designated that have been received electronically and that cannot be returned or destroyed, and shall take reasonable measures to ensure that unauthorized persons do not have access to Confidential information; and (ii) outside counsel for the Parties are permitted to retain one copies of all pleadings, motion papers, court filings made under seal, transcripts, legal memoranda, correspondence, attorney work product, written discovery responses, deposition and trial exhibits, and expert reports, even if such materials contain Confidential Discovery Material, subject to a continuing obligation to protect information designated Confidential pursuant to this Order.

30. This Order will survive the termination of the litigation and will continue to be binding upon each Receiving Party.

31. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**(Ex. A) Plaintiff's Proposed Version**

SO STIPULATED AND AGREED.

DATED: April 22, 2024                                    Respectfully submitted,


/s/ Kenya K. Davis                                       /s/ _____

Kenya K. Davis (NY Bar #4162483)                         Bobbi C. Sternheim
Boies Schiller Flexner LLP                               Law Offices of Bobbi C. Sternheim
1401 New York Ave., NW                                   225 Broadway – Suite 715
Washington, DC 20005                                     New York, NY 10007
(202) 237-9608                                           212-243-1100
kdavis@bsfllp.com                                        bcsternheim@mac.com

Sigrid S. McCawley (NY Bar # 6051460)                    Shawn Holley (*pro hac vice*)
Daniel J. Crispino (*pro hac vice*)                      Kinsella Holley Iser Kump Steinsapir LLP
Boies Schiller Flexner LLP                               11766 Wilshire Boulevard, Suite 750
401 E. Las Olas Blvd., Suite 1200                        Los Angeles, CA 90025
Fort Lauderdale, FL 33301                                310-566-9822
(954) 356-0011                                           SHolley@khiks.com
smccawley@bsfllp.com
dcrispino@bsfllp.com

*Counsel for Plaintiff Drew Dixon*                       *Counsel for Defendant Antonio Marquis*
                                                         *"L.A." Reid*



So Ordered:

_____
Hon. Valerie E. Caproni

**(Ex. A) Plaintiff's Proposed Version**

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DREW DIXON,

      Plaintiff,                            Case No.:     1:23-cv-09878-VEC

v.

ANTONIO MARQUIS "L.A." REID,

      Defendant.

_____/

**<u>NON-DISCLOSURE AGREEMENT</u>**

      I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

                                                          _____
                                                          Date: