UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

      Plaintiff,　　　　　　　　　　　　Case No.:　　　1:23-cv-09878-VEC

v.

ANTONIO MARQUIS "L.A." REID,

      Defendant.

_____ /

**JOINT LETTER REGARDING CASE STATUS**

      Pursuant to the Court's August 29, 2024 Order, and in advance of the Pretrial Conference on October 25, 2024, counsel for Plaintiff Drew Dixon and Defendant Antonio Marquis "L.A." Reid respectfully submit the following Joint Letter on the Status of the Case.

30021-00002/881862.1

A. **Existing Deadlines**

The existing deadlines and due dates in the case are:

| | |
|---|---|
| October 18, 2024 | Fact Discovery Deadline |
| October 18, 2024 | Defendant's deadline to produce text messages |
| October 18, 2024 | Defendant's deadline to produce drafts from his memoir referencing Kanye West |
| November 1, 2024 | Parties' deadline to complete depositions of Defendant, Karen Kwak, and Dr. Valerie Bryant |
| December 18, 2024 | Expert Discovery Deadline |

B. **Outstanding Motions**

There are currently no motions pending. However, as discussed below, Plaintiff anticipates filing several discovery and dispositive motions as the parties approach trial, and Defendant anticipates filing motions for summary judgment and/or summary adjudication.

C. **Status of Discovery**

Plaintiff's Position: Due to Defendant's dilatory approach to discovery, it remains ongoing. As outlined above, Defendant's deadline to serve his text messages on Plaintiff and drafts of his memoir is tomorrow, October 18, 2024. Except for an issue concerning drafts of Plaintiff's memoir, outstanding medical records from Memorial Sloan Kettering Cancer Center, and provision of her privilege log, Plaintiff's discovery is complete. Having produced responsive records from Plaintiff's email accounts, cell phones, laptops, and any hard copy documents Plaintiff had in her possession, Plaintiff's counsel has produced 15,414 pages to Defendant and his counsel. With respect to third party discovery, Plaintiff is continuing to meet and confer with Sony to discuss production of Defendant's 2017 settlement agreement at Epic Records and additional document requests in light of testimony that was provided during Defendant's and Strauss Zelnick's depositions. In addition, as outlined above, the parties have 3 depositions to complete

by November 1, 2022. The depositions of Karen Kwak and Dr. Valerie Bryant are scheduled for the week of October 21, 2024, and the parties are meeting and conferring as to the scheduling of a further session of Defendant's deposition. Plaintiff's counsel disagrees with Defense counsel's position (which they have failed to meet and confer about) that Plaintiff's deposition remains open. The Court specifically ordered the production of the unredacted copies of Plaintiff's memoir prior to Plaintiff's deposition so that Defendant would have it for use during the deposition, and Plaintiff's counsel produced them as ordered. (*See* October 10, 2024 Hrg. Tr. at 36). Furthermore, unlike Plaintiff's counsel, who reserved approximately 2 hours and 45 minutes to continue Defendant's deposition, Defense Counsel used their full 7 hours during Plaintiff's deposition on October 14, 2024. The Parties will of course meet and confer about this issue, but Plaintiff's Counsel's position is that Plaintiff's deposition has concluded.

With respect to discovery motions, unless the parties can reach agreement, Plaintiff anticipates conference calling the Court (and, at the Court's direction, filing a motion), with respect to the discoverability and admissibility of FRE 404(b) and 412 evidence in this case, depositions, and at trial.

Similarly, unless Plaintiff can reach agreement with third-party subpoena recipient Sony, Plaintiff anticipates conference calling the Court (and, at the Court's direction, filing a motion), with respect to its document requests to Sony.

Finally, with respect to expert discovery, Plaintiff has hired 3 experts and Defendant has hired none. Thus, Plaintiff anticipates needing an extension for the December 18, 2024 deadline for expert reports, particularly if rebuttal expert reports need to be exchanged.

Defendant's Position: Defendant has conducted extensive searches of electronic and other records and has nearly completed his document production. The production will be complete by October 18, 2024.

Defendant and his counsel have been diligently complying with the Court's October 18, 2024 Order regarding discovery. The email relating to Russell Simmons was located and produced on October 15 as ordered. Defense counsel has collected and reviewed thousands of text messages using the agreed-upon search terms, and will be producing the small number of responsive text messages located as a result of the search. With respect to drafts of Defendant's memoir, defense counsel has communicated in writing and over the telephone with the memoir's ghostwriter, Joel Selvin, who has confirmed in writing that he has searched all computers but failed to locate any drafts of the book. Defendant and his counsel have also been unable to locate any drafts of the memoir in Defendant's direct possession, and they will exhaust that search by October 18 and notify Plaintiff's counsel of the result.

The parties' counsel have agreed to conduct the depositions of Dr. Valerie Bryant and Karen Kwak after the October 18, 2024 discovery cut-off. Defendant agrees to appear for a resumed deposition with respect to any documents produced after the first session of the deposition. Defense counsel's position is that Plaintiff's deposition also remains open, and that all rights have been reserved to demand a further session of the deposition to question Plaintiff about documents that were produced on the eve of the prior session of the deposition, including certain unredacted versions of documents that the Court ordered produced in its October 10 Order.

Defendant is not disclosing any affirmative experts but anticipates disclosing one or more rebuttal experts. Plaintiff's counsel has not yet met and conferred with defense counsel to discuss

a continuation of the date for disclosure of expert reports. Defense counsel is willing to engage in that meet-and-confer.

### D. Settlement Discussions

Plaintiff's Position: The Parties engaged in extensive settlement negotiations before Magistrate Judge Parker from February 2024 to August 2024 and were unable to reach a settlement. At this time, Plaintiff does not request another settlement conference.

Defendant's Position: Prior settlement discussions were not productive, and Defendant is not requesting a further settlement conference.

### E. Anticipated Length of Trial and Jury Selection

Plaintiff's Position: Plaintiff anticipates 5 days to present her case and would like a jury trial.

Defendant's Position: Defendant anticipates a 7-day trial and requests a jury.

### F. Motion for Summary Judgment and Motion to Exclude Expert Testimony

Plaintiff's Position: Plaintiff anticipates filing a motion for summary judgment in this matter. As of the Parties' October Joint Discovery Report, Defendant had not indicated whether he anticipated presenting any expert witnesses, so Plaintiff would respectfully ask the Court to reserve the right to file a motion to exclude expert testimony should the Defendant hire an expert.

Defendant's Position: Defendant anticipates filing a motion for summary judgment on the basis of the dozens of admissions by Plaintiff, including in writings, recorded interviews, videotaped interviews, and deposition, that refute her allegations. Defendant anticipates moving, in the alternative, for summary adjudication of certain claims for damages that are not recoverable on the causes of action asserted by Plaintiff pursuant to the Adult Survivor's Act and the Gender Motivated Violence Act. Defendant further expects that it will be likely to file one or more motions to exclude expert testimony proffered by Plaintiff, as well as to file various *in limine* motions

**G. Other Issues**

Plaintiff's Position: Plaintiff would like to discuss discovery related to damages and how the Court anticipates handling the issue of damages at trial. As for Defendant's proposal to postpone the pretrial conference currently scheduled for October 25, 2024, Plaintiff notes that Defendant has failed to raise this issue beforehand and meet and confer.

Defendant's Position: Defendant welcomes a pre-trial discussion with the Court related to issues of damages, and related to the scheduling of dispositive motions and motions to exclude expert testimony. Additionally, Defendant respectfully submits that postponement of the pretrial conference currently scheduled for October 25, 2024, to await the completion of the depositions and other discovery matters raised above, would allow for a more fulsome discussion of the issues.

DATED: October 17, 2024                                Respectfully submitted,

/s/ Kenya K. Davis                                     /s/ Bobbi C. Sternheim

Kenya K. Davis (NY Bar #4162483)                       Bobbi C. Sternheim
Boies Schiller Flexner LLP                             Law Offices of Bobbi C. Sternheim
1401 New York Ave., NW                                 225 Broadway – Suite 715
Washington, DC 20005                                   New York, NY 10007
(202) 237-9608                                         (212) 243-1100
kdavis@bsfllp.com                                      bcsternheim@mac.com

Sigrid S. McCawley (NY Bar # 6051460)                  Shawn Holley (*pro hac vice*)
Daniel J. Crispino (*pro hac vice*)                    Kate Mangels (*pro hac vice*)
Boies Schiller Flexner LLP                             Suann MacIssac (*pro hac vice*)
401 E. Las Olas Blvd., Suite 1200                      Kinsella Holley Iser Kump Steinsapir LLP
Boies Schiller Flexner LLP                             11766 Wilshire Boulevard, Suite 750
(954) 356-0011                                         Los Angeles, CA 90025
Fort Lauderdale, FL 33301                              (310) 566-9822
smccawley@bsfllp.com                                   sholley@khiks.com
dcrispino@bsfllp.com                                   kmangels@khiks.com

smacisaac@khiks.com

*Counsel for Plaintiff Drew Dixon*

*Counsel for Defendant Antonio Marquis "L.A." Reid.*

## CERTIFICATE OF SERVICE

I certify that on October 17, 2024, I electronically served *Joint Letter Regarding Status of Case* via ECF to all counsel of record.

/s/ Kenya K. Davis
Kenya K. Davis

*Counsel for Plaintiff Drew Dixon*