UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

      Plaintiff,                                            Case No.:      1:23-cv-09878-JAV

v.

ANTONIO MARQUIS "L.A." REID,

      Defendant.

_____ /

**JOINT STATUS LETTER**

Pursuant to the Court's December 26, 2025, Order (Dkt. 87) and the Individual Rule 8(E), and in advance of the Pretrial Conference on February 25, 2025, counsel for Plaintiff Drew Dixon and Defendant Antonio Marquis "L.A." Reid respectfully submit the following Joint Status Letter.

A. **Status of Discovery**

The parties refer to their Twelfth Joint Discovery Status Report (Dkt. 91), filed on February 3, 2025. Since then, the following expert discovery has taken place:

- Deposition of Marc Plotkin (Plaintiff Expert) (2/7)

The follow expert deposition is scheduled for February:

- Deposition of Dr. Chitra Raghavan (Plaintiff Expert) (2/26)

B. **Anticipated Dispositive /** *Daubert* **Motions**

Pursuant to the Court's Individual Rule 8(E) ("This letter shall notify the Court if any party anticipates filing a dispositive motion or a motion to exclude testimony of experts pursuant to Federal Rules of Evidence 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases. If so, the parties should set forth a proposed briefing schedule for any such motion(s), the parties should set forth a proposed briefing schedule for any such motion(s)."), the parties state as follows:

a. Plaintiff's Position:
    i. Plaintiff does not anticipate filing a dispositive motion. As Defendant has not proffered any expert witnesses, Plaintiff will not be filing a *Daubert* motion.

b. Defendant's Position:
    i. Defendant intends to file a motion for summary judgment or, in the alternative, summary adjudication of issues. Defendant further intends to file a motion to exclude each of Plaintiff's three retained experts (Michael Selverne, Marc Plotkin, and Dr. Chitra Raghavan), to the extent the ruling on the motion for summary judgment does not moot or dispose

of these experts' testimony. Defendant proposes the following briefing schedule for the motion for summary judgment / summary adjudication: (1) motion and supporting papers to be filed April 18, 2025; (2) opposition to be filed May 9, 2025; (3) reply to be filed May 16, 2025. Defendant proposes the following briefing schedule on the three *Daubert* motions: (1) motions and supporting papers to be filed within thirty (30) days of a ruling on the motion for summary judgment; (2) oppositions to be filed three (3) weeks later; (3) replies to be filed one (1) week later.

C. **Other Discovery Issues**

   a. Plaintiff's Position:

      i. As noted in the Twelfth Joint Discovery Status Report (at 3), Plaintiff has yet to receive any documents from the forensic review of Defendant's devices or a declaration from the vendor attesting to the fact that the collection was completed on all relevant devices. The Court ordered this review to commence in November of 2024. The entire time period can be substantiated by emails between counsel, including travel delays and schedule conflicts of Defendant. On February 7, 2025, Plaintiff asked Defendant for an update but did not receive a response before the filing of this letter.

      ii. The parties have also corresponded regarding the timing and exchange of privilege logs.

   b. Defendant's Position: Defendants and his counsel have been diligently working with the vendor of Plaintiff's choice (Kroll), which vendor has confirmed in

writing that Defendant has been entirely cooperative throughout the process. Defendant's laptop and phone have been forensically imaged, and Kroll is (to defense counsel's knowledge) processing the data for review. Kroll has further informed defense counsel that it is currently undertaking the process of obtaining Defendant's iCloud data, which is expected to take several days to download and process. Defendant and his counsel have yet to conduct any searches or review of the data, because Kroll is still completing its collection of iCloud data, and Kroll must process that data, along with the data already collected from Defendant's phone and laptop, before it is searchable. Defendant will meet-and-confer with Plaintiff to discuss search terms to be applied to the data as soon as Kroll completes its processing.

DATED: February 7, 2025

Respectfully submitted,

/s/ Kenya K. Davis

Kenya K. Davis (NY Bar #4162483)
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-9608
kdavis@bsfllp.com

Sigrid S. McCawley (NY Bar # 6051460)
Daniel J. Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Boies Schiller Flexner LLP
(954) 356-0011
Fort Lauderdale, FL 33301

/s/ Bobbi C. Sternheim

Bobbi C. Sternheim
Law Offices of Bobbi C. Sternheim
225 Broadway – Suite 715
New York, NY 10007
(212) 243-1100
bcsternheim@mac.com

Shawn Holley (*pro hac vice*)
Kate Mangels (*pro hac vice*)
Suann MacIssac (*pro hac vice*)
Kinsella Holley Iser Kump Steinsapir LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
(310) 566-9822

| | |
|---|---|
| smccawley@bsfllp.com<br>dcrispino@bsfllp.com | sholley@khiks.com<br>kmangels@khiks.com<br>smacisaac@khiks.com |
| *Counsel for Plaintiff Drew Dixon* | *Counsel for Defendant Antonio Marquis "L.A." Reid.* |

5

## CERTIFICATE OF SERVICE

I certify that on February 7, 2025, I electronically served *Joint Letter Regarding Status of Case* via ECF to all counsel of record.

/s/ Kenya K. Davis
Kenya K. Davis

*Counsel for Plaintiff Drew Dixon*