

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

June 22, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

> Re: *Drew Dixon v. Antonio Marquis "L.A." Reid*, 1:23-cv-09878-JAV —
> Letter Motion for Leave to File Redacted Memorandum In Opposition
> to Defense Counsel's Motion to Withdraw and Exhibit Under Seal

Dear Judge Vargas:

Pursuant to Your Honor's Individual Rule and Practice in Civil Cases 10(c)(i), Plaintiff Drew Dixon ("Ms. Dixon") seeks leave to file a redacted version of her Memorandum of Law in Opposition to Defense Counsel's Motion to Withdraw ("Motion") (ECF No. 132). She also seeks leave to file under seal Exhibit 2 attached to the declaration of Kenya K. Davis filed in opposition to Defense Counsel's Motion, which is the deposition transcript of Larry Jackson dated May 21, 2025. For the reasons provided herein, we respectfully submit that these documents should be redacted and maintained under seal notwithstanding the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

Here, Ms. Dixon contends the deposition should be kept under seal because it references throughout "sensitive business information," between Mr. Jackson and other third-parties, including "confidential proprietary information, documents and client data." *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *5 (N.D.N.Y. June 18, 2019) (citing *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013). Courts in the Second Circuit have held that a party "often [has] a significant interest in protecting such information from public dissemination." *Id.*; *see also Hanks v. Voya Ret. Ins. & Annuity Co.*, No., 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) ("The Court holds that Movants' interest in protecting this sensitive business information…outweighs the public's presumed right of access."). In the deposition, Mr. Jackson discussed confidential information about his businesses, including artist and executive compensation. Public disclosure of this information "could result in significant commercial harm without providing much value in the monitoring of the federal courts." *Hanks*, 2020 WL 5813448, at *3. For these same reasons, Ms. Dixon believes the limited portion of her Opposition Memorandum that refers to specific testimony from Mr. Jackson's deposition should be redacted.

In light of the foregoing, Ms. Dixon respectfully requests that the Court grant sealing the exhibit discussed herein.

Respectfully submitted,

/s/ Kenya K. Davis
Kenya K. Davis
*Counsel for Plaintiff Drew Dixon*