## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

        Plaintiff,

v.

ANTONIO MARQUIS "L.A." REID,

        Defendant.

_____ /

Case No.:     1:23-cv-09878-VEC

## <u>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Phone: 310-566-9822
*Attorneys for Antonio Marquis "L.A." Reid*

**GREGORY KORN, ESQ.** *(PRO HAC VICE)*

30021-00002/908042.1

I.      **INTRODUCTION**

The Motion for Partial Summary Judgment and supporting papers filed by Defendant

Antonio Marquis "L.A." Reid ("Reid") demonstrated beyond any dispute that the commissions

that Plaintiff Drew Dixon ("Dixon") claims to have lost when Reid failed to sign artists Kanye

West and John Legend are *not recoverable* under Dixon's revived ASA or GMVA claims. Faced

with unchallenged case law and undisputed evidence requiring dismissal of her claim for such

damages, Dixon resorts to mischaracterizing her own claims, ignoring her own admissions, and

attempting to manufacture a factual dispute based on purported, inadmissible opinions by one of

her retained experts, whose opinions are the subject of a pending Daubert motion. Dixon's

unfounded arguments and incompetent "evidence" should be disregarded. There are no triable

issues of fact and the undisputed case law mandates dismissal of her damage claim as a matter of

law.

II.     **DIXON'S OWN ADMISSIONS ESTABLISH THAT THE CLAIM FOR LOST**
        **COMMISSION DAMAGES IS NOT REVIVED BY THE ASA OR GMVA**

Dixon's Opposition does not even address, much less challenge, the majority of the case

law cited in Reid's moving papers. That unchallenged case law establishes that, in determining

whether the ASA revives a claim, courts focus on "the conduct which caused the injury" and

claims are only revived if "a sexual offense is the conduct that causes the injury." Dkt. 112 at pp.

13-14.[1] *See also id.* at p. 19 (establishing that the GMVA provides a civil cause of action for

"injur[y] by an individual who commit[ted] a crime of violence motivated by gender."). Here,

the record is undisputed (based on Dixon's own admissions) that the purported conduct which

_____

[1] Citations to page numbers of documents in the Court's Docket are citations to the page number
assigned to the document upon receipt of the filing (i.e., the page numbers appearing in the
header of the filed document).

allegedly caused Dixon's lost commission damages was Reid's refusal to sign West and Legend

in retaliation for Dixon's rejection of Reid's unwanted advances (i.e., to meet him in his hotel

room and/or ride with him in his car). Dkt. 112 at pp. 17-18. *See also* Dkt. 151 (Statement of

Disputed Facts filed by Dixon which admits thirteen of the seventeen undisputed facts identified

by Reid and denies the other four facts *not* based not on a dispute over the truth of the fact but

based on Dixon's disagreement with Reid's purported characterization of the fact).

The failure to sign artists is not a "sexual offense under Article 130 of the Penal Law" or

a "crime of violence committed because of gender." Moreover, even if it is assumed that Reid

made the decision not to sign the artists as retaliation against Dixon (which Reid denies), case

law makes clear that retaliation/harassment *does not* constitute a sexual offense. *See e.g., Doe v.*

*New York City Department of Education*, 2023 WL 2574741 at *4 (E.D.N.Y. March 20, 2023)

(dismissing claim for sexual harassment brought under the CVA based on the defendant's

"unwanted sexual advances toward Plaintiff" because "[s]exual harassment is not a crime

covered by New York State Penal Law §130."); *Levin v. Sarah Lawrence College*, 747

F.Supp.3d 645, 665-666 (E.D.N.Y. 2023) (finding that sexual harassment claims were not

revived by the ASA where they involved "grooming" and "manipulation" that did not constitute

sexual offenses under Article 130).

Dixon attempts to avoid the fatal impact of the authorities cited by Reid by arguing that

two of the cases—*Levin v. Sarah Lawrence College* and *Reid v. McKelvey*—actually support her

position. Dixon contends that the claims in those cases were dismissed because the plaintiff *did*

*not allege* that the misconduct at issue was "accompanied by" or "stemmed from" a sexual

assault and here Dixon does so allege. The argument is unavailing. **First**, neither case stands for

the proposition offered by Dixon: that injuries caused by conduct *other than sexual misconduct*

can be revived by the ASA as long as sexual misconduct also occurred. To the contrary, *Levin* confirms (consistent with the other case law cited in Reid's moving papers) that "the conduct giving rise to the complained-of injury ***must 'constitute a sexual offense*** as defined in article one hundred thirty of the penal law.'" *Levin*, 747 F.Supp.3d at 664. *Levin* further confirms that grooming and manipulation (i.e., forms of harassment and control) do not constitute such an offense. *Id*. In *Reid*, the court did not focus on the sufficiency of plaintiff's allegations as Dixon claims but rather held that the "injuries stemming from the alleged defamation and IIED [arising from statements denying that an alleged sexual assault occurred] are distinct from those injuries that were 'as a result of conduct which would constitute a sexual offense under Article 130.'" *Reid v. McKelvey*, 2024 WL 4345585, *4 (S.D.N.Y. Sept. 30, 2024).

**Second**, Dixon has *not* "alleged or testified" that "Defendant's acts of retaliation and harassment were accompanied by physical touches giving rise to claims for sexual misconduct." Dkt. 142 at p. 14. Despite Dixon's claim that she so testified, she fails to cite any deposition testimony supporting that claim. And the paragraphs of the Complaint that she cites detail *separate acts* of purported assault and purported retaliation *that occurred at different times*. Dkt. 142 at p. 14.

Accordingly, applying the rules set forth in *Levin* and *Reid* (as well as the other authorities cited by Reid), it is clear that Dixon's claim for lost commissions should be dismissed. *See e.g., J.S.M. v. City of Albany Dep't of Gen. Svcs.*, 211 N.Y.S.3d 859, 868 (2024); *Wilkie v. Village of Hempstead*, 2023 WL 5952056, *9 (E.D.N.Y. June 20, 2023); *Doe*, 2023 WL 2574741, * 4.

III.    **RETAINED EXPERT DR RAGHAVAN'S PURPORTED OPINION THAT THE
RETALIATION AND ASSAULT WERE INTERTWINED DOES NOT SAVE
DIXON'S CLAIM FOR LOST COMMISSIONS**

In a futile attempt to avoid the unchallenged case law and her own admissions, Dixon
also argues that "Defendant's use of retaliatory acts is inextricably intertwined with his acts of
sexual assault" and thus "all the damages flowing *from his actions*, including Plaintiff's lost
commissions for signing West and Legend" were revived by the ASA and GMVA. Dkt. 142 at
p. 4. Dixon's own words highlight the lack of merit in her argument. She does not claim that the
lost commission damages flow *from the alleged sexual assault* but rather states that they flow
*from Reid's actions* (i.e., actions other than the alleged assault). This is not sufficient. Moreover,
even if the intertwining of the assault and the retaliation was sufficient to bring the claim within
the ASA or GMVA (it is not), Dixon fails to present any competent evidence that the conduct
was inextricably intertwined, instead relying on the opinions of her retained expert Dr. Raghavan
to support her argument (and dispute her own admissions).

Dixon claims (relying on Dr. Raghavan's report) that "Defendant's sabotage of artists
discovered by Plaintiff . . . enabled him to sexually assault Plaintiff through a system of sexual
assault, sexual harassment, retaliation, and coercive control." Dkt. 142 at p. 4. However, Dr.
Raghavan's purported testimony does not, and cannot, save Dixon's claim. First, Dixon does not
cite to any portion of Dr. Raghavan's report where Dr. Raghavan actually offers the opinion that
Dixon contends saves her claim. Second, Dr. Raghavan's opinions are the subject of a pending
Daubert motion, pursuant to which Reid argues that her opinions should be excluded. *See* Dkt.
119. Third, the law is well settled that an expert cannot opine on a witness' credibility or legal

issues which are at issue in the case.[2] *See Nimley v. City of New York*, 414 F.3d 381, 397 (2d Cir.

2005); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992). As a result, even if Dr. Raghavan

offered the opinion which Dixon contends she offered (she did not), it would not be admissible

to create a triable issue of fact sufficient to defeat Reid's Motion.

## IV.    CONCLUSION

For the foregoing reasons, Reid respectfully requests that the Court grant his Motion for

Partial Summary Judgment and summarily adjudicate Dixon's claim for damages for lost

commissions.

Respectfully submitted,

Dated: June 24, 2025

Gregory Korn

**KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
Shawn Holley (*pro hac vice*)
Gregory Korn (*pro hac vice*)
Suann C. MacIsaac *(pro hac vice)*
Kate Mangels *(pro hac vice)*
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
310-566-9822
sholley@khiks.com
gkorn@khiks.com
smacisaac@khiks.com
kmangels@khiks.com

*Attorneys for Defendant Antonio Marquis "L.A."
Reid*

---

[2] It should be noted that, throughout her Opposition, Dixon cites to Dr. Raghavan's report as evidence that various events took place. *See* Dkt. 142 at pp. 4-6. Dr. Raghavan's recitation of events for which Dr. Raghavan has no personal knowledge (but which were reported to her by Dixon) is obviously not evidence that such events occurred.

## CERTIFICATE OF COMPLIANCE (LOCAL RULE 7.1(c)

The undersigned, counsel of record for Defendant Antonio Marquis "L.A." Reid, certifies

that this brief contains 1,399 words, which complies with the word limit of Local Rule 7.1(c).

Dated: June 24, 2025

_____
Gregory Korn

## CERTIFICATE OF SERVICE

I certify that on June 24, 2025, I electronically served the above document on the following:

Kenya K. Davis
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-9608
kdavis@bsfllp.com

Sigrid S. McCawley
Amber S. Stewart
Daniel J. Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com
astewart@bsfllp.com
dcrispino@bsfllp.com

*Counsel for Plaintiff Drew Dixon*

*/s/ Gregory Korn*
Gregory Korn