UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

    Plaintiff,

v.

ANTONIO MARQUIS "L.A." REID,

    Defendant.

_____/

Case No. 1:23-cv-09878-VEC

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ANTONIO MARQUIS "L.A." REID**

**PUBLIC VERSION**

Attorneys Shawn Holley, Gregory Korn, Suann MacIsaac, and Kate Mangels, of the firm of Kinsella Holley Iser Kump Steinsapir LLP (collectively "Defense Counsel"), respectfully submit this Reply in support of the motion to withdraw as counsel for Defendant Antonio Marquis "L.A." Reid ("Reid")

## I.   REID'S FAILURE TO PAY FEES IS GOOD CAUSE FOR THE MOTION TO WITHDRAW

It is well-established that the "failure to pay legal fees" is a "satisfactory reason for allowing a withdrawal." *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc*., 2014 WL 1087934, at *2 (S.D.N.Y. Mar. 19, 2014) (internal quotations and citation omitted.

Plaintiff Drew Dixon and her counsel (collectively "Dixon") argue that the motion to withdraw should be denied on the purported basis that Defense Counsel has failed to substantiate the *amount* of its unpaid fees. Out of respect for the attorney-client relationship and Reid's privacy, the moving papers did not specify the precise amount of Defense Counsel's receivable. Nevertheless, in light of Dixon's arguments, Defense Counsel offers additional information in this reply showing the *extraordinary* amount of fees that the firm is owed, and the severe impact that non-payment will have on Defense Counsel's small firm if it is forced to continue defending Reid, and even try the case in a lengthy jury trial, without being compensated.

In *Allstate Ins. Co. v. Spina*, 2020 WL 7753266 (S.D.N.Y. July 27, 2020), which Dixon's Opposition cites and relies upon, the district court found unpersuasive, and thus denied, a motion to withdraw based on "*anticipated* nonpayment of legal fees." *Id*. at *2. But the court contrasted the facts before it with those in *Stair v. Calhoun*, 722 F. Supp. 2d 258 (E.D.N.Y. 2010), where the moving party "submitted undisputed documentation suggesting that the plaintiff had already accrued nearly $60,000 in unpaid legal fees." *See id.* (citing *Stair*, 722 F. Supp. 2d at 264–265).

Here, the moving papers were supported by the declaration of lead Defense Counsel, Shawn Holley ("Holley"), which attested that Reid stopped paying Counsel's bills months ago and currently has a "substantial balance." Particularly given that Defense Counsel's former local counsel, Bobbi Sternheim, recently withdrew because of Reid's failure to pay a large amount of attorneys' fees owed to her firm, Holley's declaration is more than sufficient evidence to establish that Reid's persistent failure to pay fees is good cause for the motion to withdraw. But lest there be any doubt:

Defense Counsel's most recent invoice to Reid shows an outstanding receivable ████ ████████. *See* Supplemental Declaration of Shawn Holley ¶ 2. This does ***not*** include work in progress of ████████████ which includes time incurred on briefing in connetion with Reid's summary adjudication and *Daubert* motions. *See id*.

Reid's last payment to Defense Counsel was made several months ago, in February 2025. *See* Suppl. Holley Decl. ¶ 3. The payment was ████████████████████████████ *See id*. And as documented in Ms. Sternheim's (now-granted) motion to withdraw, Reid had not paid her firm any fees in many months.

Moreover, after 18 months of work performed, Reid's total payments to Defense Counsel ████████████████. *See* Supp. Holley Decl. ¶ 3. Thus, Defense Counsel's outstanding balance ████████████████████████████████████████████████ ██.

As Dixon argues, ***some*** court opinions have suggested that mere non-payment of fees is at times an insufficient basis for withdrawal, *see, e.g.*, *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *1–2 (S.D.N.Y. June 7, 1996), though many cases, as noted above, hold that non-payment ***is*** a basis for withdrawal. But even *Rophaiel* acknowledged that there are "situation[s] in which a client's stark refusal to pay, coupled with a demonstrated inability to do so, imposes

such financial hardship on the attorney that continued representation would be unfair." *Id*. As the court there noted: "Indeed, New York's Code of Professional Responsibility DR 2–110(C)(1)(f) (McKinney's 1996) allows for withdrawal where the client 'deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.'" *Id*.

Moreover, the circumstances in *Rophaiel* pale in comparison to those in this case. There, the amount owed, $70,396.54 (*see id*. at 1), was ███████████████████████. It appeared that the receivable might have related to time spent on other matters, leading the district court to demurrer that it was "unconcerned with sums owed on other matters," because the "question is whether the clients have met, or are in the process of meeting, their financial obligations incurred in connection with this case." *Id*. at 1. Further, other circumstances called into question whether the client in *Rophaiel* was truly unable to pay its attorneys. Not only was the client a longstanding company in business since 1934, but it had failed to make just "two monthly payments" to its counsel. *Id*. at *2.

Here, the amount of Defense Counsel's and Ms. Sternheim's unpaid bills ████████ ██████████████████. Moreover, Reid's history of non-payment, combined with the size of the receivable in comparison to what Reid has managed to pay his counsel in the past, makes it clear at this point that the bill cannot and will not be paid.

As discussed in the declaration of Shawn Holley, the expectation was that ████████ ██████████████████████. Holley Decl. ¶ 4. That has not occurred, and Reid's business manager has recently conveyed to Holley ████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████. *See id*. ¶ 6. The business manager informed Holley that ██████ ████████████████████████████████████████████████████████████ ██████████████. *See id*.

Dixon's opposition references that Bel Air home, and an article about the home, as evidence that Reid is "wealthy." To the contrary, the article relates to Reid slashing the listing price of the home by several million dollars. This evidences financial duress, not wealth.

In all, the evidence and circumstances demonstrate beyond any doubt that Reid has no ability to pay Defense Counsel's current receivable, much less the future fees that will be incurred to prepare for trial and try the case.

Moreover, Reid's inability to afford Defense Counsel's fees, as well as those of Ms. Sternheim, puts Defense Counsel in an untenable position. As a small firm of 19 lawyers with a single office in Los Angeles, it is Defense Counsel's practice to rely on local counsel when appearing *pro hac vice* in matters in the Southern District of New York. However, Defense Counsel has lost its local counsel because of Reid's failure to pay fees, and it will be difficult in light of the history of non-payment to find new local counsel to step in. *See* Supp. Holley Decl. ¶ 9.

Further, Defense Counsel's current receivable already puts a significant financial strain on their firm. *See* Supp. Holley Decl. ¶ 8. It would cause the firm severe financial distress if Defense Counsel were required to devote several additional months to have multiple attorneys and paralegals prepare for and try this case in New York, while incurring tens of thousands of dollars in travel, hotel, trial tech, and other costs associated with the trial, and while doing all this without any expectation of being paid. *See id*.

The motion to withdraw is well-taken and should be granted.

## II. THE MOTION TO WITHDRAW IS NOT A DELAY TACTIC

Dixon's suggestion that Defense Counsel's motion is merely a ploy to delay the trial is nonsensical and false, as the record supports that Defense Counsel has litigated this case vigorously, even including in recent weeks. Defense Counsel took the depositions of Dixon and

her treating psychologist during the fact discovery period, appeared at the depositions of multiple third parties, and defended the deposition of Reid. Defense Counsel took the depositions of each of Dixon's three retained experts, Dr. Chitra Raghavan, Michael Selverne, and Marc Plotkin. Defense Counsel prepared and filed—at great expense—a motion for summary adjudication, a *Daubert* motion to exclude the testimony of Dr. Raghavan, and a second *Daubert* motion to exclude the testimony of Messrs. Selverne and Plotkin. Clearly, Defense Counsel were intending to represent Reid through trial.

Regrettably, however, Reid has demonstrated that he lacks the ability to pay Defense Counsel's fees, and Defense Counsel is left with no option but to move to withdraw.

### III. THE MOTION IS WELL-TAKEN DESPITE SOME ONGOING FINANCIAL DISCOVERY

The motion to withdraw is well-taken in spite of the fact that some discovery-related tasks remain. As stated in the motion, fact discovery, including responses to written discovery, document production, and depositions of fact witnesses is completed. Expert discovery is completed, and dispositive motions and *Daubert* motions have been filed. This puts Reid in the best position possible to engage a New York based lawyer to handle the remainder of the case, either at a lower hourly rate or an alternative financial arrangement.

Dixon argues in opposition that there is still financial discovery outstanding. Defense Counsel has worked with Reid and his representatives to collect tax returns for production. *See* Supp. Holley Decl. ¶ 13. Defense Counsel has also assisted in scheduling the depositions of two witnesses with knowledge of Reid's financial condition. *See id*. The deposition of one of Reid's business managers is nearly complete. *See id*. A second business manager has agreed to appear for deposition (though Plaintiff's counsel has yet to notice that deposition). *See id*. Reid's new counsel can easily pick up the financial discovery where it left off and manage the production of

whatever documents are outstanding and the resumption of depositions.

Dixon spends a substantial amount of the Opposition addressing Reid's deletion of a few text messages—none of which messages, which were quickly located, is inculpatory[1]—and addressing the forensics process that counsel has engaged in to try to locate any other messages about Dixon that might have been deleted (though Reid denies that there were any other such messages). The fact is that this forensics process is essentially complete. Defense Counsel has spent dozens of hours working with the forensics company that Dixon's counsel chose, Kroll. *See generally* Declaration of Gregory Korn. All of Reid's mobile devices and laptop were imaged. *See id*. All of the searches suggested by Dixon's counsel were run, despite Defense Counsel's warning that the searches were overbroad and would result in an excessive number of hits. *See id*. The process was slowed considerably by the overbreadth of those searches. *See id*. But ultimately, the text message data that Dixon's counsel was most interested in was all produced, and it was produced without any review for responsiveness. *See id*. That is, Defense Counsel ran searches to locate and exclude documents that were subject to the attorney-client or marital privilege, and then produced ***everything else***. *See id*. Thus, Dixon's counsel ***received the data*** they were seeking by way of the forensics process. To the extent there is any follow-up required, Dixon's counsel can address remaining issues with Kroll or Reid's replacement counsel. *See id*.

Finally, the September 2025 trial is not so close that Reid will be prevented from obtaining counsel to represent him. In *Allstate*, the Court held that the fact that oppositions to two important motions were "due in a matter of days"—a motion for preliminary injunction and

---

[1] The deleted message from Reid to Karen Kwak, which is mentioned in the Opposition, related to the litigation, but consisted of Reid telling Ms. Kwak that Dixon is "dangerous" and a "liar."

one for an attachment—weighed against granting the motion to withdraw *at that time*. 2020 WL 7753266 at *2. Because of this, and because the only evidence presented in that case was of "anticipated nonpayment" of fees rather than actual non-payment, the district court decided that the "best path forward is to deny the instant Motion *without prejudice*." *Id*. (emphasis added).

Here, there are no filings "due in a matter of days." All pre-trial motions are briefed, and new counsel will have several months to prepare the case for trial.

## IV.  CONCLUSION

For the reasons stated herein and in the moving papers, Defense Counsel respectfully requests that the Court grant the motion to withdraw.

DATED:  June 27, 2025                KINSELLA HOLLEY ISER KUMP
                                     STEINSAPIR LLP

                                     By: _____
                                     Shawn Holley
                                     Attorneys for Defendant Antonio Marquis "L.A." Reid

                                     **KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
                                     Shawn Holley (*pro hac vice*)
                                     Gregory Korn (*pro hac vice*)
                                     Suann C. MacIsaac *(pro hac vice)*
                                     Kate Mangels *(pro hac vice)*
                                     11766 Wilshire Boulevard, Suite 750
                                     Los Angeles, CA 90025
                                     310-566-9822

## CERTIFICATE OF COMPLIANCE (LOCAL RULE 7.1(c)

The undersigned, counsel of record for Defendant Antonio Marquis "L.A." Reid, certifies that this brief contains 2,060 words, which complies with the word limit of Local Rule 7.1(c).

Dated: June 27, 2025

_____
Shawn Holley

## CERTIFICATE OF SERVICE

      I certify that on June 27, 2025, I electronically served the above document on the following:

Kenya K. Davis
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-9608
kdavis@bsfllp.com

Sigrid S. McCawley
Amber S. Stewart
Daniel J. Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com
astewart@bsfllp.com
dcrispino@bsfllp.com

*Counsel for Plaintiff Drew Dixon*

                                                  */s/ Shawn Holley*
                                                  Shawn Holley