

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

July 17, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

> Re: *Drew Dixon v. Antonio Marquis "L.A." Reid*, 1:23-cv-09878-JAV — Letter to Court Regarding Financial Discovery

Dear Judge Vargas:

    We write on behalf of Plaintiff Drew Dixon to update the Court on the status of financial discovery in accordance with the Court's order to "promptly notify" it if there "any delays in obtaining outstanding discovery from Defendant." ECF No. 172 at 2.

    On July 15, 2025, Defendant served another production of financial records. Upon review, the following document requests remain outstanding:

- Documents and communications related to any audits from 2017-2023
- Promissory notes or other debt documents
- A complete list of all bank accounts (including checking, savings, money market, and other deposit accounts) in Defendant's name or control, including the name of
- A complete list of all investment accounts, including brokerage, retirement, or mutual fund accounts from 2017-2023
- All documents, communications, and tangible items relating to evidencing the existence, maintenance, or activity of any foreign bank or investment accounts, including, but not limited to, account statements, account opening documents, transaction records, communications, regulatory filings, etc.
- Documents sufficient to identify all sources of income, including employment income, business income, rental income, dividends, interest, and any other sources from 2017-2023
- Documents sufficient to identify all real property
- Documents sufficient to identify all personal property items of significant value (*e.g.*, vehicles, jewelry, artwork, collectibles), along with supporting documentation, including appraisals or purchase records
- Documents sufficient to identify all ownership interests in any business entity, along with the names of each entity, the type of business, percentage of ownership, and copies of the most recent financial statements of the business
- Documents sufficient to identify any related party transactions (including those involving family members or affiliated entities)

- Documents sufficient to identify all insurance policies (*e.g.*, life, disability, health, property, and casualty) in Defendant's name or for which he is a beneficiary, along with copies of the policies and any premium statements from 2017-2023
- Documents sufficient to identify all employee benefit plans in which You participate, including retirement or deferred compensation plans, and provide account statements for the time period 2017 through 2023
- All documents, communications, and tangible items that evidence or relate to any transfer of funds to any family member or friend, including but not limited to bank statements, wire transfer records, check copies, deposit slips, and any correspondence relating to such transfers, where the aggregate amount transferred in any one or a series of related transactions equals or exceeds One Million Dollars ($1,000,000) from 2020-2025

There also appear to be gaps in the records that have been produced. For example, included in the production was a list of Defendant's companies and accountants at City National Bank. But Ms. Dixon requested records on all of Defendant's bank accounts and companies, domestic and foreign. This list of accounts and companies notably does not include AMR Ventures, Mega, or Gamma. Also included in Defendant's supporting tax documentation were mortgage interest statements for some real property, but not all. Moreover, it is not possible for Ms. Dixon to determine with these records what real property the Defendant currently owns.

Ms. Dixon's discovery requests also included subpoenas to Larry Jackson, Gamma, and AMR Ventures. On April 10, 2025, Defense Counsel informed Ms. Dixon's counsel that they were authorized to accept service for AMR Ventures and Gamma, but not Larry Jackson. *See* Ex. A. On April 16, 2025, when Ms. Dixon's counsel asked if AMR Ventures and Gamma would be responding to the subpoenas and producing documents by the Court's April 18 deadline, Defense Counsel responded that it was her "hope and expectation that the subpoenaed documents would be produced by Friday, April 18." *See* Ex. B. Implicit in this statement is the presumption that AMR Ventures and Gamma were in receipt of the subpoena requests and were searching for responsive documents. However, according to Gamma's corporate counsel in a communication on July 16, 2025, it has no record of Ms. Dixon's document requests. As of this filing, Ms. Dixon has not received any documents from AMR Ventures or Gamma despite Ms. Holly's assurances.

With respect to Mr. Jackson, Ms. Dixon's counsel have continually requested his availability to continue his deposition, most recently on July 14 and 17. On July 17, 2025, Mr. Jackson informed Ms. Dixon's counsel that he could sit for another 90 minutes on July 29, 2025 and would need to complete his deposition in a subsequent session.

For these reasons, Ms. Dixon respectfully requests permission to serve Gamma with a trial subpoena that includes document requests. She also requests leave to file a motion for discovery sanctions regarding Defendant's failure to produce financial discovery months after it was initially due. At minimum, Ms. Dixon would be seeking her attorney's fees and costs associated with pursuing Defendant's late financial disclosures.

Respectfully submitted,

/s/ Kenya K. Davis
Kenya K. Davis
*Counsel for Plaintiff Drew Dixon*
