**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

DREW DIXON,

                Plaintiff,                               Case No.:       1:23-cv-09878-JAV

v.

ANTONIO MARQUIS "L.A." REID,

                Defendant.

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS _IN LIMINE_**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL STANDARD......................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.   ████████████████████████████████████████

      ■   ███████████████████████████████████

      ■   ███████████████████████████████████

      ■   ████████████████████████████████████████

   ■   ████████████████████████████████████████

      ■   ████████████████████████████████████

      ■   ████████████████████████████████████

   ■   ████████████████████████████████████████

   ■   █████████████████████████ ................................................. 15

V.    THE COURT SHOULD EXCLUDE ALL REFERENCES TO DEFENDANT'S FINANCIAL STATUS, NET WORTH, AND PURPORTED INSOLVENCY UNTIL THE PUNITIVE DAMAGES PHASE ................................................................ 17

VI.    THE COURT SHOULD ADMIT EVIDENCE CONCERNING DEFENDANT'S OTHER SEXUAL CONDUCT AND ASSOCIATIONS.................................................. 18

    A.    Evidence of Defendant's Non-Assault Harassment or Ostensibly Consensual Workplace Relationships is Admissible as it Establishes His *Modus Operandi*, and the Probative Value of This Evidence Outweighs Any Risk of Prejudice................................................. 20

    B.    Evidence Relating to Defendant's Sexual Assaults of Subordinates is Admissible Under Federal Rule of Evidence 415.................................................. 23

VII.    FOR THE REASONS STATED IN THE ADVERSE INFERENCE MOTION PLAINTIFF SHOULD BE PERMITTED TO ADMIT EVIDENCE OF DEFENDANT'S SPOLIATION OF EVIDENCE ......................................................... 25

CONCLUSION.................................................................................................................. 25

**<u>TABLE OF AUTHORITIES</u>**

**<u>Page(s)</u>**

**<u>Cases</u>**

*Alaniz v. Zamora-Quezada,*

591 F.3d 761, 774-75 (5th Cir. 2009)……………………………………………………22

*Ayala v. Tapia,*
1991 WL 241873 (D.D.C. Nov. 1, 1991) ............................................................. 10

*Babcock v. Frank,*
729 F.Supp.279 (S.D.N.Y. 1990) ......................................................................... 7

*Back v. Hastings On Hudson Union Free Sch. Dist.,*
365 F.3d 107 (2d Cir. 2004) ................................................................................. 14

*Blazina v. Port Auth. of N.Y. & N.J.,*
2008 WL 4539484 (S.D.N.Y. Oct. 7, 2008) ....................................................... 1

*Board of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.,*
860 F.Supp.2d 251 (S.D.N.Y. 2012) ................................................................... 16

*Bonilla v. H&M Hennes & Mauritz L.P.,*
2014 WL 12661621 (S.D.N.Y. Apr. 16, 2014) ................................................... 15

*Bouveng v. NYG Cap. LLC,*
175 F.Supp.3d 280 (S.D.N.Y. 2016) ................................................................... 7, 8

*Boyce v. Weber,*
2021 WL 2821154 (S.D.N.Y. July 7, 2021) ....................................... 20, 22, 23, 25

*Burger v. Litton Indus., Inc.,*
1995 WL 476712 (S.D.N.Y. Aug. 10, 1995) ...................................................... 4

*Burns v. McGregor Elec. Indus., Inc.,*
989 F.2d 959 (8th Cir. 1993) ............................................................................... 5

*Carrero v. New York City Housing Auth.,*
668 F.Supp. 196 (S.D.N.Y. 1987) ....................................................................... 8

*Carroll v. Trump,*
124 F.4th 140 (2d Cir. 2024) ............................................................................... 23, 24

*Carroll v. Trump,*
660 F.Supp.3d 196 (S.D.N.Y. 2023) ................................................................... 23

*Chamblee v. Harris & Harris, Inc.,*
154 F.Supp.2d 670 (S.D.N.Y. 2001) ................................................................... 4

*Combe v. Cinemark USA, Inc.*,
  2009 WL 2578853 (D. Utah Aug. 19, 2009) ............................................................ 10

*Cook v. Greyhound Lines, Inc.*,
  847 F.Supp. 725 (D. Minn. 1994) ..................................................................... 4, 7

*Dixon v. Simmons*,
  No. 151431/2024 (NY Sup. Ct. N.Y. Cnty.) ............................................................. 15

*Doe v. Gooding*,
  2023 WL 3805836 (S.D.N.Y.  June 2, 2023) ........................................................... 24

*Doe v. Provident Life and Acc. Ins. Co.*,
  176 F.R.D. 464 (E.D. Pa. 1997) ...................................................................... 11

*Dubay v. King*,
  2018 WL 3619636 (M.D. Fla. July 13, 2018) ......................................................... 10

*Dufresne v Duemler*,
  108 A.D.2d 1102 (3d Dep't 1985) ..................................................................... 17

*E.E.O.C. v. Donohue*,
  746 F.Supp.2d 662 (W.D. Pa. 2010) .................................................................... 2

*E.E.O.C. v. Kyklos Bearings Int'l, LLC*,
  2015 WL 1119949 (N.D. Ohio 2015) ................................................................... 13

*Eckhart v. Fox News Network, LLC*,
  2025 WL 786536 (S.D.N.Y. March 12, 2025) ......................................................... 24

*Escobar v. Airbus Helicopters SAS*,
  2016 WL 6080612 (D. Hawaii 2016) .................................................................. 11

*Gowens v. Tidwell*,
  2013 WL 2285446 (E.D. Mich. May 23, 2013) ....................................................... 18

*Graham v. Ambridge Area Sch. Dist.*,
  2011 WL 13365094 (W.D. Pa. 2011) ................................................................ 4, 5

*Hernandez v. Kelly*,
  2011 WL 2117611 (E.D.N.Y. May 27, 2011) ......................................................... 12

*Highland Cap. Mgt., L.P. v Schneider*,
  551 F.Supp.2d 173 (S.D.N.Y. 2008) ................................................................... 1

*Howard v. Historic Tours of Am.*,
  177 F.R.D. 48 (D.D.C. 1997) ........................................................................... 9

*James D. Vollertsen Assocs. v John T. Nothnagle, Inc.*,

48 A.D.2d 1007 (4th Dep't 1975) .......................................................................... 18

*Jean-Laurent v. Hennessy*,
    840 F.Supp.2d 529 (E.D.N.Y. 2011) .............................................................. 16

*Johnson v. Elk Lake Sch. Dist.*,
    283 F.3d 138 (3rd Cir. 2002) ......................................................................... 24

*Karibian v. Columbia Univ.*,
    14 F.3d 773 (2d Cir. 1994) .............................................................................. 7

*Lewis v. Velez*,
    149 F.R.D. 474 (S.D.N.Y. 1993) .................................................................... 12

*Luce v. United States*,
    469 U.S. 38 (1984) ............................................................................................ 1

*Marshall v. Port Auth. of New York and New Jersey*,
    2022 WL 17491006 (S.D.N.Y. Dec. 5, 2022) ......................................... 17, 18

*Mazzocchi v. Windsor Owners Corp.*,
    204 F.Supp.3d 583 (S.D.N.Y. 2016) .............................................................. 12

*McBeth v. Porges*,
    2018 WL 5997918 (S.D.N.Y. Nov. 15, 2018) ................................................ 17

*Meritor Sav. Bank, FSB v. Vinson*,
    477 U.S. 57 (1986) ............................................................................................ 7

*Metzger v. Medical Health Group, Inc.*,
    Civ.A. no. 1:09-cv-00803-WDQ .................................................................... 13

*MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*,
    232 F.Supp.3d 558 (S.D.N.Y. 2017) .............................................................. 17

*Montanez v. City of Syracuse*,
    2019 WL 4328872 (N.D.N.Y. Sept. 12, 2019) .............................................. 21

*Montera v. Premier Nutrition Corp.*,
    2022 WL 1465044 (N.D. Cal. May 9, 2022) .................................................. 15

*Moore v. Rubin*,
    2020 WL 13573582 (E.D.N.Y. 2020) ............................................................ 16

*Nevada Dept. of Human Res. v. Hibbs*,
    538 U.S. 721 (2003) ........................................................................................ 14

*Outley v. City of New York*,
    837 F.2d 587 (2d Cir. 1988) ........................................................................ 16


*Perry v. Ethan Allen, Inc.*,
    115 F.3d 143 (2d Cir. 1997) ......................................................................... 11

*Puglisi v. Town of Hempstead Sanitary Dist. No. 2*,
    2014 WL 12843521 (E.D.N.Y. Jan. 27, 2014) ........................................... 15

*Rodriguez-Hernandez v. Miranda-Velez*,
    132 F.3d 848 (1st Cir. 1998) .................................................................... 5, 9

*Rupert v Sellers*,
    48 A.D.2d 265 (4th Dep't 1975) ............................................................ 17, 18

*Smith v. Ergo Sols., LLC*,
    2019 WL 3068293 (D.D.C. 2019) ............................................................... 9

*Smith v. Lightning Bolt Prods., Inc.*,
    861 F.2d 363 (2d Cir. 1988) ....................................................................... 18

*Socks-Brunot v. Hirschvogel Inc.*,
    184 F.R.D. 113 (S.D. Ohio 1999) ........................................................... 2, 15

*Sohnen v. Charter Comms., Inc.*,
    761 F.Supp.3d 556 (E.D.N.Y. 2025) ......................................................... 16

*T.C. on Behalf of S.C. v. Metro. Gov't of Nashville and Davidson Cnty., Tennessee*,
    2018 WL 3348728 (M.D. Tenn. July 9, 2018) ......................................... 6, 8

*Thompson v. Spota*,
    2022 WL 17253464 (E.D.N.Y. Nov. 28, 2022) ......................................... 16

*Trezza v. Hartford, Inc.*,
    1998 WL 912101 (S.D.N.Y. 1998) ............................................................ 14

*Trooper 1 v. New York State Police*,
    2024 WL 168326 (E.D.N.Y. Jan. 16, 2024) ................................................ 2

*Troxel v Granville*,
    530 US 57 (2000) ......................................................................................... 4

*Truong v. Smith*,
    183 F.R.D. 273 (D. Colo. 1998) .................................................................. 7

*United States v. Baker*,
    2023 WL 3851968 (E.D. Okla. June 6, 2023) ............................................. 6

*United States v. Barnason*,
    852 F.Supp.2d 367 (S.D.N.Y. 2012) ...................................................................... 23, 24

*United States v. Charles*,
    2016 WL 355073 n.3 (D.N.J. Jan. 28, 2016) ............................................................ 6

*United States v. Davis*,
    2015 WL 519455 (C.D. Cal. Feb. 5, 2015) .............................................................. 6

*United States v. Frederick*,
    683 F.3d 913 (8th Cir. 2012) .................................................................................... 3

*United States v. Graham*,
    2015 WL 6161292 (S.D.N.Y Oct. 20, 2015) .......................................................... 25

*United States v. LaFlam*,
    369 F.3d 153 (2d Cir. 2004) .................................................................................... 20

*United States v. Larson*,
    112 F.3d 600 (2d Cir. 1997) .................................................................................... 24

*United States v. Maxwell*,
    2021 WL 2292773 (S.D.N.Y. June 4, 2021) .......................................................... 10

*United States v. Mohamed*,
    148 F.Supp.3d 232 (E.D.N.Y. 2015) ...................................................................... 20

*United States v. Moye*,
    793 F. App'x 19 (2d Cir. 2019) .............................................................................. 20

*United States v. Roldan-Zapata*,
    916 F.2d 795 (2d Cir. 1990) .................................................................................... 25

*United States v. Russell*,
    2018 WL 2122938 (D.N.M. May 6, 2018) .............................................................. 6

*United States v. Sasso*,
    59 F.3d 341 (2d Cir. 1995) ...................................................................................... 12

*United States v. Schaffer*,
    851 F.3d 166 (2d Cir. 2017) .................................................................................... 23

*United States v. Sliker*,
    751 F.2d 477 (2d Cir. 1984) .................................................................................... 20

*United States v. Spoor*,
    904 F.3d 141 (2d Cir. 2018) .................................................................................... 22

*United States v. Tail,*
    459 F.3d 854 (8th Cir. 2006) ........................................................................ 3

*United States v. Terranova,*
    750 F.Supp.3d 15 (E.D.N.Y. 2024) ............................................................. 5

*Williams v. Bd. of Cty. Comm'rs of Unified Gov't of Wyandotte Cnty. & Kansas City,*
    192 F.R.D. 698 (D. Kan. 2000) .................................................................... 6

*Williams v. Geraci,*
    2020 WL 5848738 (E.D.N.Y. Sept. 30, 2020) ............................................ 16

*Wolak v. Spucci,*
    217 F.3d 157 (2d Cir. 2000) ......................................................................... 2

**Rules**

Fed. R. Civ. P. 42(b) .......................................................................................... 18

Fed. R. Evid. 401 ......................................................................................... 10, 15

Fed. R. Evid. 403 ........................................................................................ passim

Fed. R. Evid. 404 .......................................................................... 5, 16, 20, 25

Fed. R. Evid. 412 ........................................................................................ passim

Fed. R. Evid. 413 .............................................................................................. 23

Fed. R. Evid. 414 .............................................................................................. 23

Fed. R. Evid. 415 ........................................................................................ passim

**Other Authorities**

179 Am. Jur. Trials 257 ...................................................................................... 1

*EEOC – Medical Health Group, Inc. Sued By EEOC For Disability Discrimination Issue No. 209*, Accom. Disab. Bus. Mgmt. Guide 10814653 ............................... 13

*L.A. Reid's Epic Records Exit Followed Harassment Claim by Female Staffer*, Hollywood Reporter, May 14, 2017, https://www.hollywoodreporter.com/news/music-news/music-exec-la-reids-epic-records-exit-followed-allegations-by-female-staffer-1003665/ ............ 18, 21

McCormick on Evidence § 196 at 578–81 (3d ed. 1984) ............................... 16

*Pebbles Reid Claims TLC's Chilli Had an Affair With Ex-Husband L.A. Reid, Slams VH1 Biopic*,

U.S. WEEKLY, Nov. 14, 2013, https://www.usmagazine.com/entertainment/news/pebbles-reid-claims-tlcs-chilli-had-an-affair-with-ex-husband-la-reid-slams-vh1-biopic-20131411/ .......... 19

Ted Boscia, *Study: Women reject promiscuous female peers as friends*, CORNELL CHRONICLE, May 30, 2013, https://news.cornell.edu/stories/2013/05/study-women-reject-promiscuous-female-peers-friends ............................................................................................................... 5

## PRELIMINARY STATEMENT

Defendant has attempted to muddy the waters and distract from his own wrongdoing by invoking ████████████████████████████████████████████████████████████ ███████████████████████████████████████. At the same time, Defendant has sought to curry sympathy by both falsely claiming that he is financially insolvent and unable to afford attorney's fees, and laboring to keep evidence of his serial sexual abuse and harassment of women away from the jury. Plaintiff respectfully requests that this Court reject Defendant's strategy, and issue an order both excluding the categories of evidence described below from trial of this matter, and admitting other categories of evidence described below.

## LEGAL STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgt., L.P. v Schneider*, 551 F.Supp.2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984)). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Blazina v. Port Auth. of N.Y. & N.J.*, 2008 WL 4539484, at *1 (S.D.N.Y. Oct. 7, 2008) (citation omitted); *see also* 179 Am. Jur. Trials 257 § 8 (noting that motions *in limine* are appropriate when material sought to be excluded is "highly prejudicial or inflammatory").

**ARGUMENT**



Federal Rule of Evidence 412 prohibits parties from introducing evidence "offered to prove that a victim engaged in other sexual behavior; or . . . offered to prove a victim's sexual predisposition." In civil cases, such evidence can be introduced only if "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." *Id.*; *see also Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000) ("Rule 412 . . . explicitly includes civil cases involving sexual misconduct"); Advisory Committee Notes ("Rule 412 applies in any civil case in which a person claims to be the victim of sexual misconduct."); *E.E.O.C. v. Donohue*, 746 F.Supp.2d 662, 664 (W.D. Pa. 2010) ("The purpose of the amended rule is 'to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.'") (citation omitted); *Socks-Brunot v. Hirschvogel Inc.*, 184 F.R.D. 113, 119 (S.D. Ohio 1999) ("While relevant evidence is generally admissible under Federal Rule of Evidence 403, evidence subject to Rule 412 is presumptively inadmissible"). Rule 412 also protects non-party sexual assault victims in civil cases. *See e.g.*, *Trooper 1 v. New York State Police*, 2024 WL 168326, at *2 (E.D.N.Y. Jan. 16, 2024) (non-party filed motions to quash subpoenas that sought "impermissible" evidence under Rule 412).

, presumptively fall within Rule 412's prohibition against evidence "offered to prove that a victim engaged in other sexual

2

behavior." Under any conceivable theory, the probative value of evidence of ███████████ ███████████████████████████████████████████████████ does not substantially outweigh the risk of prejudice. Admission of this evidence would be prejudicial because it would

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████, fails not only the balancing tests of Rules 403 and 412, but also Rule 401's minimal relevance requirement. █████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Admission of █████████████ evidence also risks both confusing the jury—as ████████████████████████████████—and wasting time, as the jury will have to ██████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

3

██████████████████████████████████████████████████

"[O]ther sexual behavior" encompasses instances in which the victim was ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

The "burden" is therefore on Defendant to establish that "the probative value" of such evidence "substantially outweighs the invasion of [Plaintiff's] privacy," and the risk of prejudice to Plaintiff generally. *Burger v. Litton Indus., Inc.*, 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995) (cleaned up); ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

████████████████████ here is prejudicial for several reasons. ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



Second, due to social stigma against ███████████████████████████████

Such reasoning "amounts to little more than a thinly veiled attempt to generate evidence of propensity or character trait that is prohibited by Federal Rule of Evidence 404(a)." *Graham*, 2011 WL 13365094, at *2 ████████████████ "is not probative" "and amounts to little more than a thinly veiled attempt to generate evidence of propensity or character"); ████████████

*See e.g.*, *United States v. Terranova*, 750 F.Supp.3d 15, 30 (E.D.N.Y. 2024) ("[I]mpeaching the victim's truthfulness and

showing [his or] her capability to fabricate a story are not recognized exceptions to Rule 412.")
(internal citations and quotations omitted).[1]




that evidence

too is barred by Rule 412 and is prejudicial.

First, as noted above, *supra* at I.B, it is crystal clear that Rule 412 ▮▮▮▮▮▮

---

[1]      *See also* Fed. R. Evid. 412 advisory committee's note to 1994 amendment
(explaining that Rule 412 generally "bar[s] evidence relating to the alleged victim's sexual
behavior or alleged sexual predisposition, *whether offered as substantive evidence or for
impeachment*") (emphasis added); *United States v. Baker*, 2023 WL 3851968, at *3 (E.D. Okla.
June 6, 2023) (excluding evidence of minor victim's YouTube videos that were "sexual in nature"
under Rule 412, over the defendant's argument that videos were intended to show that victim was
a "talented storyteller" who previously "told fictional accounts of sexual behavior"); *United States
v. Russell*, 2018 WL 2122938, at *2 (D.N.M. May 6, 2018) (excluding purported "impeachment"
evidence of victim's prior sexual encounter); *United States v. Charles*, 2016 WL 355073, at *4 n.3
(D.N.J. Jan. 28, 2016) (holding that the defendant was properly precluded from questioning victim
about "sexual history"); *United States v. Davis*, 2015 WL 519455, at *4 (C.D. Cal. Feb. 5, 2015)
(rejecting argument that "Rule 412 is inapplicable to evidence … offered to prove dishonesty or
bias").

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████ The law thus forbids

"quid pro quo" arrangements, where employers "expressly or tacitly link[] tangible job benefits to

the acceptance or rejection of sexual advances." *Bouveng v. NYG Cap. LLC*, 175 F.Supp.3d 280,

311 (S.D.N.Y. 2016).███████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████ *See Karibian v. Columbia Univ.,* 14 F.3d 773, 777 (2d Cir. 1994) (Quid pro quo

harassment occurs when "submission to or rejection of [unwelcome sexual] conduct . . . is used as

the basis for employment decisions affecting [the victim].") (citation omitted).

████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████. *See* ECF No. 1 ("Compl.") at ¶¶52-57; *see also Carrero v. New York City Housing Auth.*, 668 F.Supp. 196, 201-02 (S.D.N.Y. 1987) (where the plaintiff had to "work closely" with the defendant supervisor, "meet [with him] every morning," and where the defendant "was responsible for insuring that [the plaintiff] was trained in every facet of the job," the plaintiff should not have been "required to be constantly on guard against" his sexual advances); *Bouveng*, 175 F.Supp.3d at 313 (A "reasonable jury could [] conclude that [the p]laintiff submitted to [the defendant's] unwelcome sexual advances in order to protect her job," as the plaintiff "was afraid to reject" his advances to avoid "upset[ting] him," the plaintiff "saw how he could get enraged at the office," and she believed that the defendant would "fire her" if she rejected him) (cleaned up) (citations omitted). ████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████

      ████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████. *See e.g.*, *T.C. on Behalf of S.C.*, 2018 WL 3348728 at *9 ("It is now beyond question in the federal courts that the fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome. . . . To find otherwise would be to suggest that, once a person becomes sexually active, he or she welcomes sexual attention from

all who might give it and is immune to the harm that results from unwanted sexual conduct. That

line of reasoning has not been persuasive for decades.") (citations omitted).

████████████████████████████████████████████████

██████████████████████████████████████████

██ ███ ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

█████████████, this proffer would run afoul of the Federal Rules' demand that evidence be relevant. *See* Fed. R. Evid. 401. Courts refuse to order disclosure of entire diaries or journals when those documents contain personal or sensitive entries and the party seeking disclosure cannot demonstrate that anything relevant has been withheld. *See, e.g., Dubay v. King*, 2018 WL 3619636, at *1 (M.D. Fla. July 13, 2018) ("Plaintiff failed to show how the production of Mr. King's private journal entries–containing information about Mr. King's private life and daily musings–relate to the subject matter of the claims in this lawsuit."); *Combe v. Cinemark USA, Inc.*, 2009 WL 2578853, at *2 (D. Utah Aug. 19, 2009) ("Without any limit on relevancy, the entire journal is not discoverable. A plaintiff does not expose her entire private life to adverse scrutiny by filing suit."); *Ayala v. Tapia*, 1991 WL 241873, at *2 (D.D.C. Nov. 1, 1991) (same); *see also United States v. Maxwell*, 2021 WL 2292773, at *1-2 (S.D.N.Y. June 4, 2021) (denying the defendant's motion to authorize subpoena seeking victim's "entire journal" from the time of alleged crimes).

Most of the content in Plaintiff's memoirs concerns ████████████████████████ ████████████ that neither have a "tendency to make a fact [at issue in this case] more or less probable than it would be without the evidence" nor are otherwise "of [any] consequence in determining th[is] action." Fed. R. Evid. 401.



are presumptively

barred under Rule 412.

Evidence may be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The primary function of Rule 403 is preventing juries from hearing evidence that has "an undue tendency to suggest decision on an improper basis." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (quoting Rule 403 Advisory Committee Notes); *see also Escobar v. Airbus Helicopters SAS*, 2016 WL 6080612, at *1 (D. Hawaii 2016) ("Evidence is unfairly prejudicial . . . because of its ability to appeal to the jury's sympathies, arouse jurors' sense of horror, provoke a jury's instinct to punish, and trigger other intense human reactions.").

plus it is just not accurate.



For the reasons stated above, *supra* at II.B., the Court should exclude ████████

████████████████████████████████████████████████████████████████████

████████████████—as the probative value of such evidence is substantially outweighed by its

prejudicial effect.

██████████████████████████████████████████████████████████████

The Court should exclude any reference to other pending or past litigation involving

Plaintiff, such as her case against Russell Simmons, *see Dixon v. Simmons*, No. 151431/2024 (NY

Sup. Ct. N.Y. Cnty.), including any of the pleadings or motions, or news reports. ████████

████████████████████████████████████████████████████████████████ and any

evidence relating to the lawsuits can only be admitted if its probative value substantially outweighs

its prejudicial effect. *See e.g.*, *supra* at I.; *Socks-Brunot v. Hirschvogel Inc.*, 184 F.R.D. 113, 119

(S.D. Ohio 1999) ("[E]vidence subject to Rule 412 is presumptively inadmissible").

More fundamentally, "[e]vidence concerning the other lawsuits is irrelevant," *Montera v.*

*Premier Nutrition Corp.*, 2022 WL 1465044, at *3 (N.D. Cal. May 9, 2022); *see also Bonilla v.*

*H&M Hennes & Mauritz L.P.*, 2014 WL 12661621, at *16 (S.D.N.Y. Apr. 16, 2014) (noting that

other lawsuit evidence was "irrelevant to the case before us"), as ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████

Beyond lack of relevance, "[c]ourts generally exclude evidence of other lawsuits, even if

the other lawsuits are related to the case before the court . . . because the probative value of the

existence of other lawsuits typically is substantially outweighed by the danger of unfair prejudice,"

even under the default, more-admission-friendly Rule 403 balancing test. *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2014 WL 12843521, at *2 (E.D.N.Y. Jan. 27, 2014);[2] *see also Board of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F.Supp.2d 251, 254-55 (S.D.N.Y. 2012); *Sohnen v. Charter Comms., Inc.*, 761 F.Supp.3d 556, 571 (E.D.N.Y. 2025); *Moore v. Rubin*, 2020 WL 13573582, at *3 (E.D.N.Y. 2020). ███████████████

███████████████████████████████████

███████████████████████████████████

███████████████ It is noteworthy that Defendant made Plaintiff aware that he knew about the assault by Simmons.

The prejudicial effect of the other lawsuit evidence is also apparent as it would allow Defendant to (improperly) suggest that Plaintiff is a "chronic litigant." *Thompson v. Spota*, 2022 WL 17253464, at *4 (E.D.N.Y. Nov. 28, 2022) ("[T]o the extent that the prior suit would be introduced to characterize [the plaintiff] as a 'chronic litigant'—i.e. for propensity purposes—it is subject to exclusion under Rule 404(b)(1)"); *see also Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529, 542 (E.D.N.Y. 2011) ("[I]t is generally improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a 'chronic litigant.'"). "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (citing *McCormick on Evidence* § 196 at 578–81 (3d ed. 1984); 3A J. Wigmore, *Evidence* §§ 963, 981 (Chadbourn rev. 1970)).

---

[2]    Again, the 403 balancing test is reversed for evidence within the scope of Rule 412, such evidence can be introduced only if "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."

While "[p]rior [or pending] lawsuits may be admissible if used for one of the proper purposes listed in Rule 404(b) . . . Defendant[ has] given no indication that [he] would use [this evidence] for any such purpose." *Thompson*, 2022 WL 17253464, at *4 (citing *Williams v. Geraci*, 2020 WL 5848738, at *11 (E.D.N.Y. Sept. 30, 2020)). And for good reason: every other conceivable purpose runs up against an independent evidentiary bar. For instance, Defendant could not impeach Plaintiff with evidence of other lawsuits, as "impeaching the victim's truthfulness . . . [is] not [a] recognized exception[] to Rule 412." *Supra* at 5, n.1 (collecting cases). The Court should thus exclude all references to Plaintiff's other pending lawsuits.

## V.    THE COURT SHOULD EXCLUDE ALL REFERENCES TO DEFENDANT'S FINANCIAL STATUS, NET WORTH, AND PURPORTED INSOLVENCY UNTIL THE PUNITIVE DAMAGES PHASE

"It is clear that with respect to compensatory damages the wealth of either party has no bearing in law, and hence [] is not discoverable." *Rupert v Sellers*, 48 A.D.2d 265, 268 (4th Dep't 1975); *see also Dufresne v Duemler*, 108 A.D.2d 1102 (3d Dep't 1985) (same). Prior to the computation of punitive damages, evidence concerning a defendant's "net worth . . . or other aspects of [his] financial condition" is "not relevant and unduly prejudicial." *MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F.Supp.3d 558, 580 (S.D.N.Y. 2017); *see also McBeth v. Porges*, 2018 WL 5997918, at *3 (S.D.N.Y. Nov. 15, 2018) ("Evidence of individual wealth 'is generally inadmissible in trials not involving punitive damages'") (citation omitted).

Although Defendant resides in a lavish Bel Air mansion and has a lucrative professional relationship with Mariah Carey and other titans of his industry, *see* ECF No. 156 at 7-11 (Plaintiff's Memorandum of Law in Opposition to Defense Counsel's Motion to Withdraw), he pleads insolvency. But even crediting his claims, evidence relating to Defendant's financial woes could only be relevant *after* the jury determines that Plaintiff is entitled to punitive damages. Before then, this evidence only prejudices Plaintiff and confuses the issues by allowing Defendant to present

an impermissible basis for awarding fewer compensatory damages or returning a no liability

verdict: undue sympathy for Defendant's financial situation. *See Marshall v. Port Auth. of New*

*York and New Jersey*, 2022 WL 17491006, at *6 (S.D.N.Y. Dec. 5, 2022) ("[F]orcing [a party] to

offer evidence" of wealth and financial status "would cause prejudice[,]" "confuse the jury, and []

result in a waste of time").

Federal Rule of Civil Procedure 42(b) provides that the court may, "to avoid prejudice . . .

order a separate trial of one or more separate issues." Courts thus "bifurcat[e ] punitive damages

claim[s] and reserve[e] trial" on issues relating to defendants' financial status "until after a finding

on liability and compensatory damages." *Marshall*, 2022 WL 17491006, at *6; *see also Smith v.

*Lightning Bolt Prods., Inc.*, 861 F.2d 363, 373-74 (2d Cir. 1988). New York law likewise mandates

that evidence of defendants' wealth only come in after the jury determines that "[the] plaintiff is

entitled to punitive damages." *Rupert*, 48 A.D.2d at 272; *see also James D. Vollertsen Assocs. v*

*John T. Nothnagle, Inc.*, 48 A.D.2d 1007 (4th Dep't 1975) (same). The Court should therefore

exclude all references to Defendant's net worth or financial status until the jury determines that

Plaintiff is entitled to punitive damages. Even then the Court should only allow that evidence to

enter at that time if it is authenticated and substantiated.

## VI.    THE COURT SHOULD ADMIT EVIDENCE CONCERNING DEFENDANT'S OTHER WORKPLACE SEXUAL CONDUCT AND ASSOCIATIONS[3]

[3]        It is appropriate to admit evidence of Defendant's prior sexual misconduct and
simultaneously ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Indeed, in erecting a presumptive
barrier to admission of the ▮▮▮▮▮▮▮▮▮▮▮, *see* Fed. R. Evid. 412, while at the same
time lowering the evidentiary hurdles for admission of prior sexual assaults committed by
defendants, the Federal Rules recognize that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *see e.g.*, *Gowens v. Tidwell*, 2013 WL 2285446, at
*3 (E.D. Mich. May 23, 2013) ("[T]he distress of sexual assault is rooted in the violation of one's
body without consent and not in the number of sexual partners that a person has *chosen* by act of
free will") (emphasis in original), Defendant's prior misconduct is suggestive of his *modus*

In 2017, Defendant stepped down as CEO of Epic Records following allegations from an assistant—who had worked with him for just over a year—that he sexually harassed and retaliated against for turning down his advances, and Defendant's company, Sony, settled with the accuser. *See* Hannah Karp, *L.A. Reid's Epic Records Exit Followed Harassment Claim by Female Staffer*, HOLLYWOOD REPORTER, May 14, 2017, https://www.hollywoodreporter.com/news/music-news/music-exec-la-reids-epic-records-exit-followed-allegations-by-female-staffer-1003665/.

> Seeking a settlement, the lawyer alleged that Reid had harassed his client on a daily basis over the course of a year, humiliating her with inappropriate remarks about her appearance and icing her out when she rebuffed his advances. The letter also alleged that other high-ranking Epic executives knew about Reid&#8217;s supposed misconduct, with one of the assistant&#8217;s superiors warning her not to speak out. &#8220;Before you say anything more, think about what that means for you. Just think about what it means,&#8221; the executive allegedly told the assistant.

During his deposition Reid acknowledged that he was aware of the settlement though he did not pay it, *see* Exhibit 1 (L.A. Reid Deposition Transcript) at 289-91, the company paid instead and fired him. *See* Exhibit 2 (2016 Sony Settlement Agreement). Defendant denies the allegations.

Defendant was also accused of sexual harassment by his assistant, Kim Phan. *See* Ex. 3 (Karen Kwak Deposition Transcript) at 203-05. This led to an investigation where Kwak was questioned by HR at the label about the harassment of Kim Phan. *See id*. Defendant denies the allegations.

Cherub Moore an Arista artist has provided the following account:

"I was a signed solo artist on Arista Records in 2001-2002. I had a huge song that the label was excited to release because they thought it would be a big hit. They were slated to release my single and pressed up the vinyl [made physical copies of the album] to have everything shipped out to the DJ's when LA Reid accosted me at a Grammy party and told me I "owed him". He told my A&R at the time, Mark Pitts, that he wanted to sleep with me. I responded directly to him that night that I would not be sleeping with him. The **next day** they pulled the plug on my single, closed my budget and within a few months, dropped me from the label."

---

*operandi*. Moreover, Rule 415 confirms that Defendant's prior sexual misconduct can be used to suggest that he has a propensity to engage in such behavior. *See infra* at VI.B.

In a televised interview, Defendant's ex-wife Pebbles recounts an affair that the Defendant has with another artist, Chili, a young woman she considered a mentee of the pair when they were spouses and business partners at La Face records. *See e.g.*, Allison Takeda, *Pebbles Reid Claims TLC's Chilli Had an Affair With Ex-Husband L.A. Reid, Slams VH1 Biopic*, U.S. WEEKLY, Nov. 14, 2013, https://www.usmagazine.com/entertainment/news/pebbles-reid-claims-tlcs-chilli-had-an-affair-with-ex-husband-la-reid-slams-vh1-biopic-20131411/. On information and belief, there are also evidence of additional instances of Defendant having inappropriate sexual contact with subordinates throughout his career. *See* Ex. 3. at 206:19-207:04.

### A.  Evidence of Defendant's Non-Assault Harassment or Ostensibly Consensual Workplace Relationships is Admissible as it Establishes His *Modus Operandi*, and the Probative Value of This Evidence Outweighs Any Risk of Prejudice

Other wrongs or acts committed by a Defendant "may be admissible [to] prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Second Circuit takes an "inclusionary" approach to other acts evidence. *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (citation omitted). It allows such evidence to be admitted for any purpose other than to demonstrate propensity, so long as the evidence is relevant to some disputed issue at trial and satisfies Rule 403. *Id*.

Establishing *modus operandi* is a well-recognized proper purpose under Rule 404(b). *See United States v. Moye*, 793 F. App'x 19, 21 (2d Cir. 2019). A *modus operandi* exists where there are "characteristics" shared between the defendant's separate acts that "are sufficiently idiosyncratic to permit a fair inference of a pattern's existence." *United States v. Mohamed*, 148 F.Supp.3d 232, 240-41 (E.D.N.Y. 2015) (*quoting United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984)); *see also Boyce v. Weber*, 2021 WL 2821154, at *5 (S.D.N.Y. July 7, 2021) ("[T]he probative value of any particular Non-Party Accuser's testimony with respect to [the defendant's]

alleged *modus operandi* turns on the *similarity and temporal proximity between that witness's testimony and [the plaintiff's] allegations*") (emphasis added).

████████████████████████████████████████████████████████

████████████████████████████████████ Compl. at ¶¶39-41. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██. In each of the other act cases, Defendant likewise took advantage of female employees, used his position of authority to lure them into private areas (generally in or near the office) to either demand sexual favors from them or sexually assault them. *See Montanez v. City of Syracuse*, 2019 WL 4328872, at *4 (N.D.N.Y. Sept. 12, 2019) ("Given that [the defendant] disputes [the plaintiff's] assertion that he exposed himself and told [the plaintiff] to give him oral sex, evidence that [the defendant] made very similar advances on [a third party] during a call less than two years before, tends to make more probable the alleged fact that [the defendant] acted in the same manner with [the plaintiff].").

Just like Plaintiff, most of these accusers were unable to continue working with Defendant, as he retaliated against them to undermine their careers, forcing them to leave the companies, retain counsel, and enter settlement agreements with Defendant. So striking are the similarities in Defendant's conduct across these cases that, with the Epic Records accuser, Defendant made "inappropriate remarks about [the employee's] appearance and clothing and [made sexual] propositions that caused her embarrassment and distress, making it impossible for her to continue working at the label," *see* Hannah Karp, *L.A. Reid's Epic Records Exit Followed Harassment*

21

*Claim by Female Staffer*, Hollywood Reporter, May 14, 2017.
https://www.hollywoodreporter.com/news/music-news/music-exec-la-reids-epic-records-exit-followed-allegations-by-female-staffer-1003665/, ███████████████████████████████

███████████████████████ That even these more granular aspects of Defendant's strategy of predation are similar across different women is highly probative of his *modus operandi*. *See Boyce*, 2021 WL 2821154, at *5 (there was sufficient evidence of a *modus operandi* when there were multiple similarities across the defendant's cases of sexual assault, such as making his victims engage in "breathing exercises" and suggesting that they would have more successful careers if they had "fewer inhibitions").

Even if Defendant's sexual relationships with any of these women was at any point in time consensual, and not a function of power asymmetry, this demonstrates Defendant's *modus operandi* of having sexual intercourse in the office with employees and using his authority to demand sexual favors from them. *See Alaniz v. Zamora-Quezada*, 591 F.3d 761, 774-75 (5th Cir. 2009) ("Evidence that [the defendant] harassed other parties was admissible for purposes other than 'propensity.' At trial, the Appellees' portrayed [the defendant] as an intimidating boss with a particular *modus operandi* in making sexual overtures to female subordinates.")

Beyond these similarities, each of the cases described above, save the Epic Records case, occurred contemporaneously with or soon after Plaintiff's time at Arista. *See id*. (non-party accusations probative as *modus operandi* evidence because "the events described by the[] six witnesses allegedly occurred between 2008 and 2011, only a few years before the conduct alleged by [the plaintiff]").[4]

---

[4]    *See infra* at VI.B. for balancing of the probative value of the evidence of Defendant's other sexual acts with the claimed prejudicial effects.

**B.    Evidence Relating to Defendant's Sexual Assaults of Subordinates is Admissible Under Federal Rule of Evidence 415**

Rule 415 provides that, "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault … the court may admit evidence that the party committed any other sexual assault." Such evidence "may be considered on any matter to which it is relevant," including a defendant's "propensity to commit the alleged acts," creating an exception to the common law's general prohibition on the use of propensity evidence. *Boyce v. Weber*, 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) (citing *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018)). In creating that exception, Congress "considered knowledge that the defendant has committed [sexual assault] on other occasions to be critical in assessing the relative plausibility of sexual assault claims and accurately deciding cases." *Id*. at *8 (quoting *United States v. Schaffer*, 851 F.3d 166, 178 (2d Cir. 2017)). "The district court may [therefore] admit evidence of other sexual assaults under Rule 415 when: (1) the civil case before it involves a claim for relief based on a party's alleged sexual assault; (2) the court determines that a jury could reasonably find by a preponderance of the evidence that the party committed the other sexual assault (as defined by Rule 413); and (3) applying Rule 403, the court further determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Carroll v. Trump*, 124 F.4th 140, 156 (2d Cir. 2024).

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████. *See* Compl. at ¶¶ 79-82. Plaintiff's claims for false imprisonment and intentional infliction of emotional distress arise from this same sexual assault. *See Boyce*, 2021 WL 2821154, at *9 (the relevant question is "whether an alleged sexual assault constitutes a factual premise of the plaintiff's claim"); *United States v. Barnason*, 852 F.Supp.2d 367, 373 (S.D.N.Y. 2012) (admitting

Rule 415 evidence in connection with Fair Housing Act claim); *Carroll v. Trump*, 660 F.Supp.3d 196, 201 (S.D.N.Y. 2023) (defamation claim which turned on whether the defendant was lying about having sexually assaulted the plaintiff was "based on [] party's alleged sexual assault").

Rule 413 defines sexual assault as "contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus."; or "contact, without consent, between the defendant's genitals or anus and any part of another person's body." F.R.E. 413(d)(2)(3). There will be testimony at trial that Defendant's conduct with respect to the non-party accusers rose to that level. Evasion and stonewalling by Defendant and witnesses, *see e.g.*, Ex 3. at 203:01-207:20, and the confidentiality of settlements with certain accusers, contributes to a lack of clarity about the precise nature of Defendant's conduct.

However, the Court "need not itself find by a preponderance of the evidence that the other assaults occurred. Instead, the court must 'ask whether a jury could reasonably make such a finding.'" *Carroll*, 124 F.4th at 156 (citing *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 152 (3rd Cir. 2002)); *Eckhart v. Fox News Network, LLC*, 2025 WL 786536, at *13 (S.D.N.Y. March 12, 2025) (other sexual act evidence admissible when a "reasonable jury could believe those accounts and infer that [the defendant] engaged in similar misconduct with [the plaintiff]"). Moreover, even if in any individual case the Defendant did not successfully come into "contact with particular parts of [his victim's] anatomy . . . evidence is nevertheless admissible that tends to show [that the D]efendant's 'ultimate goal' was to 'bring his hands or other parts of his anatomy in contact with' the [victim's] genitals and/or anus." *Doe v. Gooding*, 2023 WL 3805836, at *1 (S.D.N.Y. June 2, 2023) (citation omitted).

Finally, as noted, *supra* at VI.A., the probative value of evidence of Defendant's other sexual acts substantially outweighs the risk of prejudice, especially as the "Second Circuit has held

that Rule 403 should be applied less rigorously in evaluating Rule 415 evidence to avoid Rule 403 from precluding evidence Congress intended to make admissible." *Barnason*, 852 F.Supp.2d at 376. Indeed, the "*presumption* is that [] evidence admissible pursuant to [Rules 413–15] is [] relevant and probative, and . . . not outweighed by any risk of prejudice.'" *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) (citation omitted) (emphasis added).

Any risk of unfair prejudice to Defendant is remote since the conduct that the accusers allege that Defendant committed is not "any more sensational or disturbing" than the conduct alleged by Plaintiff. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *see also United States v. Graham*, 2015 WL 6161292, at *4 (S.D.N.Y Oct. 20, 2015) (probative value of testimony about the defendant's participation in other prostitution activities was no more sensational or disturbing than the charged sex trafficking crime).

As for confusing the issues, "[j]urors are frequently called upon to keep track of multiple events and people." *Boyce*, 2021 WL 2821154, at *6. Moreover, admitting references to the accounts of other accusers—one of whom is already testifying—is not needlessly cumulative. *See id*. at *5 (admitting the testimony of six nonparty accusers of sexual assault under Rule 404(b)). The Court should therefore admit the evidence described above pursuant to Rule 415.

## VII. FOR THE REASONS STATED IN THE ADVERSE INFERENCE MOTION PLAINTIFF SHOULD BE PERMITTED TO ADMIT EVIDENCE OF DEFENDANT'S SPOLIATION OF EVIDENCE

In a letter motion sent to the Court, Plaintiff outlined how Defendant has spoliated evidence, despite repeated requests from Plaintiff to preserve such evidence. *See* ECF No. 174 (Letter Motion for Leave to File Motion for Adverse Inference). Plaintiff should thus be permitted to reference Defendant's spoliation, and the resultant adverse inference.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the foregoing motion *in limine* and exclude the evidence described above from the trial of this matter, and admit the evidence described above in the trial of this matter.

Dated: New York, New York
      July 21, 2025

BOIES SCHILLER FLEXNER LLP

*/s/ Kenya K. Davis*

Kenya K. Davis (NY Bar #4162483)
BOIES SCHILLER FLEXNER LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-9608
kdavis@bsfllp.com

Sigrid S. McCawley (NY Bar # 6051460)
Daniel J. Crispino (*pro hac vice*)
Amber Stewart (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com
dcrispino@bsfllp.com
astewart@bsfllp.com

*Counsel for Plaintiff Drew Dixon*

## <u>CERTIFICATE OF MEET AND CONFER</u>

Pursuant to the Court's Individual Rule and Practice in Civil Cases 8(G), undersigned counsel conferred with opposing counsel, Gregory P. Korn, before filing Plaintiff's Motions in Limine. Opposing counsel do not consent to any of Plaintiff's Motions in Limine.