# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

DREW DIXON,

               Plaintiff,

v.

ANTONIO MARQUIS "L.A." REID,

               Defendant.

_____ /

Case No. 1:23-cv-09878-VEC

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

**PUBLIC REDACTED VERSION**

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

## TABLE OF CONTENTS

Page

I.     EVIDENCE OF ███████████████████████████ IS
       PLAINLY ADMISSIBLE ...................................................................5

       A.   Dixon's Consent, Or Lack Thereof, Is The Central Issue On Her Claims ............5

       B.   The Court Must Admit ███████████████ ...................................6

II.    ███████████████████████████████████████████
       ████████████████████████████████████████████████

III.   ████████████████████████████████████
       ████████████████████████████████████████

IV.    THE COURT MUST ADMIT DIXON'S MEMOIRS, WHICH CONTAIN
       INNUMERABLE EXCULPATORY ADMISSIONS.......................................13

       A.   The Motion Should Be Denied As Impermissibly Vague ...................................13

       B.   The Motion Is Meritless, Because The Memoirs Are Replete With
            Exculpatory Admissions ...................................................................14

            1.   ████████████████████████████████

            2.   ████████████████████████████████

            3.   ████████████████████████████████

            4.   The Above-Described Examples Are Only Examples..............................16

       C.   The Memoirs Are Not Inadmissible Under Fed. R. Evid. 403 Or 412 .................17

V.     OTHER PENDING LAWSUITS ...................................................................17

VI.    REID STIPULATES THAT EVIDENCE OF HIS FINANCIAL STATUS AND
       INSOLVENCY IS INADMISSIBLE IN THE FIRST PHASE OF THE TRIAL ............17

VII.   THE COURT SHOULD EXCLUDE EVIDENCE CONCERNING REID'S
       "OTHER WORKPLACE CONDUCT AND ASSOCIATIONS"...................................18

       A.   Evidence of Reid's Alleged Non-Assault Harassment or Consensual
            Relationships is Inadmissible and Prejudicial Character Evidence ......................18

       B.   Dixon Has Failed to Proffer Any Evidence That is Even Potentially
            Admissible under Federal Rule of Evidence 415 ...................................21

       C.   Federal Rule of Evidence 403 Precludes Any Evidence Concerning Reid's
            Other Workplace Sexual Conduct and Associations ...........................21

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alaniz v. Zamora-Quezada,*
591 F.3d 761 (5th Cir. 2009) .................................................................19

*Alden v. Time Warner, Inc.,*
1995 WL 679238 (S.D.N.Y. Nov. 14, 1995) ...................................................10, 12

*Bridges v. Eastman Kodak Co.,*
850 F.Supp. 216 (S.D.N.Y. 1994).....................................................9, 10, 11

*Cook v. Greyhound Lines, Inc.,*
847 F. Supp. 725 (D. Minn. 1994)..............................................................7

*Jean-Laurent v. Hennessy,*
840 F. Supp. 2d 529 (E.D.N.Y. 2011) ................................................13

*Lowe v. Philadelphia Newspapers Inc.,*
101 F.R.D. 296 (E.D. Pa. 1983)....................................................9, 10, 11

*Montanez v. City of Syracuse,*
2019 WL 4328872 (N.D.N.Y. Sept. 12, 2019)...............................................19, 20

*People v. Parbhu,*
191 743 N.Y.S.2d 660 (Crim. Ct. 2002) ......................................................6

*United States v. Helbrans,*
2021 WL 4778525 (S.D.N.Y. Oct. 12, 2021) ....................................................5

*United States v. LaFlam,*
369 F.3d 153 (2d Cir. 2004)....................................................................18

*Viada v. Osaka Health Spa, Inc.,*
2005 WL 3435111 (S.D.N.Y. Dec. 12, 2005) ......................................................13

**Statutes**

N.Y. C.P.L.R. § 214-j ....................................................................... *passim*

N.Y. Penal Law § 130.05..........................................................................5, 6

**Rules**

Fed. R. Evid. 403 ..............................................................................18, 21, 22

Fed. R. Evid. 404 ..............................................................................19, 20

Fed. R. Evid. 412 ..................................................................................................7, 8, 12

Fed. R. Evid. 415 ..............................................................................................................21

**Miscellaneous**

Cambridge Advanced Learner's Dictionary ........................................................................19

New York City's Gender-Motivated Violence Act ............................................................15

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

Defendant Antonio Marquis "L.A." Reid ("Reid") submits this opposition to the Motions *In Limine* filed by Plaintiff Drew Dixon ("Dixon").

## I.  **EVIDENCE OF** ███████████████████████████████ **IS PLAINLY ADMISSIBLE**

Dixon makes an astonishing request that the Court exclude any evidence and argument that ██████████████████████████████████████████████████████████████ ████████████████████████████████████████████ (*See* Mot. at pp. 6-10.) In support of this outrageous argument, Dixon cites **sexual harassment** cases which have no bearing on the issues here. Dixon is essentially asking the Court to summarily adjudicate the issue of consent, which is among **the central issues** that the jury must determine in deciding whether Reid can be held liable pursuant to the Adult Survivor's Act ("ASA").

### A.  **Dixon's Consent, Or Lack Thereof, Is The Central Issue On Her Claims**

The ASA states that it revives "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct **which would constitute a sexual offense** as defined in article one hundred thirty of the penal law …." N.Y. C.P.L.R. § 214-j (emphasis added). To constitute a "sexual offense" under Article 130 so as to revive claims under the ASA, the conduct must be **non-consensual**. In that regard, the "New York Penal Code states that '[w]hether or not specifically stated, it is an element of every offense defined in [Article 130] that the sexual act was committed **without consent of the victim**.'" *United States v. Helbrans*, 2021 WL 4778525, at *32 (S.D.N.Y. Oct. 12, 2021) (quoting N.Y. Penal Law § 130.05(1)) (emphasis added).

Moreover, it is express in Article 130 that such consent may be "implied." Article 130.05(2) states that "[l]ack of consent results from (a) Forcible compulsion; or (b) Incapacity to

consent; or (c) Where the offense charged is sexual abuse or forcible touching, any

circumstances, in addition to forcible compulsion or incapacity to consent, ***in which the victim***

***does not expressly or impliedly acquiesce*** in the actor's conduct ….” N.Y. Penal Law §

130.05(2) (emphasis added). New York courts have recognized hat under Article 130.05(2)(c),

“lack of consent may be established by any surrounding circumstances which indicate that the

victim does not expressly or impliedly acquiesce in the actor's conduct.” *People v. Parbhu*, 191

743 N.Y.S.2d 660, 664 (Crim. Ct. 2002). ***But the converse is also true***. A jury can consider the

surrounding circumstances to determine whether Dixon “impliedly acquiesce[d]” in any alleged

conduct by Reid, such that there is consent for purposes of Article 130.05.

**B.    The Court Must Admit** ██████████████████████

There are three particularly compelling pieces of evidence in this case supporting that

███████████████████████████████████████████████, such that she cannot

establish a sexual offense under Article 130 and cannot prevail:

First, Dixon produced an audio recording of herself in conversation with several other

persons, where she spoke █████████████████████. The recording has been

designated as Defendant's Trial Exhibit 46. In this audio recording, Dixon admits ███████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ The audio recording is manifestly

relevant and admissible. It is a candid admission by Dixon that ████████████████████

████████████████████████████████████, such that there is

***no*** “lack of consent” under Penal Law section 130.05(2), and any claims fail under the ASA.

Second, Dixon's proffered expert on sexual abuse, Dr. Chitra Raghavan, recorded in her

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

notes of interviews with Dixon that ████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████.[1] Manifestly, ███████████████████████ is direct evidence that she

████████████████████████████████████████████████████████████████

███████████████████████████████████████████.

 Third, as referenced in the Dixon's motion, she has written in memoirs about █████████

██████████████████████████████. Again, this admission that Dixon ████████████████████

████████████ is evidence that she ██████████████████████████████ occurring during

these encounters.

 Dixon's assertion that this evidence is excludable under Federal Rule of Evidence 412,

and her citation to *Cook v. Greyhound Lines, Inc.*, 847 F. Supp. 725, 737 (D. Minn. 1994), are

misplaced and frivolous. Rule 412 states that, subject to certain exceptions (discussed below), a

Court should not admit (1) evidence offered to prove that a victim engaged in ***other*** sexual

behavior; or (2) evidence offered to prove a victim's ***sexual predisposition*** ." (Emphasis added.)

But ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

 Moreover, even if Rule 412 applied—which it does not—it contains an express exception

for civil cases, stating: "In a civil case, the court may admit evidence offered to prove a victim's

sexual behavior or sexual predisposition if its probative value substantially outweighs the danger

---

  [1] Needless to say, Dixon's statement to Dr. Raghavan is admissible notwithstanding the hearsay rule as a party admission.

of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). Needless to

say, ███████████████████████████████████████████████████████████

██████████ are overwhelmingly probative and not unfairly prejudicial, where the entire issue

to be decided is whether the conduct occurred and, if so, whether it was consensual.

Finally, Dixon's numerous citations to **sexual harassment** cases are entirely off-point.

This is not a hostile work environment case. It is a case asserting sexual assault and battery

pursuant to the ASA, where "lack of consent" is an *element* of Dixon's required showing. The

Court should deny the motion and admit all evidence of ████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████

Dixon moves under Federal Rule of Evidence 412 to exclude evidence that she was

sexually assaulted by her former boss, Russell Simmons, ████████████████████████

██████. (*See* Motion at pp. 3-6.) Dixon also moves to exclude evidence that ████████████

███████████████████████. The requests are legally baseless and should be rejected.

Dixon is asserting a claim in this case for emotional distress damages. (*See*, *e.g.*, Compl.

¶ 97 ("As a direct and proximate result of the aforementioned gender-motivated violence, Ms.

Dixon has sustained in the past and will continue to sustain, monetary damages, physical injury,

pain and suffering, **and serious psychological and emotional distress**, entitling her to an award

of compensatory damages."). In addition to seeking general compensatory damages with regard

to this alleged emotional distress, Dixon is also seeking ██████████████████████████

███████████████████████████████████████████████████████

██████████████. These purported damages have been quantified by her proffered expert, Dr.

Raghavan.

It is black letter law than when a plaintiff claims emotional distress—including as the result of sexual misconduct—the defense is entitled to inquire into and present evidence of other potential causes of the distress. *See, e.g., Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 223 (S.D.N.Y. 1994) ("Moreover, since plaintiffs seek to prove that they have suffered emotional distress as a result of the sexual harassment through their testimony and the testimony of their therapists, defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related.") (citing *Lowe v. Philadelphia Newspapers Inc.*, 101 F.R.D. 296, 298 (E.D. Pa. 1983)).

In *Lowe*, which *Bridges* cited and relied on, the district court recognized that the right to a fair trial demands that a defendant have an opportunity to show other causes of claimed emotional distress, even if this may have a chilling effect on the filing of claims, stating:

> The difficulty with plaintiff's contentions is that she is the person asserting that she has suffered severe physical and emotional distress and harm, and seeks to prove this through her own testimony and that of physicians and psychiatrists …. Defense counsel, therefore, has a clear right to make a searching inquiry into plaintiff's past for the purpose, among others, of showing that her emotional and physical distress was caused, at least in part, if not in whole, by events and circumstances that were in no way "job related." ***At trial, if she contends that she has suffered emotional distress, clearly defendant is entitled to present evidence that other stressful situations in her past personal history have contributed to her emotional distress***.

101 F.R.D. at 298 (emphasis added). The court in *Lowe* rejected that the potential chilling effect of this rule was cause to disallow the defendant from pursuing other potential causes of the distress:

> Plaintiff's counsel argues that to allow broad searching discovery into a claimant's personal history will discourage claimants with worthy causes from filing actions for discrimination. Plaintiff contends that the defendant has caused plaintiff personal injury by way of emotional distress so severe as to require psychiatric care for which compensatory and punitive damages are sought. The right of

privacy as to plaintiff's personal history that a plaintiff may otherwise have **must be balanced against the defendant's right to a fair trial**.

*Id.* (emphasis added).

Consistent with *Bridges* and *Lowe*, New York district courts have repeatedly recognized the relevance and admissibility of ██████████████████████████████ ████████████████████████████. In *Alden v. Time Warner, Inc.*, 1995 WL 679238 *2 (S.D.N.Y. Nov. 14, 1995), for example, the court held that "[b]y seeking $2 million in damages for emotional distress allegedly caused by the defendant, Mr. Alden has clearly placed his emotional health at issue in this case." The court held that the assertion of this claim permitted the defendant to inquire into the plaintiff's therapy sessions with a marriage counselor, because "[m]arital difficulties significant enough to prompt counseling are likely to have been an independent cause of emotional distress," as well as the plaintiff's alcohol and substance abuse, because "drug and alcohol abuse surely contribute to emotional distress." *Id.* at *2-3.

Here, the particular evidence that Dixon seeks to exclude is ███████████████ ██████████████████████████████████████████████████ ████████████████. As detailed in her Complaint, in her memoirs, and in an HBO documentary entitled *On The Record*, Dixon contends that she was violently raped by music mogul Russell Simmons **in 1997**. This was just a few years before the alleged incidents with Reid in 2001, and was even more severe in nature than the allegations that have been made against Reid. Dixon has further written extensively in her personal writings—including a memoir that she has sent to numerous third parties and tried to publish—about ████████████ ██████████████████████████████████████████. Additionally, in sessions with her former treating therapist, Dr. Valerie Bryant, who will testify in this case, Dixon contends ███████████████████████████████████████ █████████████████████████████████████████

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

███████████████████████████████████████████████████████████

████████████████████████████████████████████.

    Moreover, the Court must allow Reid and his counsel to introduce ████████████████████

████████████ as part of the cross-examination of Dr. Ragahavan (assuming Dr. Raghavan is

permitted to testify, which she should not be). Dr. Raghavan intends to render an opinion at trial

that █████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████. For all the

reasons discussed in Reid's *Daubert* motion, Dr. Raghavan's testimony must be excluded. But in

either case, whether the testimony is excluded as it should be or not, the mere fact that Dixon

would elicit opinion testimony ████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████ It is

outrageous for Dixon and her counsel to suggest to this Court that they can present opinion

testimony, and argue to the jury, that ██████████████████████████████████

████████████████████████████████████████

██████ *See Lowe*, 101 F.R.D. at 298 ("[C]ounsel has the right to inquire fully into matters taken

into consideration by Dr. Speck in reaching his conclusions as to plaintiff's emotional distress.");

*Bridges*, 850 F. Supp. At 223 ("[S]ince plaintiffs seek to prove that they have suffered emotional

distress as a result of the sexual harassment through their testimony and the testimony of their

therapists, defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing

that their emotional distress was caused at least in part by events and circumstances that were not

job related. [Citation]. ***Indeed, as far as the testimony of their therapists is concerned,***

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

***defendants must be allowed to inquire into all relevant information upon which the therapists'***

***opinions is based***, not necessarily only information directly related to their employment.”).

Dixon's reliance on Federal Rule of Evidence 412 is once again misplaced. Reid would

not be introducing evidence ███████████████████████████████████

██████████ and so Rule 412 is inapposite. The evidence is relevant, rather, to ████████

███████████████████████████████████ Even if Rule 412

applied, which it does not, the exception in Rule 412(b) would surely require that the Court

permit Reid to introduce ████████████████████████ .

████████████████████████████████████████████████████

█████████████████████████

Dixon asks the Court to “exclude ████████████████████

████████████████████████████████████ (Mot. at 15.)

The request fails to specify with sufficient particularity what evidence is sought to be excluded ,

and on that basis alone the request should be denied.

Further, for all the reasons stated above, Dixon's request is meritless. ██████████

████████████████████████████████████████████

████████████████████████████ Obviously, ██

██████████ would be a potential cause of emotional distress, and is admissible to

rebut Dixon's claim that Reid (and Reid alone) is the cause of her damages.

Likewise, ████████████████████████████ are admissible for

this purpose. Dixon's writings detail, for example, ██████████████████████

████████████████████ . Manifestly, ██████████████ is a

potential cause of emotional distress and is relevant. ██████████████████

██████████████████████████

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

IV.   **THE COURT MUST ADMIT DIXON'S MEMOIRS, WHICH CONTAIN INNUMERABLE EXCULPATORY ADMISSIONS**

At pages 10 *et seq.* of the Motion, Dixon seeks a blanket order excluding "all references to Plaintiff's unfinished memoir drafts," comprising hundreds of pages of writings with compelling admissions by Dixon on numerous relevant topics (as discussed more below). Dixon makes this grossly-overreaching request based on an assertion that ***certain portions*** of the memoirs—including those referencing ██████████████████—are irrelevant or prejudicial. The request is baseless and should be denied on several grounds.

A.   **The Motion Should Be Denied As Impermissibly Vague**

To start, the Court must deny the motion as impermissibly vague. Dixon did not submit the portions of the memoirs that she seeks to exclude, much less the entirety of the ***hundreds*** of pages of draft memoirs she has written and that she seeks to exclude. The Court has no ability, therefore, to review the documents and determine whether there are any grounds for admission. On that basis alone, the request to exclude the memoirs must be denied. *See Viada v. Osaka Health Spa, Inc.*, 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005) ("In the case at bar, the motions in limine made by the two defendants identified above are vague in that they do not specify the writings or potential testimony that the movants believe should be excluded from the trial of this action. As a result, the Court is unable to determine, with any degree of certainty, whether the writings and testimony sought to be excluded from the trial would be inadmissible under any of the provisions of the Federal Rules of Evidence. Therefore, the respective motions in limine are denied."); *see also Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011) (denying without prejudice motion in limine to exclude evidence of prior lawsuits where "defendants have provided no information about the prior lawsuits upon which the court may base its judgment").

**B.      The Motion Is Meritless, Because The Memoirs Are Replete With**

**Exculpatory Admissions**

Most importantly, the motion to exclude the entirety of the memoirs must be denied because the documents are replete with compelling, exculpatory admissions that constitute some of the most important evidence in the case. Below are just a few examples that illustrate the importance of the memoirs to Reid's defense.

███████████████████████████████████████

Dixon alleges in the Complaint that Reid first assaulted her while on a private flight to a company retreat in Puerto Rico. In deposition, Dixon purported to describe ██████████ ████████████████████████████████████████████████.

However, Dixon not only told her personal therapist, in therapy sessions before this case was filed, ███████████████████████████████████████

██████████████████████████

████████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████

██████████████████████████████

█████████████████████████

██████████████████████████

███████████████████████████

██████████████████████████

██████████████████████████████

██████████████████████████

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

███████████

(Declaration of Gregory Korn, Ex. 1 [Excerpt of DIXON00007473 at 7480 to 7482].)

The significance of this admission needs no explanation, but stated succinctly, Dixon's own words are compelling evidence that ████████████████████████████████ ████████████████████████████████████ ██████████████████████████████████████ ████████████████████ ██████████████████████████████

In this case, Dixon alleges that Reid violently penetrated her, and asserts a claim for violation of New York City's Gender-Motivated Violence Act. But in her memoirs, Dixon wrote ██████████████████████: █████████████████████████████ █████████████████████████████ █████████████████████████████ █████████

(Korn Decl. Ex. 1 (DIXON00007480).)

This is consistent with Dixon's admissions during interviews, on at least two other occasions, that ████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████ █████████████████████████ (Korn Decl. Ex. 2 (DIXON00000865).)

Dixon's admission that ███████████████ clearly contradicts her claims and is relevant and admissible.



Additionally, Dixon's memoirs contain innumerable examples where in a single sentence, Dixon was careful to ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ These statements are likewise compelling evidence that whatever occurred with Reid, it was ***not*** a physical assault as Dixon now asserts in order to pursue claims under the ASA.

### 4.    The Above-Described Examples Are Only Examples

The foregoing is anything but an exhaustive discussion of the countless relevant, admissible statements in Dixon's memoirs. For example, the memoirs also contain detailed discussions of ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████. For the reasons discussed above, these portions of the memoirs would be admissible to counter Dixon's claim for emotional distress damages, and to cross-examine Dr. Raghavan's testimony (if she is allowed to testify).



As the motion references, the memoirs contain discussions of ████████████████ ████████████████████████████████████████ ████████████████████████████ These statements are directly relevant to the damages opinions rendered by Dixon's proffered experts, Michael Selverne and Marc Plotkin, ████████████████████████████████████████ ████████████. The testimony of Selverne and Plotkin should be excluded for the reasons discussed in Reid's *Daubert* motions; but if it is not, these statements by Dixon are clearly

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

relevant to undermining her experts' damages calculations.

Put simply, Dixon's request for a blanket order excluding the entirety of the memoirs from the trial, and preventing Reid from relying on Dixon's clearly exculpatory admissions, is not just meritless but also an outrageous attempt to rig the trial in her favor.

### C.    The Memoirs Are Not Inadmissible Under Fed. R. Evid. 403 Or 412

Dixon's argument that the memoirs should be excluded—because of the references therein to the ███████████████████████████████████████████████ ████████████████—fails for the reasons discussed above. These incidents and conditions are plainly relevant to Dixon's claim for emotional distress damages.

## V.    OTHER PENDING LAWSUITS

Reid does not intend to reference Dixon's lawsuit against Simmons, but the facts underlying the lawsuit are relevant for the reasons discussed above and should not be excluded.

## VI.    REID STIPULATES THAT EVIDENCE OF HIS FINANCIAL STATUS AND INSOLVENCY IS INADMISSIBLE IN THE FIRST PHASE OF THE TRIAL

Dixon argues that evidence of Reid's financial status and insolvency is not relevant unless and until a finding is made that Dixon is entitled to punitive damages, and thus should be excluded. (*See* Mot. at pp. 17-18.) Ironically, less than a week before the filing of this opposition, Dixon's lead counsel, during a telephonic hearing with the Court, refused to stipulate to a bifurcated trial and ask for an opportunity to brief why evidence of Reid's financial status *should* be admitted in a first phase of the trial.

Dixon's counsel is playing both sides here. Reid agrees with Dixon's statement of the law and issues in pages 17-18 of the Motion. Reid's financial status is irrelevant, and any and all evidence or argument about his financial status during an initial phase of the trial—including any attempts to impeach Reid on this collateral matter—should be prohibited unless and until there is

a finding of an entitlement to punitive damages.

## VII.    THE COURT SHOULD EXCLUDE EVIDENCE CONCERNING REID'S "OTHER WORKPLACE CONDUCT AND ASSOCIATIONS"

By her Motion, Dixon seeks to admit various unspecified evidence concerning what she describes as Reid's other workplace sexual conduct and associations. There is no basis for admitting such evidence and doing so would create a substantial risk of unfair prejudice, of confusing and misleading the jury, and of undue delay. Accordingly, the evidence should be excluded. Because Dixon's Motion distinguishes between purported evidence of non-assault conduct and purported evidence of assault, Reid organizes his response using the same categories of evidence.

### A.    Evidence of Reid's Alleged Non-Assault Harassment or Consensual Relationships is Inadmissible and Prejudicial Character Evidence

As Dixon concedes in her Motion, it is well settled that evidence of other allegedly wrongful acts committed by a defendant *cannot* be admitted to demonstrate a defendant's propensity to commit a particular act. (*See* Motion at 20, citing *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004).) Nor can it be admitted (even if it is relevant to a disputed issue at trial) if "its probative value is substantially outweighed by a danger of  . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Despite this clear rule, Dixon asks the Court for advance permission to introduce unspecified evidence[2] of what she characterizes as Reid's "non-assault harassment or ostensibly

---

[2] Much of the "evidence" covered by Dixon's request is unsubstantiated allegations for which Dixon cites to online articles or alleges based on "information and belief." Motion at 19-20. Moreover, the deposition testimony cited as support for Dixon's information and belief that there is "evidence of additional instances of Defendant having inappropriate sexual contact with

consensual workplace relationships." Motion at 19-20. There is no question that Dixon seeks to introduce such evidence for the *improper* purpose of trying to prove that Reid possesses certain character traits and that that he "acted in accordance with [that] character" in his dealings with Dixon. *See* Fed. R. Evid. 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.") Accordingly, the evidence should be excluded. *See Alaniz v. Zamora-Quezada*, 591 F.3d 761, 774 (5th Cir. 2009) ("The Federal Rules of Evidence do not allow the introduction of 'character evidence' – evidence of other 'crimes, wrongs, or acts' – 'to show conformity therewith.'")

Realizing she cannot disclose her actual (and improper) motive for introducing the evidence, Dixon attempts to persuade the Court that the evidence is admissible to establish Reid's purported *modus operandi*. The evidence, however, does not even come close to establishing a pattern of behavior and thus is not admissible under Federal Rule of Evidence 404(b)(2). Evidence of prior acts is only probative of a *modus operandi* where characteristics of the various acts "are sufficiently idiosyncratic to permit a fair inference of a pattern's existence."[3] Motion at 20. *See also Montanez v. City of Syracuse*, 2019 WL 4328872, * 4 (N.D.N.Y. Sept. 12, 2019) ("[T]o warrant admission as evidence of a pattern of relevant conduct, the evidence must 'share 'unusual characteristics' with the act charged or represent a 'unique scheme.'"").

---

subordinates throughout his career" does not in any way establish that such instances occurred. Motion at 20, citing Ex. 3 at 206:19-207:4. The deposition testimony consists of Dixon's counsel asking a third-party witness if she is aware of *allegations* against Reid and the witness denying any knowledge or recollection of such allegations. Ex. 3 at 206:19-207:4.

[3] The Cambridge Advanced Learner's Dictionary & Thesaurus defines "idiosyncratic" as "having strange or unusual habits, ways of behaving, or features."

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

Here, Dixon fails to identify *any unusual or distinctive similarities* between the conduct at issue here and the other purported acts of misconduct, much less unexpected or uncommon similarities sufficient to show a unique scheme by Reid. *See e.g., Montanez*, 2019 WL 4328872, * 4 (finding that accounts of prior alleged sexual misconduct and misconduct at issue were "not 'so nearly identical in method . . . to ear-mark [it] as [his] handiwork."). Dixon relies on two purported similarities: (1) Reid purportedly luring female employees "into private areas (generally in or near the office) to either demand sexual favors from them or sexually assault them" and (2) Reid making "inappropriate remarks about [the employee's] appearance and clothing" and propositions that caused the employees "embarrassment and distress."  Motion at 21. Putting aside the fact that Dixon fails to identify any other instances in which Reid has "lur[ed] other women into private areas" and only identifies one allegation of Reid making comments about a woman's appearance, the "similarities" identified by Dixon are in no way unusual or distinctive, much less representative of a "unique scheme." To the contrary, the "similarities" describe behavior that would be ordinary, common, or expected in instances of sexual harassment.

Dixon's argument that the instances of other conduct establish a *modus operandi* also fails because the alleged other conduct is dissimilar to and not close in time to the conduct at issue in this case. As Dixon concedes, some of the instances of prior conduct are consensual sexual relationships (e.g.., the purported affair with the artist Chilli) that occurred years prior to the conduct at issue here. Motion at 20, 22. A consensual affair is quite distinct from a sexual assault. Moreover, certain of the alleged acts (e.g., the purported harassment of Reid's assistant) took place more than a decade (in 2016) after the purported assault of Dixon in 2001.

In sum, the claimed evidence of other prior acts of "non-assault harassment or ostensibly consensual workplace relationships" is not admissible under Federal Rule of Evidence 404(b)(2)

20

and should be excluded. However, if the Court is unwilling to exclude such evidence at this time, the Court should defer on ruling on the admissibility of such evidence until the scope and nature of the evidence is more clearly defined.

**B.      Dixon Has Failed to Proffer Any Evidence That is Even Potentially Admissible under Federal Rule of Evidence 415**

In her Motion, Dixon argues that evidence relating to "Reid's sexual assaults of subordinates" should be admitted at trial pursuant to Federal Rule of Evidence 415. However, Dixon fails to cite a single piece of evidence of a purported assault; instead representing (without any citations to evidence) that "[t]here will be testimony at trial that Defendant's conduct with respect to the non-party accusers rose to [the] level [of sexual assault]." Putting aside the impropriety of Dixon making such a serious allegation against Reid without citing any evidence, Dixon's tactics demonstrate the absurdity of her request.

The authorities cited by Dixon make clear that, prior to admitting evidence of "other sexual assaults" under Federal Rule of Evidence 415, the court must, among other things, "determine that a jury could reasonably find by a preponderance of evidence that the party *committed* the other sexual assault (as defined by Rule 413)." Motion at 23 (emphasis added). Because Dixon fails to cite any evidence suggesting that such a prior assault took place, there is absolutely no basis upon which this Court can make such a finding. Accordingly, Dixon's motion for the admission of such evidence must be denied.

**C.      Federal Rule of Evidence 403 Precludes Any Evidence Concerning Reid's Other Workplace Sexual Conduct and Associations**

Even if Dixon could articulate some basis by which evidence of Reid's other conduct is marginally relevant to the claims alleged herein (it is not), such evidence should still be excluded under Federal Rule of Evidence 403. Pursuant to Rule 403:

> The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Here, permitting evidence of Reid's purported acts would create a substantial danger of unfair prejudice and of misleading the jury. The evidence will focus the jury on extraneous facts that place Reid in a bad light for the purpose of diverting the jury's attention from the facts of this case and prejudicing the jurors against Reid. Allowing the jury to hear evidence of unproven allegations of other purported misconduct would invite the jury to punish Reid in this litigation for ***unproven*** allegations, including an allegation that was lodged against Reid a decade after the alleged incident involving Dixon. Where evidence has the likelihood of inflaming the emotions of the jury and motivating them to act to punish or reward one side rather than logically evaluate the evidence, the introduction of such evidence is unfairly prejudicial.

Moreover, if Dixon is permitted to introduce allegations regarding the other purported acts, such evidence would confuse the jury, cause undue delay, waste time and lead to the needless presentation of evidence. Dixon should be prohibited from confusing the jury with information about unproven and unrelated allegations. However, if Dixon is allowed to present such evidence, Reid will be forced to cross-examine witnesses and present his own evidence explaining the true facts underlying the allegations. Such evidence will result in numerous "trials within a trial" on irrelevant issues, which will needlessly consume judicial resources and extend the trial for the Court and jury. The Court should not permit Dixon to misuse the Court's resources for a prejudicial and salacious sideshow. Evidence of other purported acts of workplace sexual conduct and associations should be excluded.

DATED:  August 4, 2025            KINSELLA HOLLEY ISER KUMP
                                  STEINSAPIR LLP


                                  By: _____
                                      Gregory Korn
                                      Attorneys for Defendant Antonio Marquis "L.A."
                                      Reid

                                  **KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP**
                                  Shawn Holley (*pro hac vice*)
                                  Gregory Korn (*pro hac vice*)
                                  Suann C. MacIsaac *(pro hac vice)*
                                  Kate Mangels *(pro hac vice)*
                                  11766 Wilshire Boulevard, Suite 750
                                  Los Angeles, CA 90025
                                  310-566-9822

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

## CERTIFICATE OF COMPLIANCE (LOCAL RULE 7.1(c)

The undersigned, counsel of record for Defendant Antonio Marquis "L.A." Reid, certifies that this brief contains 5883 words, which complies with the word limit of Local Rule 7.1(c).

Dated: August 4, 2025

_____

Gregory Korn

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

## CERTIFICATE OF SERVICE

I certify that on August 4, 2025, I electronically served the above document on the following:

Kenya K. Davis
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-9608
kdavis@bsfllp.com

Sigrid S. McCawley
Amber S. Stewart
Daniel J. Crispino (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com
astewart@bsfllp.com
dcrispino@bsfllp.com

*Counsel for Plaintiff Drew Dixon*

*/s/ Gregory Korn*
Gregory Korn