UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DREW DIXON, :
:
                        Plaintiff, : 23-CV-09878 (JAV)
:
      -v- : OPINION AND ORDER
:
ANTONIO MARQUIS "L.A." REID, :
:
                      Defendant. :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Defendant has moved for partial summary judgment on a limited issue. ECF No. 107. Defendant argues that Plaintiff's damages claim for lost commissions is time-barred and was not revived by either the New York Adult Survivors Act, N.Y. C.P.L.R. § 214-j ("ASA"), or the New York City Gender Motivated Violence Act, N.Y.C. Admin. Code §§ 10-1101 *et seq.* ("GMVA"). ECF No. 112 ("Def. Br.") at 5-6. For the reasons set forth below, the motion for partial summary judgment is DENIED.

## BACKGROUND

For purposes of this summary judgment motion, the facts are largely undisputed. *See* ECF No. 151. From 1996 to 2002, Plaintiff was employed as an A&R executive at Arista Records ("Arista"). ECF No. 113 ("56.1 Statement"), ¶ 1. Plaintiff's employment agreements contain an "A&R Bonus" provision, which provided that Plaintiff would receive commissions as a percentage of Arista's retail sales revenue for "artists who, during your full time employment by us, enter into

recording contracts with us primarily because of your efforts." *Id.*, ¶ 2. In 2000, Defendant became the President and CEO of Arista. *Id.*, ¶ 3. Plaintiff alleges that, between 2000 and 2002, Defendant sexually harassed her by, among other things, making flirtatious comments and frequently calling her late at night to ask that she join him in his hotel room, and then becoming angry when she would not relent. *Id.*, ¶ 4. Plaintiff alleges that Defendant sexually assaulted her on two separate occasions in 2001, by kissing her and digitally penetrating her vulva without her consent. The first alleged assault occurred on a private flight in January 2001, and the second alleged assault was in Reid's car later that same year. *Id.*, ¶ 7.

According to Plaintiff, while she was working at Arista, she and another colleague brought Kanye West in for an audition but Defendant decided not to sign him. *Id.*, ¶ 5. Plaintiff also alleges that, while she was working at Arista, she attempted to bring John Stephens, who performs under the name John Legend, to Arista. *Id.*, ¶ 6. Plaintiff alleges that Defendant failed to attend a performance by Legend and Plaintiff ultimately was unable to offer him a deal. *Id.* At her deposition, when asked whether Plaintiff believed Defendant had refused to sign these artists out of retaliation for her refusal to have sex with Defendant, Plaintiff testified: "The constellation of facts surrounding those decisions that are outliers given how good he is at his job and the constellation of facts surrounding the persistent propositioning leads me to infer that that may very well be the explanation." ECF No. 151, ¶ 15.

2

## PROCEDURAL HISTORY

The Complaint contains four causes of action: Count I asserts a claim for sexual battery and assault; Count II asserts a claim for false imprisonment; Count III asserts a claim for intentional infliction of emotional distress ("IIED"); and Count IV asserts a violation of the GMVA. ECF No. 1 ("Compl."), ¶¶ 79-98.

Defendant sought to dismiss Counts II and III of the Complaint as barred by the relevant statute of limitations. ECF No. 18. Defendant also argued that the IIED count should be dismissed for failure to state a claim. *Id.* The Court denied that motion. First, the Court held that Counts II and III of the Complaint are timely, as they have been revived by the ASA. ECF No. 58 ("Opinion and Order"). With respect to the IIED claim, the Court held:

> While there is obvious overlap, Plaintiff's IIED claim does not so completely overlap with her sexual assault/battery claim that it is subsumed within that claim. In addition to the two alleged instances of sexual assault in 2001, the Complaint alleges that during the course of Plaintiff's employment at Arista, Defendant made "pervasive" suggestive comments towards her, complained when he could not get her alone, made repeated sexual advances and retaliated against her at work by demeaning her in front of coworkers, instructed other executives to advise her to wear skirts and high heels, repeatedly invited her to meetings in his hotel room and called her late at night, and retaliated against her for declining his advances by preventing her from signing new artists.

Opinion and Order at 8.

## LEGAL STANDARD

A grant of summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). If a reasonable jury could render a verdict in favor of the nonmoving party, a genuine dispute of material fact exists. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (citation omitted). The moving party has the burden of demonstrating the absence of a question of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In forming this assessment, the Court must view all facts "in the light most favorable" to the non-moving party. *See Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002).

## DISCUSSION

In 2022, New York enacted the ASA. The ASA "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitation." *Carroll v. Trump*, 650 F. Supp. 3d 213, 218 (S.D.N.Y. 2023). The ASA provides:

> [E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

N.Y. C.P.L.R. §214-j. "The ASA is thus best understood to revive every civil claim

4

or cause of action, regardless of defendant, that is brought by any person who has suffered an 'injury or condition' as a result of conduct which would constitute a violation of Article 130 of the Penal Law and which seeks recovery for damages suffered as a result of that injury or condition." *Levin v. Sarah Lawrence College*, 747 F. Supp. 3d 645, 662 (S.D.N.Y. 2024).

Plaintiff filed this action during the one-year window made available by the ASA. Defendant argues, however, that Plaintiff cannot recover at trial damages related to the commissions she purportedly lost due to Defendant's refusal to sign Kanye West or John Legend to Arista. Def. Br. at 1. Specifically, Defendant contends that, taking as true Plaintiff's allegations, any lost commissions result from alleged retaliation or sexual harassment, not from a "sexual offense" within the meaning of the ASA. *Id.* at *passim*. Such a claim for lost commissions was thus not revived by the tolling of the statute of limitations. *Id.*

The parties go back and forth as to whether any retaliation or sexual harassment claims based on Plaintiff's resistance to Defendant's advances were or were not revived by the ASA. Def. Br. at 15-19; ECF No. 142 ("Pl. Opp.") at 9-12; ECF No. 159 ("Reply Br.") at 3-4. For example, Plaintiff states that "Defendant weaponized an interlocked system of sexual assault, harassment, coercive control, and retaliation against Plaintiff that ultimately drove her to leave Arista and the music industry altogether. The elements of this system were not disjunctive—they depended on and fed off of each other, collectively resulting in Plaintiff's damages, including those for lost commissions." Pl. Opp. at 10. Defendant counters that

5

"even if it is assumed that Reid made the decision not to sign the artists as retaliation against Dixon (which Reid denies), case law makes clear that retaliation/harassment *does not* constitute a sexual offense." Reply Br. at 3.

This argument can be dispensed with quickly. Plaintiff has not asserted a cause of action for sexual harassment, sexual discrimination, or retaliation, whether "interlocked" with her sexual assault or otherwise. Rather, the only causes of action in the Complaint are for assault and battery; false imprisonment; IIED; and violation of the GMVA. Whether any hypothetical state law claims of discrimination or retaliation seeking lost commissions would be time-barred is therefore irrelevant. Plaintiff has not brought such claims and therefore cannot recover on such claims. To the extent Plaintiff seeks to recover damages for lost commissions, she must do so under one or more of her existing causes of action.

Defendant argues that the "ASA only allows recovery of damages suffered as a result of a defined sexual offense." Def. Br. at 13. Defendant is correct that, for a cause of action to be revived under ASA, it must be brought for an "injury or condition suffered as a result of conduct which would constitute a sexual offense." N.Y. C.P.L.R. §214-j. Plaintiffs seeking to invoke the ASA therefore must "allege injury from at least one predicate sex offense as the basis of each claim Plaintiffs attempt to revive." *Levin*, 747 F. Supp. 3d at 664.

It does not follow from this, however, that damages are limited once a cause of action has been revived. Once a claim is deemed timely under the ASA, the availability of damages for that claim is determined by the principles that

6

traditionally serve to limit the scope of liability and permissible recovery, including legal causation, scope-of-risk limits, and foreseeability. *See, e.g.*, *Laidlaw v. Sage*, 158 N.Y. 73, 98, (1899) ("The doctrine of proximate cause is a fundamental rule of the law of damages, to the effect that damages are to be allowed in general only for the proximate consequences of the wrong.").

The authorities upon which Defendant relies are not to the contrary. In most of the cited cases, the courts determined that the causes of action did not arise from a predicate sexual offense and thus were not revived under the ASA in the first instance. *See, e.g.*, *Reid v. McKelvey*, No. 22-CV-10708 (JGLC) (OTW), 2024 WL 4345585, at *4 (S.D.N.Y. Sept. 30, 2024); *Levin*, 747 F. Supp. 3d at 664; *Doe v. New York City Dep't of Educ.*, No. 21-CV-4332, 2023 WL 2574741, at *3 (E.D.N.Y. Mar. 20, 2023) (interpreting analogous provision in Child Victims Act). In this case, however, the Court has previously determined that Counts II and III were revived by the ASA, and there has been no dispute that Counts I and IV were timely revived by the ASA and the GMVA, respectively.

Defendant points to *J.S.M. v. City of Albany Dep't of Gen. Servs.*, 211 N.Y.S.3d 859 (N.Y. Sup. Ct. 2024), in which the plaintiff brought a claim for hostile work environment stemming from years of sexual harassment culminating in a sexual assault. The New York Supreme Court determined that the ASA revived the hostile work environment claim but only as to the sexual assault claim. *Id.* at 868. Any other claims of harassment would be untimely. *Id.* The court reserved decision on "whether any non-assault allegations regarding [the alleged discriminators] may

7

be viewed as part of a 'continuing violation' with the assault allegations revived by the ASA, and thus may be considered as part of the hostile work environment claim." *Id.* at 876 n.8. *J.S.M.* therefore does not speak to the question of what damages are available once a cause of action has been revived.

It may well be that Plaintiff cannot recover lost commissions under any of the asserted causes of action. Plaintiff's papers do not make clear to which causes of action her lost commission damages claim relates. Moreover, the parties do not address whether consequential or economic damages in the form of lost profits are available under any of the existing causes of action. Similarly, whether the loss of commissions can be fairly traced to any of the asserted causes of actions under traditional principles of causation has not been adequately addressed by the parties.[1] The Court does not have cause to rule on that issue in connection within this motion.

Accordingly, in denying the motion for partial summary judgment, the Court does not opine on whether Plaintiff can recover lost commissions if the jury were to find in her favor on any of the four revived causes of action. The Court's ruling pertains only to the statute of limitations question presented by the motion.

---

[1] Plaintiff briefly puts forth a "but for" theory of causation to link the sexual assaults to the lost commissions. Plaintiff contends that, "but for" the sexual assaults, Plaintiff would not have feared working in proximity with Defendant and therefore would have accompanied him to his hotel room when asked. Pl. Opp. at 10. Had she done so, Plaintiff argues, then she would not have been subjected to retaliation. *Id.*

8

## CONCLUSION

For the reasons stated herein, Defendant's motion for summary judgment is denied. The Clerk of Court is directed to terminate ECF No. 107.

SO ORDERED.

Dated: August 7, 2025
      New York, New York

                                               JEANNETTE A. VARGAS
                                               United States District Judge