UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
DREW DIXON, :
:
:
                Plaintiff, :      23-CV-09878 (JAV)
:
-v- :      MEMORANDUM
:      OPINION AND ORDER
ANTONIO MARQUIS "L.A." REID, :
:
                Defendant. :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       The parties have requested that certain information submitted in connection with Defendant's motion for partial summary judgment, including the memoranda of law, the Local Rule 56.1 Statement and Counterstatement, the declarations submitted in support and opposition to the motion, and exhibits submitted in connection with that motion, be redacted and/or placed under seal. *See* ECF Nos. 111, 127, 141. These motions to seal are **GRANTED IN PART AND DENIED IN PART**.

       The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . .relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120.

       To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (citation omitted).

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Id.* at 121. As to the weight of the presumption, "the presumption is of the highest when documents have been submitted in connection with a summary judgment motion. *Id.* at 123. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

Having reviewed all of the material that the parties seek to place under seal, the Court concludes that "compelling reasons" have not been advanced to protect the majority of this information. The information sought to be redacted or sealed, including information regarding Plaintiff's employment agreements and her entitlement to commissions under those agreements, are central to the Court's consideration of the summary judgment motion, where the presumption is at its highest. While the Court is sensitive to the privacy interests of Plaintiff as they relate to allegations of sexual assault, harassment, or violence, the information sought to be redacted is largely of a general nature, and does not contain more graphic details than already set forth in the Complaint.

The Court does find, however, that Exhibit 1 to the Korn Declaration (ECF No. 114), as well as any quotations or references to material from Exhibit 1 in the moving papers, can properly be sealed. This excerpt from Plaintiff's unpublished memoir implicates substantial personal privacy concerns concerning an unrelated sexual assault, and the document if of marginal relevance to the issues to be adjudicated in the summary judgment motion. The Court also finds that the personal email address in Exhibit 10 to the Korn Declaration, and the annual salary information in Exhibits 6 and 7, should also be redacted.

The parties are directed to file the relevant documents on the docket with only the permitted redactions. The Clerk of Court is directed to terminate ECF Nos. 111 and 141.

SO ORDERED.

Dated: August 7, 2025  
      New York, New York

                                               JEANNETTE A. VARGAS  
                                               United States District Judge