

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

August 7, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

> Re: *Drew Dixon v. Antonio Marquis "L.A." Reid*, 1:23-cv-09878-JAV — **Letter Motion to Compel Gamma and for Leave to File Motion for Sanctions**

Dear Judge Vargas:

We write on behalf of Plaintiff Drew Dixon in accordance with the Court's instructions during the August 1, 2025, discovery hearing that Plaintiff file a letter motion to compel documents she subpoenaed from Gamma Media Holdings, LLC ("Gamma"), Defendant Antonio Marquis "L.A." Reid's business. *See* ECF No. 200-1, Aug. 1, 2025, Hr'g Tr. at 46:22-24. In this letter, Plaintiff also responds to Ms. Holley's letter to the Court regarding service of the Gamma and AMR Ventures, Inc. subpoenas. *See* ECF No. 199.

Pursuant to Federal Rules of Civil Procedure 37(a) and 45(d)(2)(B)(i), Plaintiff moves for an order compelling Gamma Media Holdings, LLC to comply with her July 23, 2025, trial subpoena. Plaintiff also moves for leave to file a motion for sanctions against Kinsella Holley Iser Kump Steinsapir LLP (KHIKS) for "unreasonably and vexatiously" "multipl[ing] the proceedings" by falsely representing they had authorization to accept service of Plaintiff's subpoena to Gamma, thus preventing Gamma's response to Plaintiff's subpoena. 28 U.S.C. § 1927.

### I. Factual Background.

On March 10, 2025, the Court ordered all financial disclosures be served by April 18, 2025. *See* ECF No. 95. On April 1, 2025, after several attempts to ascertain the information needed to guide the financial discovery using the limited discovery Defendant had provided thus far, Plaintiff through counsel served on Defendant her sixteen (16) requests for production and her third-party subpoenas to Defendant's accountant, bank, businesses, business partner, and former employer, including a subpoena to Gamma. *See* Ex. A, Apr. 1-16, 2025, Email Chain at 2; Ex. B, April 1, 2025, Gamma Subpoena. In the transmittal email, we asked Defense Counsel whether they would "accept service of the subpoenas to AMR Ventures, Gamma, Larry Jackson, and Richard Johnson." Ex. A at 3. On April 7, 2025, having received no reply, we emailed Defense counsel again asking, "do you accept service of Plaintiff's subpoenas to AMR Ventures, Gamma, Larry Jackson, or Richard Johnson?" *Id*. On April 10, 2025, Ms. Holley responded, "We are authorized to accept service for Richard Johnson, AMR, and Gamma. Still waiting to hear from Larry Jackson. Pardon the delay." *Id*. at 2.

On April 16, 2025, having heard nothing further and having received no documents from Gamma, and with the April 18, 2025, deadline looming, we asked, "will Mr. Reid, AMR, and Gamma be responding to the subpoenas and providing documents by this Friday?" *Id.* at 1. Later that day, Ms. Holley responded, "[i]t is my hope and expectation that the subpoenaed documents will be produced by Friday, April 18." *Id.* However, the deadline came and went with no production from Gamma. On April 22, 2025, we sent a discovery deficiency letter to Defendant and his counsel and specifically asserted that "despite accepting service of the subpoenas to Defendant's business ventures, AMR Ventures, Inc. and Gamma Media Holdings, LLC, [Defendant] produced *zero* documents responsive to Plaintiff's subpoenas." Ex. C, Apr. 25, 2025 Deficiency Letter at 2. In the letter, we also asked for a meet-and-confer if we didn't receive the documents by April 25, 2025. *See id.* at 3. April 25, 2025, came and went with no response.

On April 27, 2025, Ms. Holley responded by email and said, "I am available for a meet and confer on Wednesday at 1:00 PST. In the meantime, please rest assured that the documents responsive to your subpoenas are being gathered and readied for production. I will have a better idea of the actual date for the documents to be produced by Wednesday." Ex. D, Apr. 27, 2025, Email. During the April 30, 2025, meet-and-confer, Ms. Holley requested an additional 3 weeks to complete the financial discovery process, including the production of the subpoenaed documents from Gamma and AMR Ventures. On May 6, 2025, after consulting with our client, we agreed to a three-week extension to complete the financial discovery process. *See* Ex. E, May 6, 2025, Email Chain at 2. Ms. Holley confirmed the extension. *See id.* at 1. But once again, May 27, 2025, the parties' agreed-upon new deadline for production, came and went with no production and no explanation from Defendant or his counsel.

Meanwhile, we had been trying to hand serve Mr. Jackson, who is Gamma's CEO. After making multiple service attempts at Mr. Jackson's office and home, he finally contacted us and scheduled his deposition for May 21, 2025. It is during this deposition that Ms. Holley claims she "learned" her "assumption" "that Mr. Reid was involved with Gamma" "was incorrect." ECF No. 199 at 1.

As explained in Plaintiff's letter to the Court regarding the August 1, 2025, discovery conference, ECF No. 190 at 2, Plaintiff disputes Defendant's involvement and ownership stake in Gamma. But even if the Court credits Ms. Holley's claim regarding her late-stage realization about Defendant and Gamma, it is of no moment because she never notified Plaintiff or her counsel that she was *not* authorized to accept service of Plaintiff's subpoena on Gamma's behalf, or that Gamma had not yet received Plaintiff's subpoena. Instead, she let the parties agreed-upon May 27, 2025, extended deadline come and go with no update or notice. Indeed, she *never* notified us that she was not authorized to accept service of Gamma, even after we served yet another financial discovery deficiency letter on June 25, 2025 and specifically asserted, "despite accepting service of the subpoenas to Defendant's business ventures, AMR Ventures, Inc. and Gamma Media Holdings, LLC, you have still failed to produce *any* documents responsive to Plaintiff's subpoenas." Ex. F, June 25, 2025, Deficiency Letter at 2. At this point, having been reminded yet again that we were relying on her representation that she accepted service for Gamma and that we were anticipating a production from Gamma, Ms. Holley should have notified us that she was in fact *not* authorized to accept service, and that we would need to serve the company ourselves. But she did not.

Instead, she ignored our second deficiency letter but then falsely represented to the Court

during the July 9, 2025 hearing on her motion to withdraw as counsel that all discovery was complete. ECF No. 174-1, July 9, 2025 Hr'g Tr. at 7:23-24 ("I don't believe there is any additional financial discovery."). Following the hearing, we immediately emailed Ms. Holley and reminded her of Plaintiff's unanswered deficiency letter and outstanding financial discovery requests, including the lack of production from Gamma. *See* Ex. G, July 9, 2025 Email at 1-2. Ms. Holley responded that she would forward the deficiency letters to Defendant's business manager, Richard Johnson, and accountant, Jeffrey Turner. *Id.* At this point, having noticed that Mr. Jackson, Gamma's CEO, had added attorney Glen Mastroberte to our email thread with him, we decided to email Mr. Mastroberte directly to ask if he represented Mr. Jackson or Gamma, and whether Ms. Holley had served it with the subpoenas. *See* Ex. H, July 17, 2025 Email. Mr. Mastroberte responded that his firm was "corporate counsel to Gamma, but ha[d] not been retained in connection with this matter," and that he had "check[ed] with Gamma regarding the document requests, and they could not locate any record of such." *Id.*

On July 29, 2025, following part 2 of Mr. Jackson's deposition in which he agreed to produce the Gamma documents, we issued a trial subpoena to Gamma that included the same document requests as our original April 1, 2025, subpoena. *See* Ex. I, Gamma Trial Subpoena. Mr. Jackson accepted service of the subpoena by email. *See* Ex. J, July 29, 2025, Email.

Subsequently, during the August 1, 2025 discovery hearing with the parties, the Court instructed Defense Counsel to file a letter regarding Ms. Holley's acceptance of service of the subpoena to Gamma. It was from this letter that we heard for the first time that Ms. Holley allegedly "learned" on May 21, 2025, that she had not been authorized to accept service of Plaintiff's subpoena for Gamma. Given the well-documented history of discovery abuses, delays and misrepresentations from the Defense, the Court should not credit Ms. Holley's claim that she "mistakenly assumed" she had Gamma's authorization to accept the subpoena. But even if that were true, that does not explain why Ms. Holley sat on this information for months and did not notify Plaintiff's counsel she was not authorized to accept service of Gamma, and that Gamma was not in receipt of Plaintiff's subpoena. Clearly, this is just the latest tactic in Defense Counsel's campaign of gamesmanship and withholding of evidence from Plaintiff.

For these reasons, Plaintiff moves the Court to issue an order compelling Gamma to produce the documents requested in her trial subpoena if it doesn't serve objections or produce records by August 12, 2025, which is the 14-day deadline set forth in Rule 45(d)(2)(B). Plaintiff also moves for leave to file a motion for sanctions against KHIKS for abusing the discovery process, *yet again* prejudicing Plaintiff's ability to gather evidence, and "unreasonably and vexatiously" "multipl[ing] the proceedings." 28 U.S.C. § 1927.

## II.    Letter Motion to Compel Gamma Documents.

Plaintiff subpoenaed Gamma for documents relevant to Defendant's net worth for purposes of determining punitive damages at trial. Despite Ms. Holley's representations in her August 6, 2025 letter to the Court, Defendant is heavily involved in Gamma. *See* Ex. K, May 19, 2025 Gamma Website Screenshot.[1] As explained in Plaintiff's numerous filings, Defendant has numerous music projects and ventures with Gamma, including serving as executive producer on

---

[1] The Court should not that after Mr. Jackson's first deposition on May 21, 2025, Gamma's website was updated and the reference to Mr. Reid was removed. *See* Ex. L, July 29, 2025 Gamma Website Screenshot at 2.

Mariah Carey's upcoming album, which Gamma is releasing. *See* ECF No. 157-2. Gamma's CEO testified that Gamma compensates Defendant for his work with the company. *See* ECF No. 154 at 15. Plaintiff believes that discovery from Gamma will show that Defendant has a negotiated equity interest in Gamma and additional information about the compensation he receives from the company. *See* ECF No. 190 at 2. This bears directly on his net worth.

Plaintiff recognizes that Gamma was not in receipt of her subpoena until August 29, 2025 when Mr. Jackson accepted service. But as the Court is aware, trial in this matter is set to begin on September 8, 2025, on Defendant's sexual assaults and "broader" course of misconduct. *See* ECF No. 58 at 8. Because of the Defense's machinations, Plaintiff has been overwhelmingly prejudiced in her ability to conduct discovery and question witnesses. Additional delays would further prejudice Plaintiff, particularly as we are on the eve of trial. As Gamma's deadline to object to Plaintiff's trial subpoena has not yet passed, Plaintiff asks the Court to hold her motion to compel in abeyance until August 12, 2025. If at that time Gamma has not responded or produced the requested records, Plaintiff asks the Court to enter an order compelling Gamma to produce the requested documents by August 15, 2025.

### III.     Leave to File Letter Motion for Sanctions Against Defense Counsel.

Defense Counsel's misrepresentations and actions with respect to the Gamma subpoena have substantially delayed the financial discovery process. Not only has Plaintiff expended the resources pursuing and futilely waiting for 4 months on a document production that Gamma was not aware of. But she has also been prejudiced in her ability to depose Defendant's business manager, accountant, and business partner. As Plaintiff has already argued in her filings to the Court, she believes these attempts to withhold and obfuscate evidence are nothing new, and that the delays and spoliation with respect to Defendant's financial disclosures is the latest iteration. *See, e.g.,* ECF Nos. 154, 174, 175, 189, 198.

In any case, KHIKS has "unreasonably and vexatiously" "multiple[d] the proceedings" and should be required "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In *Apex Oil Co. v. Belcher Co. of New York*, the Second Circuit upheld the applicability of §1927 to abusive discovery practices. *See* 855 F.2d 1009, 1019 (2d Cir. 1988) ("Shea & Gould asserts on appeal that such an award was beyond the scope of Section 1927, because that statute does not permit the award of sanctions for discovery abuse. We disagree."). Plaintiff submits that KHIKS's approach to discovery throughout this case, as well as KHIKS's failure to notify Plaintiff once they knew her firm was not authorized to accept service for Gamma and knew that Plaintiff was relying on her representation that she was so authorized, constitute the bad faith required by §1927. Accordingly, she requests leave to file a motion for sanctions against KHIKS to brief this issue properly before the Court. She reserves the right to bring her motion under any and all sanction rules and statutes that apply.

                                           Respectfully submitted,

                                           /s/ Kenya K. Davis
                                           Kenya K. Davis
                                           *Counsel for Plaintiff Drew Dixon*