

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

August 19, 2025

**VIA ECF**

The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

> Re:    ***Drew Dixon v. Antonio Marquis "L.A." Reid***, 1:23-cv-09878-JAV —
> **Joint Letter Regarding Discovery**

Dear Judge Vargas:

We are counsel for the parties and write pursuant to the Court's instructions during the August 12, 2025, teleconference (*see* Ex. A, Aug. 12, 2025, Hr'g Tr.) and August 13, 2025, order to update the Court on the status of discovery. In short, progress has been made but as explained below, there are a few items and deponents still outstanding.

<u>Spoliation</u>

Following the Court's suggestion at the last teleconference, the parties met and conferred to discuss the Kroll spoliation review. Defendant's counsel informed Plaintiff's counsel that Defendant agreed to pay Kroll's outstanding bills, and that they would inquire about a report of the deletions on his device.[1] On August 13, 2025, counsel for both parties met with Kroll, who explained that it was relatively easy to generate a report showing which of the text messages previously produced were deleted, but it would take some time for the software to process Defendant's phone data again. Kroll assured that the report could be generated, and that it would be sent once complete. The parties anticipate receiving the report by the middle or end of this week, and once received, Plaintiff would like to meet with Kroll again to talk about the results and any remaining questions (to which Defendant's counsel has no objections)

<u>Financial Records Production</u>

Also on August 13, 2025, the parties met and conferred about Plaintiff's financial records document requests and Defendant's deficient responses. Defendant's counsel conceded that many of Plaintiff's document requests pertained to net worth and were "fair game" for Plaintiff to request, and that the bulk of their objection would be to the time period of Plaintiff's requests. However, Defendant's counsel further explained that even if agreement could be reached about narrowing the scope of Plaintiff's requests, they could not represent or promise that the requested documents would actually be produced by Defendant, given the breakdown in the attorney-client

---

[1] A representative of Kroll informed Defendant's counsel that there has been significant turnover in its "cyber" division, that several members of the Kroll team that were involved in the forensic review of Defendant's devices had left the company (including the technician, Bryant Ling, who was counsel's main point of contact), and that this explained the lack of responsiveness to prior requests from Plaintiff's counsel.

relationship and defense counsel's inability historically and as of late to obtain documents from the client or his representatives. In light of these representations, Plaintiff intends to move to compel the outstanding financial discovery.

<u>Gamma Production</u>

On August 11, 2025, Gamma served its responses and objections to Plaintiff's trial subpoena and document requests, but it agreed to produce some responsive documents. On August 12, 2025, Gamma produced 3 heavily redacted documents and objected to the continued deposition of Larry Jackson. Plaintiff disputes the appropriateness of the redactions. (Jeffrey Turner testified at deposition that he had seen an unredacted version of at least 1 document.) Moreover, documents that Mr. Jackson represented during his deposition would be produced have not been produced, and Plaintiff believes additional documents responsive to her subpoena should be produced. Finally, Plaintiff would like to conclude Mr. Jackson's deposition. Plaintiff's counsel have a meet-and-confer scheduled for today at 1:15 PM EST to further discuss these issues with Gamma's counsel and will update the Court thereafter during today's 4 p.m. teleconference.

While Defendant does not have a "dog in the hunt" with respect to the Gamma discovery and has no objection to Gamma producing additional documents or making Mr. Jackson available for further depositions, it is respectfully submitted that, as discovery has now revealed that Defendant does not and has never had an ownership interest in Gamma, the discovery being sought is not tailored to Defendant's net worth and is outside the scope of financial discovery relevant to a potential punitive damages phase of the trial. Plaintiff disputes that the documents show Defendant "does not and has never had an ownership interest in Gamma" because the document produced purports to show current equity in the company, not prior, and because other documents pertaining to Defendant's involvement in Gamma were not produced. Thus, Plaintiff does not agree with Defendant's counsel assertion that the matter of Defendant's ownership interests has been fully resolved.

<u>Depositions</u>

The deposition of business manager Richard Johnson was completed on August 18, 2025. During his deposition, Mr. Johnson referenced several financial documents that have been requested but not produced by Defendant (for example, an assets and liabilities sheet, current account balances, evidence of Defendant's real property, Defendant' life insurance policy, etc.) and repeatedly represented that it would be "no problem" for those records to be produced to Plaintiff. However, despite Plaintiff's two deficiency letters and representations from Defendant's counsel that these letters were transmitted to Mr. Johnson and business manager Jeffrey Turner, these documents have not been produced.

The deposition of Mr. Turner began on August 14, 2025, who was able to sit for 4 hours and 51 minutes. While we are in the process of scheduling Mr. Turner's continued deposition, Plaintiff requires additional outstanding financial records in order to complete his deposition. On August 18, 2025, we emailed Mr. Turner about scheduling his continued deposition but asked for the outstanding documents to be produced. Mr. Turner responded, "what financial documents are outstanding"?—despite Plaintiff's deficiency letters and reassurances from Defendant's counsel that Mr. Turner was on notice of her document requests. Plaintiff alerted Mr. Turner *again* about what documents have not been produced, but she would like to note again for the record the

continued delays and deliberate withholding of information from Defendant. (Defendant's counsel notes that all document requests and subpoenas have been provided to Defendant and his current or former managers, Mr. Johnson and Mr. Turner, and that Defendant's counsel has asked for the requested documents to be collected and produced.)

The continued deposition of Larry Jackson has not been scheduled yet, as Plaintiff's counsel is in discussions with Gamma about its incomplete production and the need to complete Mr. Jackson's deposition. Assuming Plaintiff and Gamma can reach agreement about the document production and Mr. Jackson's deposition, she anticipates completing his deposition next week.

Respectfully submitted,

/s/ Kenya K. Davis

Kenya K. Davis
Boies Schiller Flexner LLP
1401 New York Ave., NW
Washington, DC 20005
(202) 237-9608
kdavis@bsfllp.com

Sigrid S. McCawley
Daniel J. Crispino (*pro hac vice*)
Amber S. Stewart (*pro hac vice*)
Boies Schiller Flexner LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
smccawley@bsfllp.com
dcrispino@bsfllp.com
astewart@bsfllp.com

*Counsel for Plaintiff Drew Dixon*

/s/ Gregory Korn

Shawn Holley (*pro hac vice*)
Kate Mangels (*pro hac vice*)
Suann MacIssac (*pro hac vice*)
Gregory Korn (*pro hac vice*)
Kinsella Holley Iser Kump Steinsapir LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
(310) 566-9822
sholley@khiks.com
kmangels@khiks.com
smacisaac@khiks.com
gkorn@khiks.com

*Counsel for Defendant Antonio Marquis "L.A." Reid*