

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

August 20, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

> **Re:**     ***Drew Dixon v. Antonio Marquis "L.A." Reid***, **1:23-cv-09878-JAV —**
> **Letter Motion to Compel Forensic Discovery**

Dear Judge Vargas:

We write on behalf of Plaintiff Drew Dixon to request a motion compelling Defendant Antonio Marquis "L.A." Reid to authorize his forensic discovery vendor, Kroll, to meet with us and supply his data to us in report form.

During yesterday's (August 19th's) discovery teleconference, the parties informed the Court that a few minutes before the conference started, Kroll had sent the requested reports to all counsel. However, after the teleconference, when Plaintiff's counsel attempted to access the reports, we were unable to do so, because Kroll had not authorized us to access its download portal. We asked for access immediately, but it was not until 8 p.m. Eastern that we finally gained access to the reports. Upon review, there are a few issues, principally that Kroll did not produce a complete report of the deletions identified during the original forensic review. There are also irregularities in the reports that were produced. Thus, we have detailed questions about the reports that were generated.

When we contacted Kroll today (August 20th) requesting a meet and confer, they questioned why Defendant's prior counsel had been removed from the email chain. When we informed Kroll that Defendant's prior counsel officially withdrew from the case yesterday, *see* ECF No. 232, it responded, "[i]n light of the withdrawal of counsel and in the absence of client representation, client permission, or a court order, Kroll is not permitted to supply Client data to anyone. Please seek one of these permissive methods to move forward." Defendant's prior counsel then responded and indicated he would "forward this to Mr. Reid and his representatives so this can be dealt with."

As of this filing, we have not heard from Defendant, his representatives, or Kroll regarding this issue. Given the importance of this issue, the looming trial date, and the continual delays from Defendant, we ask the Court order him to authorize Kroll to meet with us to discuss the reports that have been produced and to produce the complete report of the forensic review of his devices. *See Erdman v. Victor*, 345 F.R.D. 60, 64 (S.D.N.Y. 2024) ("The inattention to court orders has also occurred with respect to the scheduling of the 'vendor conference' ordered by the Court on December 21, 2023…In that Order, the Court directed that defendant was required to arrange for a conference with discovery vendors 'forthwith.'").

Plaintiff reserves all rights, including the right to seek attorney's fees, costs, and sanctions in relation to this and any related motion practice. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Kenya K. Davis
Kenya K. Davis
*Counsel for Plaintiff Drew Dixon*

2