```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DREW DIXON,                                                       :
                                                                  :
                           Plaintiff,                             :   23-CV-09878 (JAV)
                                                                  :
           -v-                                                    :   MEMORANDUM
ANTONIO MARQUIS "L.A." REID,                                      :   OPINION AND ORDER
                                                                  :
                           Defendant.                             :
------------------------------------------------------------------:
                                                                  X
```

JEANNETTE A. VARGAS, United States District Judge:

The parties have requested that certain information submitted in connection with Defendant's Motion to Preclude Expert Reports and Testimony of Michael Selverne and Marc Plotkin, including the memoranda of law, the declarations submitted in support and opposition to the motion, and exhibits submitted in connection with that motion, be redacted and/or placed under seal. *See* ECF Nos. 121, 136, 160. These motions to seal are DENIED.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . .relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy

interests or the confidentiality of business records.  *Id*. at 120.

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id*. (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id*.  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id*. (citation omitted).

Having reviewed all of the material that the parties seek to place under seal, the Court concludes that "compelling reasons" have not been advanced to protect this information. The information sought to be redacted or sealed, include, among other things, details of Plaintiff's employment agreements and her entitlement to commissions.  This information substantially overlaps with, and largely duplicates, information the Court previously declined to seal in connection with the Court's partial summary judgment order.  *See* ECF No. 205.  Although Plaintiff contends that redactions are narrowly tailored, ECF No. 129, the proposed redactions apply to large swaths of the motion papers, making the issues to be litigated unintelligible to the public.  There has also been no showing as to why 30-year old employment agreements constitutes "sensitive business information." ECF No. 129.

Accordingly, ECF Nos. 125, 126, 137, 138, and 162 will be unsealed and made publicly available. The Clerk of Court is directed to terminate ECF Nos. 121, 136, and 160.

SO ORDERED.

Dated: August 25, 2025
      New York, New York

                                                      JEANNETTE A. VARGAS
                                                      United States District Judge