

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

August 27, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

   Re: *Drew Dixon v. Antonio Marquis "L.A." Reid*, 1:23-cv-09878-JAV —
      Letter Regarding Trial and Renewed Motion to File for Sanctions

Dear Judge Vargas:

  We write on behalf of Plaintiff Drew Dixon to update the Court on several trial issues in accordance with the Court's instructions during the August 25, 2025, pretrial conference, *see* Ex. A, Aug. 25, 2025, Tr. at 35:9–15, and related pending issues.

  Plaintiff has confirmed that her witnesses are available for the adjourned trial date of January 12, 2026. With respect to the proposed trial clock, Plaintiff anticipates she will need 60-66 hours to do her direct and cross examinations of the witnesses, and that she will need 1-2 hours for her opening statement.

  During the pretrial conference, the Court adjourned the trial date solely so that Defendant could obtain his litigation file from his prior counsel. *See id.* at 23:12–25. Following the hearing, Plaintiff's counsel contacted Defendant's prior counsel to confirm whether they had previously provided the file to Defendant. They responded, "We were waiting for Mr. Reid to retain counsel to transfer the file. Having learned through media reports that new counsel has now been retained, we will make arrangements with them to transfer the file." Ex. B, Aug. 26, 2025, Email.

  We cannot fathom why Defendant's prior counsel would not send *Defendant* the litigation file when the Court's order granting their motion to withdraw made it clear that Defendant "is now deemed to be proceeding *pro se*." ECF No. 232 at 2. It was certainly their ethical obligation under New York's Rules of Professional Conduct and the Model Rules of Professional Conduct to do so. *See* NY ST RPC Rule 1.16(e) ("Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including…delivering *to the client* all papers and property to which the client is entitled…"); M.P.C. Rule 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as…surrendering papers and property to which the client is entitled…").

  As the Court is well aware, Your Honor stated multiple times to Defendant's prior counsel (and to Defendant, through his counsel), that an adjournment would not be granted on the basis that Defendant needed more time to secure counsel or to get them up to speed on the case. Moreover, Defendant's "settlement counsel" made representations as late as August 24, 2025, that

Defendant planned to proceed *pro se*. Defendant was copied on those emails. So again, the response from Defendant's prior counsel that they were waiting for Defendant to secure new counsel before transmitting the file is deeply troubling.

Prior counsel's failure to transmit the litigation file to their client, who they knew was now *pro se*, effectively guaranteed that Defendant would not be prepared to proceed to trial on September 8, 2025. Once again, as with the Gamma document subpoena, *see* ECF Nos. 199, 207, 217, Defendant's prior counsel have engaged in gamesmanship to "unreasonably and vexatiously" "multiple[d] the proceedings" and cause unjust delays. Through their actions, Defendant's prior counsel have delayed the trial by 5 months and bought their former client additional time that the Court specifically stated he was not entitled to. For this reason, we renew our motion for leave to file a motion for sanctions against the Kinsella Holley firm. *See* ECF No. 207.

Also during the pretrial conference, the Court clearly stated to Defendant's proposed new counsel that once they filed their notices of appearance, they had 48 hours to respond what their position was with respect to the continuing issues with Kroll. *See* Ex. A at 41:10–19. However, Defendant's proposed counsel has contacted Plaintiff's counsel asking for "a reasonable time to confer with prior counsel about file materials, and apprise ourselves with the circumstances surrounding the issue." Ex. C, Aug. 27, 2025, Email. They also informed us that they *still have not received the litigation file* from Defendant's prior counsel, and wanted to confer about the Kroll issues once the file was received*. See id.* Given that we are still facing indeterminate delay, we respectfully ask the Court to proceed with issuing the order on Plaintiff's pending motion for Defendant's authorization to contact Kroll. *See* ECF No. 233.

Plaintiff reserves all rights, including the right to seek attorney's fees, costs, and sanctions in relation to this and any related motion practice. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Kenya K. Davis
Kenya K. Davis
*Counsel for Plaintiff Drew Dixon*
