

Kenya K. Davis
Telephone: (202) 237-9608
Email: kdavis@bsfllp.com

September 12, 2025

**VIA ECF**
The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
(212) 805-0210
VargasNYSDChambers@nysd.uscourts.gov

**Re:**   ***Drew Dixon v. Antonio Marquis "L.A." Reid*, 1:23-cv-09878-JAV —
Status Letter Regarding Pending Discovery Issues**

Dear Judge Vargas:

We write on behalf of Plaintiff Drew Dixon in accordance with the Court's September 4, 2025, Order to "file a status letter…with respect to any of its pending motions related to the forensic examination of Defendant's electronic devices or to compel discovery (ECF Nos. 175, 207, and 233), and inform the Court if there remain any live issues for resolution."

With respect to ECF No. 175, Plaintiff's motion to compel financial records from Defendant, Plaintiff has received most of the financial documents she requested from Defendant. However, she had also requested that Gamma provide documents explaining Defendant's compensation for work he performed for Gamma on the Mariah Carey album. Gamma's current position is that this information should be sought directly from Defendant "particularly now that the Court has continued the trial date to January 2026…[and because] Mr. Reid has new counsel." While Plaintiff's position is that Gamma should produce this information if it is within its possession or control, to minimize the burden on non-party Gamma, we would like permission to ask Defendant to produce any documents in his possession that are relevant to his compensation for the Mariah Carey album and any other work he has performed for Gamma. Further, now that we are finally in receipt of Defendant's financial records on August 21, 2025, we request permission to depose him for 3 hours about his financial records and status.

With respect to ECF No. 207, Plaintiff's motion to compel documents from Gamma, Plaintiff has received some of the documents that Gamma's CEO, Larry Jackson, promised to produce during his deposition. When we inquired about the items that were promised but not produced, Gamma's attorneys responded, among other things, that they would discuss our request with their client but that they didn't think those documents were relevant to Defendant's net worth. They also asserted that any motion practice related to the Gamma subpoena would need to be in the Central District Court of California, as that is where Gamma's documents are located. We are continuing to confer with Gamma's counsel about this issue and the continued deposition of Larry Jackson, as Mr. Jackson has only sat for 2 hours and 27 minutes.

Finally, with respect to ECF No. 233, Plaintiff's motion to compel authorization to meet with Kroll, we still have not been allowed to meet with Kroll. On August 27, 2025, after filing their notices of appearance, Defendant's new counsel requested "a reasonable time to confer with

prior counsel about file materials, and apprise [themselves] with the circumstances surrounding the issue." We responded that same day that we didn't see the need for a protracted delay, to which Defendant's counsel represented that "we appear to be on a rather expeditious course under the circumstances." The next day, Defense counsel informed us that they "made contact with the lead on this matter at Kroll who is out on vacation until after Labor Day. We will reach out to him then, work through the logistics of our firm assuming the prior agreement, then circle back with you regarding your request."

On September 2, 2025, we asked Defense counsel for an update and for Kroll's availability to meet with us that week. Defense Counsel responded that they were waiting to hear back from Kroll. On September 5, 2025, we followed up again, noting that it had been weeks since we first filed our request for authorization. Notwithstanding the fact that our request was also served on Defendant (who was *pro se* at the time), his new counsel responded that they "cannot speak to what has occurred for 'weeks' before coming on to the case," that they "waiting to speak to [Kroll]," but that they "expect[ed] this will be resolved early next week and well before the 9/12 date." On September 8, 2025, Defense counsel informed us that they "are awaiting receipt of the agreement to execute as new counsel with Kroll." On September 11, 2025, they informed us that they had "just recently received a proposed agreement from Kroll and will review with [their] client and revert back to [us] regarding the logistics with communications with Kroll."

Given the continual delays, we ask the Court impose a deadline by which our meeting with Kroll must be completed. There should be no further delay being that there were representations made by prior counsel that Kroll was in receipt of their complete payment. *See* ECF No. 231.

Plaintiff reserves all rights, including the right to seek attorney's fees, costs, and sanctions in relation to this letter and any related motion practice. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Kenya K. Davis
Kenya K. Davis
*Counsel for Plaintiff Drew Dixon*

2