UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DREW DIXON,

       Plaintiff,      23-CV-09878 (JAV)

   -v-          OPINION AND ORDER

ANTONIO MARQUIS "L.A." REID,

       Defendant.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff has moved to conform the pleadings and for leave to amend the Complaint pursuant to Rules 15(a), 15(b), and 16(b) of the Federal Rules of Civil Procedure. ECF No. 259. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

From 1996 to 2002, Plaintiff was employed as an A&R executive at Arista Records ("Arista"). ECF No. 1 ("Compl."), at ¶¶ 21, 57. In 2000, Defendant became the President and CEO of Arista. *Id.*, ¶ 27. Plaintiff alleges in her Complaint that, between 2000 and 2002, Defendant sexually harassed her by, among other things, making flirtatious comments and frequently calling her late at night to ask that she join him in his hotel room. *Id.*, ¶¶ 52-54. Plaintiff further alleges that Defendant sexually assaulted her on two separate occasions in 2001, by kissing her and digitally penetrating her vulva without her consent. The first alleged assault occurred on a private flight in January 2001, and the second alleged assault was in Reid's car later in 2001. *Id.*, ¶¶ 43-49.

In 2022, New York enacted the Adult Survivors Act ("ASA"). The ASA "created a one-year revival period, starting November 24, 2022, during which adult survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statutes of limitation." *Carroll v. Trump*, 650 F. Supp. 3d 213, 218 (S.D.N.Y. 2023). The ASA provides:

> [E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such person who was eighteen years of age or older . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than one year and six months after the effective date of this section.

N.Y. C.P.L.R. § 214-j. "The ASA is thus best understood to revive every civil claim or cause of action, regardless of defendant, that is brought by any person who has suffered an 'injury or condition' as a result of conduct which would constitute a violation of Article 130 of the Penal Law and which seeks recovery for damages suffered as a result of that injury or condition." *Levin v. Sarah Lawrence College*, 747 F. Supp. 3d 645, 662 (S.D.N.Y. 2024).

Plaintiff filed this action during the one-year window made available by the ASA. The Complaint contains four causes of action: Count I asserts a claim for sexual battery and assault; Count II asserts a claim for false imprisonment; Count III asserts a claim for intentional infliction of emotional distress ("IIED"); and

Count IV asserts a violation of the G.M.V.A., Admin. Code 10-1105(a). Compl., ¶¶ 79-98.

Defendant sought to dismiss Counts II and III of the Complaint as barred by the relevant statute of limitations. ECF No. 18. Defendant also argued that the IIED claim should be dismissed for failing to state a claim. *Id*. The Court denied that motion. First, the Court held that Counts II and III of the Complaint are timely, as they have been revived by the ASA. ECF No. 58 ("Opinion and Order"). With respect to the IIED claim, the Court held:

> While there is obvious overlap, Plaintiff's IIED claim does not so completely overlap with her sexual assault/battery claim that it is subsumed within that claim. In addition to the two alleged instances of sexual assault in 2001, the Complaint alleges that during the course of Plaintiff's employment at Arista, Defendant made "pervasive" suggestive comments towards her, complained when he could not get her alone, made repeated sexual advances and retaliated against her at work by demeaning her in front of coworkers, instructed other executives to advise her to wear skirts and high heels, repeatedly invited her to meetings in his hotel room and called her late at night, and retaliated against her for declining his advances by preventing her from signing new artists.

Opinion and Order at 8.

The Civil Case Management Plan and Scheduling Order ("CMP") was entered in this case on January 8, 2024. ECF No. 21. The CMP set the deadline for amendments to the pleadings as February 7, 2024.

On May 19, 2025, Defendant moved for partial summary judgment. ECF No. 107. Defendant argued that Plaintiff could not recover lost commissions in this case because any claims for alleged retaliation or sexual harassment were time-barred

3

by the ASA. *See generally* ECF No. 108. In denying the motion for summary judgment, the Court held that, because Plaintiff had not asserted claims for sexual harassment, sexual discrimination, or retaliation, any damages for lost commissions could only be recovered under one or more of her existing causes of action. ECF No. 204.

Trial was scheduled to commence in this matter on September 8, 2025. ECF No. 95. On August 25, 2025, at the final pretrial conference scheduled, the Court adjourned the trial until January 12, 2026. ECF No. 250.

On October 10, 2025, Plaintiff filed the instant motion. Plaintiff seeks to add two new counts, a cause of action for retaliation and for hostile work environment/harassment, under N.Y.C.H.R.L., Admin. Code 8-101.

## DISCUSSION

"The Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021) (quoting *Young v. Sw. Airlines Co.*, No. 2:14-CV-1940-LDH-RLM, 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016)). A finding of "good cause" depends on the diligence of the moving party. *Parker*, 204 F.3d at 340.

The Court finds that Plaintiff has not established good cause to amend the

4

Complaint. As an initial matter, the Court does not find that Plaintiff has acted diligently with respect to the proposed amendment. The new claims are not based upon facts learned after the pleading stage or through discovery. Rather, the basis for the proposed harassment and retaliation claims were known to Plaintiff from the outset of this case. Plaintiff acknowledges as much, arguing that the "proposed amendments—a retaliation claim and a harassment claim—arise directly from the same facts alleged in the original complaint." ECF No. 260 at 4. *Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75, 76 (2d Cir. 2018) (affirming denial of motion to amend under liberal Rule 15(a) standard "where nearly all of the relevant facts giving rise to" the newly asserted claims "were or should have been peculiarly within" the plaintiff's possession). "A court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed." *Leber v. Citigroup, Inc.*, No. 07 CV. 9329-SHS, 2011 WL 5428784, at *6 (S.D.N.Y. Nov. 8, 2011) (cleaned up).

Plaintiff attempts to excuse the delay as resulting from an intervening change in law, citing recent New York cases that purportedly clarify that harassment and retaliation claims could be revived by the Adult Survivors Act. ECF No. 260 at 8-9. Yet the referenced cases date back to 2023 and 2024. The latest case cited by Plaintiff addressing this issue is from January 2025. These cases do not demonstrate diligence when Plaintiff waited until October 2025 to file the instant motion.

Moreover, amendment at this very late stage of the case would be highly

prejudicial.  Plaintiff's motion comes after the close of fact discovery, the resolution of Plaintiff's summary judgment motion, and the submission of pretrial filings, including the Joint Pretrial Order and motions in limine.  *Brown v. Fisher*, 486 F. App'x 959, 960 (2d Cir. 2012) (affirming denial of motion to amend complaint filed more than eight months after the summary judgment motion had been filed, a year after discovery had closed, and almost two years after the initial complaint had been filed).  The Court agrees with Defendant that causes of action under the N.Y.C.H.R.L. for harassment and retaliation implicate elements and proof distinct from the four counts previously pleaded.  With discovery closed, and the parties on the eve of trial, changing the theory of the case at this late date would result in undeniable prejudice to Defendant.  *See Morency*, 728 F. App'x at 76 ("Permissible reasons to deny leave to amend include . . . perhaps most important, the resulting prejudice to the opposing party.").

Plaintiff's invocation of Rule 15(b) is similarly unavailing.  "Rule 15(b) motions, which are usually made at the conclusion of the plaintiff's case, are intended to correct the theory of an existing claim and not to assert new and different claims.  The purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried."  *Timex Licensing Corp. v. Advance Watch Co.*, No. 3:07-CV-01731 VLB, 2010 WL 3169345, at *2 (D. Conn. Aug. 10, 2010) (cleaned up).  Rule 15(b)(1) thus permits the Court to amend pleadings if an objection has been raised "at trial" to the introduction of evidence.  By its plain terms, Rule 15(b)(1) is inapplicable here.

Nor has Defendant impliedly consented to try claims of retaliation and harassment within the meaning of Rule 15(b)(2). Defendant's references to sexual harassment and retaliation throughout the conduct of this litigation cannot be understood as implied consent to litigate separate causes of action not pled in the Complaint. Rather, allegations regarding harassment and retaliation were relevant to the IIED claim. But even though the Court held, in denying the motion to dismiss, that the allegations of harassment and retaliation set forth in the Complaint could plausibly make out a claim for IIED, that does not mean that Defendant has been on notice that he would have to defend against causes of action for harassment or retaliation under the N.Y.C.H.L.R., which have different elements and proofs associated with them.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to amend the Complaint is denied. The Clerk of Court is directed to terminate ECF No. 259.

SO ORDERED.

Dated: November 5, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge