UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DREW DIXON,

                        Plaintiff,                        23-CV-09878 (JAV)

      -v-                                             ORDER

ANTONIO MARQUIS "L.A." REID,

                        Defendant.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      The parties have requested that certain information submitted in connection with Defendant's *Daubert* motion seeking to preclude the expert testimony of Dr. Chitra Raghavan, including substantial portions of the memoranda of law and exhibits submitted in connection with that motion, be redacted and/or placed under seal. *See* ECF Nos. 118, 128, 146, 163. The motions to seal are **GRANTED IN PART AND DENIED IN PART**.

      The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . .relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 120. Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.*

      To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 8 (1986)). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

      *Daubert* motions call upon the Court to exercise its Article III powers, and thus constitute

judicial documents. Yet the Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment. Thus, while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Applying this standard, the Court grants the motion to seal Exhibits 1, 2 and 3 of the Korn Declaration (ECF No. 117-1, 117-2, 117-3), as they are replete with sensitive and confidential information regarding Plaintiff's medical and psychiatric history, details regarding Plaintiff's sexual history, other personal and confidential details regarding Plaintiff that do not bear on the litigation, and the personal information of a third party witness. The Court finds that the interests in personal privacy outweigh the limited public interest in access to this information.

The Court grants in part and denies in part the motion to seal the memoranda of law. The redactions proposed by Plaintiff would conceal from the public the majority of the parties' legal arguments. Much of this information was relied upon as material to the Court's decision on this matter. ECF No. 234. Plaintiff seeks to redact all references in the briefs to even the concept of sexual assault, even though that is the subject matter of this lawsuit. The proposed redactions are thus not narrowly tailored to serve Plaintiff's interest in the protection of private and confidential information.

The Court does find, however, that Plaintiff's privacy interest in any information pertaining to assaults or sexual conduct involving third parties outweighs the public right of access to judicial documents. Thus, Defendant shall redact such information from pages 6, 8, 9 and 17 of the moving brief (ECF No. 116). Plaintiff is authorized to redact similar information at page 16 of her opposition brief (ECF No. 147). In his reply brief (ECF No. 165), Defendant shall redact the information at page 8 that falls within this category.

The parties shall refile ECF No. 116, ECF No. 147 and ECF No. 165 on the public docket by December 18, 2025, with all information unredacted except that specifically authorized for sealing in this Order.

The Clerk of Court is directed to terminate ECF Nos. 118 and 163.

SO ORDERED.

Dated: December 15, 2025
      New York, New York

                                          JEANNETTE A. VARGAS
                                          United States District Judge