UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                  :

DREW DIXON,                           :

                    Plaintiff,      :

                           :           23-CV-09878 (JAV)

        -v-                  :

                           :        <u>OPINION AND ORDER</u>

ANTONIO MARQUIS "L.A." REID,    :

                    Defendant.    :

                           :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Drew Dixon ("Plaintiff") brings claims against Defendant Antonio Marquis "L.A." Reid ("Defendant") for sexual battery and assault under New York Penal Law Article 130; false imprisonment; intentional infliction of emotional distress; and violations of the New York City Gender-Motivated Violence Act, N.Y.C. Admin Code § 8-903. ECF No. 1 ("Compl."), ¶¶ 79-98. Now pending before the Court are Plaintiff's motions in limine. ECF No. 180 ("Motions in Limine"). For the following reasons, Plaintiff's Motions in Limine are GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff is a former music producer and a former senior Artists and Repertoire ("A&R") executive. Compl., ¶ 1. In the 1990s, Plaintiff worked at Def Jam Recordings ("Def Jam") as a Director of A&R. *Id.*, ¶ 14. Plaintiff alleges that

she abruptly departed from her job at Def Jam after her boss, Russell Simmons, "brutally raped" her in 1995. *Id.*, ¶ 18.

Several months later, Plaintiff accepted a job as Senior Director of A&R at Arista Records ("Arista"). *Id.*, ¶ 19. A few years later, she was promoted to Vice President of A&R at Arista. *Id.* In 2000, Defendant succeeded Mr. Davis as President and CEO of Arista. *Id.*, ¶ 27.

Plaintiff alleges that, after becoming her boss, Defendant began a pervasive pattern of sexualizing and harassing Plaintiff and, when she rejected his advances, sabotaging her career. *See id.*, ¶¶ 39-63. Plaintiff alleges that Defendant sexually assaulted her on a private flight to an Arista company-wide retreat in Puerto Rico in January 2001. *Id.*, ¶ 43. Plaintiff alleges that Defendant sexually assaulted her again in 2001 in his car. *Id.*, ¶ 49.

Plaintiff alleges that she left Arista in 2002 "once she realized [Defendant] would continue to stifle her career and the prospects of any of the artists she brought to him . . . in order to punish [Plaintiff] for rejecting his sexual pressures." *Id.*, ¶ 57. Plaintiff alleges that she "went into a severe depression" and "continued therapy with various professionals to help treat her [complex post-traumatic stress disorder ("PTSD")] and other issues associated with the trauma of her sexual assaults." *Id.*, ¶ 75.

On December 13, 2017, the *New York Times* published an article in which Plaintiff recounted how Mr. Simmons raped her and in which Plaintiff briefly mentioned Defendant's harassment of her. *Id.*, ¶ 68.

In this action, Plaintiff seeks to recover damages for the "extreme emotional distress, humiliation, fear, psychological trauma, loss of dignity and self-esteem, and invasion of her privacy," as well as economic damages. ECF No. 177 at 15. At trial, Plaintiff intends to call Dr. Chitra Raghavan as an expert witness, who will opine that Plaintiff meets the diagnostic criteria for PTSD, complex PTSD, and major depressive disorder. ECF No. 234 at 7. As relevant here, Plaintiff seeks $1.9 million for treatment of psychological trauma and amounts to be determined by the jury for pain and suffering and punitive damages. ECF No. 177 at 15-16.

## LEGAL STANDARDS

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984)) (italics omitted). "Indeed, '[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Id.* (quoting *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996)) (italics omitted). Still, "[t]he Court's ruling regarding a motion in limine is 'subject to change when the case unfolds.'" *Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01-CV-3796 (PKL), 2005 WL 1026515, at *4 (S.D.N.Y. May 2, 2005) (quoting *Luce*, 469 U.S. at 41) (italics omitted).

"Trial courts enjoy considerable discretion to decide evidentiary issues." *United States v. Gabinskaya*, 829 F.3d 127, 134 (2d Cir. 2016) (citation omitted). Pursuant to Rule 401, "evidence is relevant if it 'has any tendency to make a [consequential] fact more or less probable than it would be without the evidence.'" *Id.* (quoting Fed. R. Evid. 401(a)). "[T]he standard of relevance established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.,* 760 F.2d 1366, 1375 (2d Cir. 1985) (cleaned up). But Rule 403 prevents the admission of otherwise relevant evidence whose "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under Rule 404, there is a general ban against propensity evidence. Rule 404 provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). "Other act evidence" (evidence of any crime, wrong, or act other than those charged), however, may be admitted for another purpose. *Carroll v. Trump*, 124 F.4th 140, 156 (2d Cir. 2024). "Acceptable purposes include, but are not limited to, showing 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id.* (quoting Fed. R. Evid. 404(b)(2)). "Other acceptable purposes include providing direct corroboration of other testimony . . . and showing the existence of a pattern, or 'modus operandi.'" *Id.* at 156-57 (citation omitted) (italics omitted).

The Second Circuit has long taken an "'inclusionary' approach to Rule 404(b), under which other act evidence is admissible unless it is introduced for the sole purpose of showing a defendant's bad character, subject to the relevance and prejudice considerations set out in Rules 402 and 403." *Id.* at 157 (citations omitted).

"[I]n a civil . . . proceeding involving alleged sexual misconduct," Rule 412 prohibits the admission of "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a)(1)-(2). "In a civil case," however, a "court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).

"In a civil case involving a claim for relief based on a party's alleged sexual assault," Rule 415 provides that a "court may admit evidence that the party committed any other sexual assault." Fed. R. Evid. 415(a). Furthermore, "[t]he evidence may be considered as provided in Rules 413 and 414." *Id.* Rule 413 defines "sexual assault" as a "crime under federal law or under state law" involving:

> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
>
> (2) contact, without consent, between any part of the defendant's body -- or an object -- and another person's genitals or anus;
>
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
>
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or

> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

*Carroll*, 124 F.4th at 154 (quoting Fed R. Evid. 413(d)).

"Rules 413 and 415, together with Rule 414, are congressionally-enacted exceptions to the general ban against propensity evidence." *Id.* at 154 (cleaned up). Accordingly, "unlike [Rule] 404(b), which allows prior bad act evidence to be used for purposes *other than* to show a defendant's propensity to commit a particular crime," Rules 413 and 415 "permit a jury to consider evidence of a different sexual assault precisely to show that a defendant has a *pattern or propensity for committing sexual assault.*" *Id.* (cleaned up).

There are at least two other requirements to admit evidence under Rule 415. First, protections under Rule 403 still "apply to evidence being offered under Rule 415." *Id.* at 155 (citation omitted).  Second, the *Huddleston* standard determines whether a court should admit evidence under Rule 415.  *Id.*  Under the *Huddleston* standard, a "court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact whether the defendant committed the prior act by a preponderance of the evidence." *Id.* (cleaned up).  Accordingly, a "court need not itself find by a preponderance of the evidence that the other assault occurred," but "must ask whether a jury could reasonably make such a finding." *Id.* at 156 (cleaned up).

In sum, there are at least three requirements to admit evidence of other sexual assaults under Rule 415.  Rule 415 requires:

(1) the civil case [to] involve[] a claim for relief based on a
party's alleged sexual assault;

(2) the [determination] that a jury could reasonably find by a
preponderance of the evidence that the party committed the
other sexual assault (as defined by Rule 413); and

(3) applying Rule 403, the [determination] that the probative
value of the evidence is not substantially outweighed by the
danger of unfair prejudice.

*Id.*

## DISCUSSION

**A.     Plaintiff's First Motion in Limine**

In her first motion in limine, Plaintiff seeks to exclude three categories of
evidence: (1) evidence concerning sexual assaults of third-party minors, (2) evidence
concerning prior sexual assaults of Plaintiff committed by third-party perpetrators,
and (3) evidence concerning any reference to Plaintiff's sexual behavior that
Defendant characterizes as consensual, including sexual behavior with Defendant
or third parties.  ECF No. 183 ("Mem.") at 2-10.

The Court grants Plaintiff's application to exclude evidence regarding the
sexual assault of third-party minors.  The Court finds that, under Rule 403, the
probative value of this evidence is substantially outweighed by the risk of unfair
prejudice.

The Court denies Plaintiff's motion to exclude evidence of sexual assaults of
Plaintiff committed by persons other than Defendant.  Plaintiff contends that such
evidence should be presumptively excluded under Rules 412 and 403.  Mem. at 3-6.
Yet evidence regarding other non-consensual sexual encounters does not fall within

the ambit of Rule 412, as it is not being offered to demonstrate sexual predisposition but rather other potential causes of Plaintiff's emotional distress and psychological injuries.  *See, e.g.*, *Lane v. Am. Airlines, Inc.*, No. 18-CV-6110 (MKB), 2024 WL 1200074, at *3 (E.D.N.Y. Mar. 20, 2024) ("Rule 412 is not applicable to evidence of Lane's trauma history, including any sexual abuse or assaults that she experienced prior to the Flight, to the extent Defendant offers such evidence to prove causation of Lane's psychological injuries and to apportion damages."); *Doe v. Bridges to Recovery, LLC*, 20-CV-348 (SVW), 2021 WL 4690830, at *16 (C.D. Cal. May 19, 2021) ("FRE 412 is inapplicable to the evidence of prior sexual assaults because that evidence is not being offered to prove that Kris Doe engaged in other sexual behavior or to prove her sexual predisposition."); *cf. Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) ("[S]ince plaintiffs seek to prove that they have suffered emotional distress as a result of the sexual harassment through their testimony and the testimony of their therapists, defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related.").

Plaintiff has squarely placed her emotional and psychological condition at issue by seeking to introduce evidence that Defendant's alleged assault resulted in PTSD, complex PTSD, and major depressive disorder, and by bringing a claim for intentional infliction of emotional distress.  Evidence of prior sexual assaults is highly probative of whether Plaintiff's claimed emotional distress damages and

psychological injuries are attributable in whole or in part to Defendant's acts or a third party's acts.

As to evidence of Plaintiff's consensual sexual history, the Court grants the motion to preclude the introduction of evidence concerning Plaintiff's past romantic or consensual sexual involvement with any person other than Defendant under Rules 403 and 412. The Court finds that such evidence is inadmissible under Rule 412, and under Rule 403, the probative value of this evidence is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury.

The Court denies as premature Plaintiff's motion to the extent it seeks to exclude evidence that Plaintiff engaged in willing sexual encounters with Defendant on occasions other than the two alleged incidents of sexual assault. Such evidence potentially concerns one of the core issues in this case: whether the incidents at issue in this lawsuit were or were not consensual. Indeed, under Rule 412(b), evidence "of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent," is explicitly carved out from the ambit of Rule 412 in criminal cases.

The Court cannot rule on the admissibility of such evidence, however, until Defendant first complies with the procedures set forth in Rule 412(c). Defendant must file the requisite motion under Rule 412(c) no later than **December 29, 2025**.

**B.**    **Plaintiff's Second Motion in Limine**

The Court denies Plaintiff's second motion in limine, which seeks to categorically exclude all references to her unpublished memoir drafts.  Mem. at 10-14.  This motion is overly broad and vague.  As Defendant points out, Plaintiff's unpublished memoir drafts contain Plaintiff's own descriptions of events central to this case, Plaintiff's thoughts about Defendant, and other subjects which may well be relevant to Plaintiff's claims or be the proper subject of cross-examination.  ECF No. 195 at 13-17.  To the extent that Plaintiff has objections to the introduction or use of specific information contained in the draft memoirs, Plaintiff can raise those objections at the proper time.

**C.**    **Plaintiff's Third Motion in Limine**

The Court denies Plaintiff's third motion in limine, which seeks to exclude all references to Plaintiff's mental or physical health conditions.  Mem. at 15.  As discussed above, Plaintiff has placed her emotional and psychological condition at issue in this case.  Defendant is entitled to probe the extent to which her physical health, including a serious medical diagnosis, potentially contributed to Plaintiff's emotional distress during the relevant period.  Accordingly, the Court declines to categorically exclude such evidence under Rule 403.

**D.**    **Plaintiff's Fourth Motion in Limine**

The Court grants Plaintiff's fourth motion in limine, which seeks to exclude all references to other past or pending litigation involving Plaintiff, including Plaintiff's case against Mr. Simmons, as evidence of Plaintiff's purported

litigiousness.  *Id.* at 15-17.  Defendant has already stipulated that he will not reference the lawsuit involving Mr. Simmons.  ECF No. 194 at 17.  The Court finds that such evidence is properly excluded under Rule 403.

**E.    Plaintiff's Fifth Motion in Limine**

The Court grants Plaintiff's fifth motion in limine, which seeks to exclude all references to Defendant's financial status, net worth, and purported insolvency until the punitive damages phase of the trial.  Mem. at 17-18.  Defendant consents to and joins in this application.  ECF No. 194 at 17-18.

**F.    Plaintiff's Sixth Motion in Limine**

The Court denies in part and reserves decision in part on Plaintiff's sixth motion in limine, which seeks a ruling as to the admissibility of evidence concerning four separate sets of allegations that Defendant has engaged in other workplace sexual misconduct.  Mem. at 18-25.  Plaintiff argues that this other acts evidence is admissible under Rule 404(b)(2) to establish Defendant's modus operandi of "us[ing] his position of authority to lure [women] into private areas (generally in or near the office) to either demand sexual favors from them or sexually assault them" and then "retaliat[ing] against them" when the "accusers were unable to continue working with Defendant."  *Id.* at 21.  Alternatively, Plaintiff contends these other act cases establish Defendant's modus operandi "of having sexual intercourse in the office with employees and using his authority to demand sexual favors from them."  *Id* at 22.  The Court will address each set of allegations in turn.

First, Plaintiff seeks to introduce evidence about a female assistant who alleged Defendant sexually harassed her. *Id.* at 19. Plaintiff cites a news article that reports Defendant's former assistant accused Defendant of making "inappropriate remarks about [her] appearance and clothing and [made sexual] propositions that caused her embarrassment and distress." *Id.* at 21 (citation omitted). Sony Records entered into a settlement agreement regarding these accusations, *id.*, Ex. 2, and Defendant reportedly stepped down from his position at Sony Records as a result, *id.* at 19.

To introduce other acts evidence as demonstrating a modus operandi, "the prior acts must share an unusual characteristic or signature with the charged offenses." *United States v. Reese*, 933 F. Supp. 2d 579, 582 (S.D.N.Y. 2013) (quotation marks omitted). That is, they must share "characteristics . . . sufficiently idiosyncratic to permit a fair inference of a pattern's existence." *Carroll*, 124 F.4th at 168 (quotation marks and citation omitted). "The similarities between the past acts and current allegations need not be complete. It is enough for admissibility purposes that the acts be sufficiently similar as to earmark them as the handiwork of the accused." *Id.* (quotation marks omitted).

Plaintiff has not set forth the specific evidence that she would seek to introduce at trial to demonstrate that Defendant sexually harassed his former assistant. Thus, any ruling on admissibility would be premature. Moreover, based on the current record, the Court cannot determine if the allegations regarding the

former assistant share sufficiently idiosyncratic characteristics with Plaintiff's claims in the instant case. The Court therefore reserves decision on this motion.

Second, Plaintiff seeks to introduce evidence that another former Arista Records employee, Kim Pham, accused Defendant of sexual harassment. Mem. at 19. The only evidence Plaintiff points to in support of this purported other act is testimony from Karen Kwak, a former A&R executive at Arista Records, who recalls being questioned in connection with an internal investigation regarding a complaint of either sexual harassment or assault by Defendant against Ms. Pham. *Id*., Ex. 3 at 202:1-205:17. Ms. Kwak was unaware of what specific allegations had been made. *Id*.

To the extent that Plaintiff seeks to introduce Ms. Kwak's testimony regarding this past incident, the motion is denied. In addition to the potential hearsay issues, the details provided to the Court are so scant that it cannot be said that the alleged other act shares any "idiosyncratic" characteristics in common with Plaintiff's allegations. To the extent that Plaintiff seeks to present other, unspecified evidence regarding these allegations, the Court again reserves decision until trial.

Third, Plaintiff seeks to introduce evidence about a former Arista artist who has accused Defendant of propositioning her. The artist claims that, the day after the artist rejected Defendant, she learned that the label had "pulled the plug on [her] single, closed [her] budget and within a few months, [and] dropped [her] from

the label."[1]  *Id.* at 19.  The Court finds that these specific allegations of retaliation following a rejected sexual advance are sufficiently distinct and comparable to Plaintiff's allegations in this case that they are admissible under Rule 404(b)(2). For example, Plaintiff's claim of intentional infliction of emotional distress is premised in part on actions Defendant allegedly took to stifle Plaintiff's career in the music industry in retaliation for refusing to have sex with him, including by refusing to sign major recording artists that she had found.  Testimony from this artist regarding these incidents is therefore admissible under Rule 404(b)(2) to establish modus operandi and as corroboration of Plaintiff's account.

Fourth, Plaintiff seeks to introduce evidence that Defendant allegedly had an affair with a recording artist, based on information revealed in a televised interview of Defendant's ex-wife.  *Id.* at 20.  The evidence regarding Defendant's purported extramarital affair with a recording artist is not probative of modus operandi, however.  Plaintiff has not proffered that this recording artist was assaulted, that the relationship was non-consensual, or that there are any other similarities between the allegations in the instant case and Defendant's interactions with the artist.  Such evidence is therefore not admissible at trial.

Plaintiff alternatively argues that the evidence relating to Defendant's sexual assaults of subordinates is admissible under Rule 415.  This argument is easily disposed of.  Plaintiff has not established that any of these other acts involved alleged non-consensual physical contact within the meaning of Rule 413(d)(2) or

---

[1] Plaintiff does not provide a citation for this statement.  *See* Mem. at 19.

413(d)(3), or conduct prohibited by 18 U.S.C. chapter 109A.  Additionally, Plaintiff

has yet to set forth the evidence she intends to rely on to establish these prior acts

of sexual assault.  The Court therefore is unable to conclude that a jury could

reasonably find by a preponderance of the evidence that Defendant "committed the

other sexual assault (as defined by Rule 413)."  *Carroll*, 124 F.4th at 156.

Accordingly, Plaintiff has failed to establish the predicates for admissibility under

Rule 415.

## CONCLUSION

Plaintiff's Motions in Limine are GRANTED IN PART AND DENIED IN

PART.  The Clerk of Court is directed to terminate ECF Nos. 180 and 183.

SO ORDERED.

Dated:  December 16, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge