**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DREW DIXON,

      *Plaintiff*,

      v.

ANTONIO MARQUIS "LA" REID,

      *Defendant*.

Case No. 1:23-cv-09878-JAV

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S RULE 412 MOTION**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND ..................................................................................................... 1

    I.   The Audio Recording ................................................................................ 3

    II.  Dr. Raghavan's Treatment Notes ............................................................. 4

    III.  Dixon's Memoir Drafts ............................................................................ 5

ARGUMENT .......................................................................................................... 6

    IV.  Defendant's Late-Breaking Attempt to Argue Consent Should be Rejected....................... 6

    V.  Rule 412 Legal Standard ........................................................................ 10

        A.  Rule 412 Applies to the Challenged Evidence ................................... 10

        B.  Rule 412 Applies a Heightened Admissibility Standard ..................... 14

    VI.  ████████████████████████████ ................................................ 16

        A.  ████████████ are Prejudicial and of Limited Probative Value......... 16

    VII. Dr. Raghavan's Therapy Notes are Inadmissible Under Rule 412(b)(2)..................... 20

CONCLUSION ...................................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Babcock v. Frank*,
    729 F.Supp.279 (S.D.N.Y. 1990) ........................................................... 17

*Barta v. City & Cnty. of Honolulu*,
    169 F.R.D. 132 (D. Haw. 1996) ............................................................ 15

*Blackmon v. Buckner*,
    932 F. Supp. 1126 (S.D. Ind. 1996) ..................................................... 15

*Bouveng v. NYG Cap. LLC*,
    175 F.Supp.3d 280 (S.D.N.Y. 2016) .................................................... 17

*Brown v. Showboat Atl. City Propco, LLC*,
    2010 WL 5237855 (D. N.J. Dec. 16, 2010) ............................................ 8

*Carrero v. New York City Housing Auth.*,
    668 F.Supp. 196 (S.D.N.Y. 1987) ........................................................ 17

*Chase v. Stendhal*,
    16 Misc. 3d 1137(A), 851 N.Y.S.2d 57 (Sup. Ct. N.Y. Cnty. 2007) ......................................... 8

*Com. v. Fionda*,
    33 Mass. App. Ct. 316, 599 N.E.2d 635 (1992) .................................... 20

*Curtis v. State*,
    236 Ga. 362, 223 S.E.2d 721 (1976) ..................................................... 21

*Dixon v. Reid*,
    2025 WL 3638953 (S.D.N.Y. Dec. 16, 2025) .......................................... 2

*Ewing v. United States*,
    135 F.2d 633 (D.C. Cir. 1942) .................................................................. 7

*Glazier v. Fox*,
    2016 WL 827760 (D. V.I. Mar. 2, 2016) ......................................... 12, 15

*Graf v. Morristown-Hamblen Hosp. Ass'n*,
    155 F.4th 578 (6th Cir. 2025) ................................................................ 11

*Graydon v. State*,
    329 Ark. 596, 953 S.W.2d 45 (1997) ................................................ 18, 19

*Harness v. Anderson Cnty., Tennessee*,
    2019 WL 8405381 (E.D. Tenn. Oct. 23, 2019) ..................................... 12

*In re Agent Orange Prod. Liab. Litig.*,
   98 F.R.D. 539 (E.D.N.Y. 1983) ................................................................. 22

*Iverson v. Vanhouse*,
   2025 WL 3140737 (Minn. Ct. App. Nov. 10, 2025) ................................... 21

*Jacobson v. Blaise*,
   157 A.D.3d 1072 (3d Dep't 2018) ............................................................. 18

*Jenkins v. McQuiggin*,
   2012 WL 7985342 (E.D. Mich. Dec. 13, 2012) .......................................... 7

*Jianjun Chen v. 2425 Broadway Chao Rest., LLC*,
   2019 WL 1244291 (S.D.N.Y. Mar. 18, 2019) ............................................ 8

*Johnson v. Moore*,
   472 F. Supp. 2d 1344 (M.D. Fla. 2007) ...................................................... 7

*Karibian v. Columbia Univ.*,
   14 F.3d 773 (2d Cir. 1994) ....................................................................... 17

*Kim v. Sobol*,
   180 A.D.2d 976 (3d Dep't 1992) .............................................................. 10

*King v. Curtis*,
   2015 WL 13743894 (W.D. Mich. Dec. 8, 2015) ........................................ 9

*Lakah v. UBS AG*,
   2013 WL 2246955 (S.D.N.Y. May 22, 2013) ............................................ 9

*Learning Care Grp., Inc. v. Armetta*,
   2016 WL 3248178 (D. Conn. June 12, 2016) ............................................ 9

*LeMaistre v. Wayne*,
   2025 WL 3049586 (C.D. Cal. Oct. 23, 2025) .......................................... 11

*Meritor Sav. Bank, FSB v. Vinson*,
   477 U.S. 57 (1986) .................................................................................... 17

*People v. Austin*,
   219 Cal. App. 4th 731, 161 Cal. Rptr. 3d 883 (2013) ............................... 21

*People v. Gathers*,
   47 A.D.3d 959 (3d Dep't 2008) .................................................................. 8

*People v. Hastings*,
   72 Ill.App.3d 816, 28 Ill.Dec. 683, 390 N.E.2d 1273 (1st Dist. 1979)..................... 18

*People v. Jones*,
  2021 WL 12343701 (Colo. App. Nov. 18, 2021) .................................................................. 21

*People v. Westfall*,
  95 A.D.2d 581 (3d Dep't 1983) ............................................................................................ 7

*Petersen v. United States*,
  352 F. Supp. 2d 1016 (D. S.D. 2005) .................................................................................. 7

*Roldan v. Lewis*,
  2025 WL 676090 (E.D.N.Y. Mar. 3, 2025) .......................................................................... 9

*Sheffield v. Hilltop Sand & Gravel Co.*,
  895 F. Supp. 105 (E.D. Va. 1995) ........................................................................................ 12

*Smith v. Ergo Sols., LLC*,
  2019 WL 3068293 (D.D.C. 2019) ......................................................................................... 19

*Socks-Brunot v. Hirschvogel Inc.*,
  184 F.R.D. 113 (S.D. Ohio 1999) ............................................................................... 15, 16, 19

*Stampf v. Long Island R.R. Auth.*,
  2011 WL 3235704 (E.D.N.Y. July 28, 2011) ...................................................................... 10

*State v. Cebada*,
  544 P.3d 269 (N.M. 2023) ..................................................................................................... 20

*Sumpter v. Snyder*,
  2025 WL 53138 (N.D.N.Y. Jan. 9, 2025) ............................................................................. 13

*T.C on Behalf of S.C. v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*,
  2018 WL 3348728 (M.D. Tenn. July 9, 2018) ................................................................ 18, 23

*Trooper 1 v. New York State Police*,
  2024 WL 1345516 (E.D.N.Y. Mar. 29, 2024) ..................................................................... 22

*United States v. Andreozzi*,
  60 M.J. 727 (A. Ct. Crim. App. 2004) ................................................................................. 19

*United States v. Berkley*,
  1997 WL 657007 (4th Cir. 1997) ......................................................................................... 13

*United States v. Bindues*,
  2023 WL 3230795 (D. N.M. May 3, 2023) .......................................................................... 11

*United States v. Boltz*,
  2025 WL 712065 (N.D. Ill. Mar. 4, 2025) ........................................................................... 13

*United States v. Brassil-Kruger*,
   2022 WL 17078711 (A.F. Ct. Crim. App. Nov. 18, 2022)..................................... 21

*United States v. Brierly*,
   2024 WL 4905601 (A.F. Ct. Crim. App. Nov. 25, 2024)..................................... 8

*United States v. Daskal*,
   2023 WL 9424080 (E.D.N.Y. July 12, 2023) ....................................... 11

*United States v. Galloway*,
   937 F.2d 542 (10th Cir. 1991) ....................................... 13

*United States v. Heon Seok Lee*,
   937 F.3d 797 (7th Cir. 2019) ....................................... 15

*United States v. Kidd,*
   385 F. Supp. 3d 250 (S.D.N.Y. 2019)....................................... 11, 14

*United States v. Parker*,
   54 M.J. 700 (A. Ct. Crim. App. 2001) ....................................... 7

*United States v. Perez*,
   2022 WL 1421408 (2d Cir. May 5, 2022) ....................................... 13

*Warren v. Prejean*,
   301 F.3d 893 (8th Cir. 2002) ....................................... 12, 13

*Wolak v. Spucci*,
   217 F.3d 157 (2d Cir. 2000)....................................... 15

## Statutes

NY Penal Law §§ 130.05....................................... 9

NY Penal Law §§ 130.16....................................... 9

NY Penal Law §§ 130.92....................................... 9

## Other Authorities

Fed. R. Evid. 412, Advisory Committee Notes
   (1994 Amendments)....................................... 13, 19

## Rules

Fed. R. Evid. 412 ....................................... 1, 2, 11, 14

## PRELIMINARY STATEMENT

As set forth in the complaint, Defendant LA Reid ("Defendant" or "Reid"), Plaintiff's former supervisor at Arista Records, abused his position of power to sexually harass Plaintiff Drew Dixon ("Plaintiff" or "Dixon") in the workplace, sexually assault her on multiple occasions, and then retaliate against her professionally when she refused or rebuffed his advances. *See* ECF No. 1. The complaint brought claims for sexual assault/battery; false imprisonment; intentional infliction of emotional distress ("IIED"); and Gender Motivated Violence. *Id*.

In connection with the upcoming trial in this matter, Defendant moves under Federal Rule of Evidence 412 seeking to admit certain pieces of highly inflammatory, sensitive evidence relating to Plaintiff's sexual history and intimate sexual details; which he contends demonstrate Plaintiff's consent to his advances. *See* ECF No. 303 (the "Motion"). This Motion should be rejected wholesale. Under the heightened admissibility standard of Rule 412 (and under the normal admissibility standard of Rule 403), the sexual details that Defendant seeks to admit are precisely the type of propensity-based, prior sexual behavior evidence that the Rule is designed to exclude. Moreover, any plausible relevance is wholly belied by Defendant's consistent position in this litigation, supported by his prior sworn testimony, that he never engaged in *any* sexual conduct whatsoever with Plaintiff. The challenged evidence clearly fails the admissibility balancing test under Rule 412, as the proffered evidence of Plaintiff's prior sexual behavior has little probative value and carries a high risk of prejudice, embarrassment, and distraction of the jury.

Plaintiff respectfully requests that the Court deny the Rule 412 Motion, and rule that the challenged evidence is inadmissible at trial.

## BACKGROUND

In July 2025, Plaintiff filed a motion in limine, seeking to exclude various categories of

harmful, prejudicial, and irrelevant information from the trial. *See* ECF No. 183. In this motion, Plaintiff argued, *inter alia*, that the Court should exclude under Federal Rule of Evidence 412 any references to allegedly consensual prior encounters between Plaintiff and Defendant. Specifically, Plaintiff argued that, even if her prior encounters with Defendant could be characterized as consensual—which she has always, and has continued to, emphatically deny—"the fact that a victim consents to sexual acts with defendants on separate, prior occasions is not itself probative of consent to the separate sexual acts complained of." *Id*. at 8. Defendant opposed the motion in limine, contending that "the Court must admit" "three particularly compelling pieces of evidence" allegedly showing that "Dixon impliedly acquiesced to any supposed sexual contact by Reid." ECF No. 195 at 6. Defendant argued that this evidence of alleged consensual acts was "manifestly relevant and admissible," *id*., because "'lack of consent' is an element of Dixon's required showing." *Id*. at 8. Defendant further argued that Rule 412 does not apply to this evidence because he was not seeking to show Dixon's "sexual predisposition." *Id*. at 7.

In a December 16, 2025 opinion, the Court denied "as premature" Plaintiff's motion in limine "to the extent it seeks to exclude evidence that Plaintiff engaged in willing sexual encounters with Defendant on occasions other than the two alleged incidents of sexual assault." *Dixon v. Reid*, 2025 WL 3638953, at *4 (S.D.N.Y. Dec. 16, 2025). The Court noted that such evidence implicated Rule 412, and held that "the Court cannot rule on the admissibility of such evidence, however, until Defendant first complies with the procedures set forth in Rule 412(c)"— namely, filing "the requisite motion" to admit Rule 412 evidence. *Id*.

Defendant has now filed the Motion (*see* ECF No. 303), seeking to admit evidence of ███

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████







For the reasons explained below, each of these three categories of evidence should be excluded under Rule 412.

## **ARGUMENT**

**IV.      Defendant's Late-Breaking Attempt to Argue Consent Should be Rejected.**

As an initial matter, Defendant's attempts to introduce evidence in support of his alleged "consent" defense should be disregarded, as Defendant has essentially waived any consent defense by (1) failing to assert consent as an affirmative defense in his answer; ███████████████████ ████████████████████████████████████████████ (3) failing to file this motion until prompted by the Court.

Defendant should not be permitted, on the eve of trial, to newly assert a consent defense ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ █████████████████████ ████████████████████████████████████ ████████████████ ██████████████████ █████████████ ███████████████████████ ███████████████████ ████████████ ███████████████████████████ █████████████████

Plaintiff's Exhibit B, Reid Depo Tr. at 164:3-19; 173:20-22.

███████████████████████████████████████████████████

████████████████████████████████████████████████ *See People v.*

*Westfall*, 95 A.D.2d 581, 584 (3d Dep't 1983) (evidence of "previous sexual relations" between

defendant and victim was irrelevant because "the consent of the victim is not an issue in this case

in regard to [defendant] since he denied any sexual conduct . . . with the complainant-victim");

*United States v. Parker*, 54 M.J. 700, 715 (A. Ct. Crim. App. 2001), *rev'd in part on other grounds*,

59 M.J. 195 (C.A.A.F. 2003) (defendant's "denial of ever engaging in sexual intercourse with AL

. . . eliminates any claim he might otherwise have had of a mistaken belief that AL consented");

*Johnson v. Moore*, 472 F. Supp. 2d 1344, 1361 (M.D. Fla. 2007) (explaining that while testimony

about victim's prior voluntary involvement with defendant "would likely be relevant to a defense

of consent, Roberts does not claim consent; he has consistently maintained that he did not have

sexual relations with" the victim); *Jenkins v. McQuiggin*, 2012 WL 7985342, at *16 (E.D. Mich.

Dec. 13, 2012), *report and recommendation adopted*, 2013 WL 1720723 (E.D. Mich. Apr. 22,

2013) (petitioner was "not entitled to an instruction on consent" as a matter of law because

"petitioner's defense was not one of consent, but that the act charged simply did not occur"); *Ewing*

*v. United States*, 135 F.2d 633, 635 (D.C. Cir. 1942) (defendant waived consent defense because

his "denial that the [assault] occurred was wholly inconsistent with any theory of consent"—"such

a view of the event was contradicted both by the [victim's] testimony and by [defendant's]").

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████ *Petersen v. United*

*States*, 352 F. Supp. 2d 1016, 1026 (D. S.D. 2005); *see also People v. Gathers*, 47 A.D.3d 959,

960 (3d Dep't 2008) (noting credibility issues with defendant's changing narratives of assault incident—defendant "initially denied having any sexual contact with the victim that morning but later admitted that he did but claimed that she had initiated it").

Indeed, the Court is entitled to disregard defense counsel's late assertion of a consent defense because this theory contradicts ████████████████████ *See, e.g., Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, 2019 WL 1244291, at *14 n.8 (S.D.N.Y. Mar. 18, 2019) ("Counsel for Plaintiffs had repeatedly attempted to argue that Plaintiffs' [deposition] testimony should be discounted when it runs contrary to their case . . . The Court rejects the argument that the testimony of counseled Plaintiffs, with their representation present to defend their interests at the deposition, should be discounted when it runs contrary to Plaintiffs' counsels' theory of the case."); *Chase v. Stendhal*, 16 Misc. 3d 1137(A), 851 N.Y.S.2d 57 (Sup. Ct. N.Y. Cnty. 2007) (disregarding defendant's post hoc legal theories which were "contradicted by . . . [defendant's] own deposition testimony"). Courts rightfully recognize "that depositions are more reliable than" statements in briefing or affidavits, "largely because depositions are solely a party's testimony" as opposed to "the products of counsel." *Brown v. Showboat Atl. City Propco, LLC,* 2010 WL 5237855, at *3 (D. N.J. Dec. 16, 2010). This is especially true where the deponent "fail[s] to [] explain contradictory statements." *Id*. at *4. *See also Perma Rsch. & Dev. Co. v. Singer Co*., 308 F. Supp. 743, 748 n. 13 (S.D.N.Y. 1970). ████████████████████████ ████████████████████████

Moreover, consent is an affirmative defense, and as such must be asserted in a defendant's answer. *See United States v. Brierly*, 2024 WL 4905601, at *6 (A.F. Ct. Crim. App. Nov. 25, 2024) ("An honest and reasonable mistake that the victim consented to the charged sexual act is an affirmative defense to sexual assault."). Failure to assert an applicable affirmative defense in an

answer results in waiver of that defense. *See Lakah v. UBS AG*, 2013 WL 2246955, at *2 (S.D.N.Y. May 22, 2013) ("It is well established that a party that has not asserted an affirmative defense in its answer to a complaint has waived that defense."); *Learning Care Grp., Inc. v. Armetta*, 2016 WL 3248178, at *8 (D. Conn. June 12, 2016) ("[A]ffirmative defenses not asserted in an answer are waived."); *King v. Curtis*, 2015 WL 13743894, at *4 (W.D. Mich. Dec. 8, 2015), *report and recommendation adopted,* 2016 WL 228368 (W.D. Mich. Jan. 19, 2016) (defendant "has waived the opportunity to assert the victim's alleged consent as a defense" because he "did not assert the affirmative defense of consent in his answer to Plaintiff's complaint"). Defendant here failed to assert any consent defense in his answer, *see* ECF No. 59, and thus he has waived this defense.

Defendant attempts to circumvent this barrier by arguing that consent is not an affirmative defense, but rather is "an element of every cause of action Plaintiff asserts under the Adult Survivor's Act, which requires that conduct constitute a sexual offense as defined in Article 130 of the New York Penal Law" in order to be statutorily revived. Def's Mot. at 13. It is true that the ASA acts to revive any "civil claim" that, in some way, "arises out of conduct that constitutes a sexual offense" under Article 130. *Roldan v. Lewis*, 2025 WL 676090, at *10 (E.D.N.Y. Mar. 3, 2025). It is also true that Article 130 contains a provision stating that consent "is an element of every offense defined in this article." NY Penal Law § 130.05(1). But it does not follow that because the *conduct* underlying Plaintiff's claims must constitute a sexual offense under Article 130, that the causes of action alleged in the complaint all incorporate consent as an element.

Article 130, a criminal statute, contains numerous other provisions that patently do not apply in a civil action such as this. *See, e.g.*, NY Penal Law §§ 130.92 (sentencing guidelines applicable in criminal sexual violence cases); 130.16 (specialized "corroboration" rules applicable in criminal sexual violence cases). Thus, it would be illogical and procedurally impossible for

courts to apply the entirety of the criminal law provisions of Article 130 to a civil case such as this, simply because the case features ASA-revived civil claims. *See Kim v. Sobol*, 180 A.D.2d 976, 976 (3d Dep't 1992) (explaining that in a non-criminal case, "Petitioner's reliance upon Penal Law § 130.05(1), which makes the victim's lack of consent an element of most sex offenses defined in Penal Law article 130, is entirely misplaced"). Thus, Defendant is incorrect in asserting that Article 130 injects consent as a prima facie element of Plaintiff's claims, and the Court should instead apply the traditional civil framework, which recognizes consent as an affirmative defense. That affirmative defense may be waived by a defendant, and was waived here.

In sum, ████████████████████████████████████████ ████████████████████████████ and where, consistent with that assertion, Defendant failed to assert consent as an affirmative defense, he should be precluded from using Rule 412 as a vehicle to revive a defense he abandoned. The motion should therefore be rejected at the outset.

## V. Rule 412 Legal Standard.

### A. Rule 412 Applies to the Challenged Evidence.

To the extent that the Court is prepared to consider the Motion, there should be no dispute that Rule 412 applies to the evidence Defendant seeks to admit. Defendant's arguments to the contrary are mistaken, and the Court appears to agree, given that the Court ordered Defendant to file a Rule 412 motion as to this evidence. *See Stampf v. Long Island R.R. Auth.*, 2011 WL 3235704, at *7 (E.D.N.Y. July 28, 2011), *aff'd in part*, 761 F.3d 192 (2d Cir. 2014) ("Of course, plaintiff was obligated to bring a motion pursuant to Rule 412 only if Rule 412 applied to the challenged evidence.").

Rule 412 generally "provides that in cases involving sexual misconduct, the following evidence is inadmissible: (1) evidence offered to prove that a victim engaged in other sexual

behavior; and (2) evidence offered to prove a victim's sexual predisposition." *United States v. Kidd,* 385 F. Supp. 3d 250, 252 (S.D.N.Y. 2019), *aff'd*, 2023 WL 7290904 (2d Cir. Nov. 6, 2023) (cleaned up). Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment, and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process." *United States v. Daskal*, 2023 WL 9424080, at *6 (E.D.N.Y. July 12, 2023) (quoting Fed. R. Evid. 412 advisory committee's note).

Here, the challenged evidence falls within Rule 412 because it encompasses ████ ██████████████████████████████████████████████████████████████ ████████████████████████████████ As courts have recognized, "Rule 412 applies to evidence regarding Plaintiff's sexual history with Defendant, subject to any potential exceptions." *See LeMaistre v. Wayne*, 2025 WL 3049586, at *2 (C.D. Cal. Oct. 23, 2025) (evidence that "defendant and plaintiff had a prior consensual sexual interaction before the alleged sexual assault occurred" was within the ambit of Rule 412). Indeed, this principle is recognized in a case cited by Defendant, *Graf v. Morristown-Hamblen Hosp. Ass'n*, 155 F.4th 578 (6th Cir. 2025). There, the Sixth Circuit acknowledged that, if a party "attempt[s] to introduce" "evidence to show that [the victim] engaged in other sexual encounters with [the perpetrator]," then "such evidence would fall within the scope of Rule 412(a)(1) and would be subject to the heightened balancing test required by Rule 412(b)(2)." *Id*. at 593 n.5

████████████████████████████████████████████ also aligns with the general public-policy principle that Rule 412 should be interpreted broadly to protect victims' privacy. *See United States v. Bindues*, 2023 WL 3230795, at *15 (D. N.M. May 3, 2023) (applying a novel and expansive reading of Rule 412, beyond its express text, because an expansive reading

"advances the policy goals that underly Rule 412, namely protecting victims from undue invasions of privacy, embarrassment, and stereotyping"); *Glazier v. Fox*, 2016 WL 827760, at *4 (D. V.I. Mar. 2, 2016) ("[T]he fact that the proponent of the evidence claims that the evidence is not offered to prove sexual predisposition or sexual behavior is not dispositive . . . The protections of Rule 412 [] are not so easily avoided."); *Sheffield v. Hilltop Sand & Gravel Co.*, 895 F. Supp. 105, 109 (E.D. Va. 1995) (noting that a more-expansive view of Rule 412 is "consistent with Congress' intention that the rule be invoked in sexual harassment cases").

Defendant nonetheless argues that Rule 412 is not implicated here because ███████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ Def's Mot. at 9. Defendant's argument misunderstands the meaning of "other sexual behavior" under the Rule. The cases cited by Defendant, in which courts declined to apply Rule 412, are each distinguishable from the case at hand. *Harness v. Anderson Cnty., Tennessee*, 2019 WL 8405381, at *1 (E.D. Tenn. Oct. 23, 2019) is a hostile work environment case in which the plaintiff alleged the defendant made unwelcome sexual comments and sexualized her in the workplace. The defendant sought to introduce various categories of evidence relating to the prior relationship between plaintiff and defendant, such as plaintiff's social media postings, and suggestive pictures she had sent to defendant. *Id*. at *1. The court held that Rule 412 would not apply to evidence that "Plaintiff engaged in any sexual behavior towards" the defendant because such conduct "would not be 'other sexual behavior' that is at issue in this lawsuit." *Id*. ████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

12

██████████ Another case cited by Defendant, *Warren v. Prejean*, 301 F.3d 893 (8th Cir. 2002) similarly involved claims of workplace sexual harassment and retaliation. The court held that the perpetrator's "testimony about [the victim's] statements concerning his own sexual history and preferences" did not implicate Rule 412 because this evidence did not deal with other sexual behavior." *Id*. at 906.████████████████████████████

████████████████████████

Even if the Court were to decline to apply Rule 412, the challenged evidence should still be excluded under Rule 403. "Provisions such as Rule 412 not only serve the broad purpose of protecting victims of rape from harassment and embarrassment in court, but also reinforce the trial judge's traditional power"—as encapsulated in Rule 403—"to keep inflammatory and distracting evidence from the jury." *United States v. Perez*, 2022 WL 1421408, at *2 (2d Cir. May 5, 2022) (citation omitted). Courts commonly conclude that inflammatory evidence relating to a victim's sexual history should be excluded under Rule 412 and Rule 403 alike. *See, e.g., United States v. Berkley*, 1997 WL 657007 at *2, 3 (4th Cir. 1997) ("[E]ven if Rule 412 was not applicable here, the evidence could properly have been excluded under Rule 403 for the same core reasons that it was excluded by the district court under Rule 412"—namely, that the "relevance of the proffered evidence was heavily outweighed by its potential for unfair prejudice"); *Sumpter v. Snyder*, 2025 WL 53138, at *11 (N.D.N.Y. Jan. 9, 2025) (excluding evidence of plaintiff's sexual history "under both Rule 412 and Rule 403"); *United States v. Galloway*, 937 F.2d 542, 548, 549 (10th Cir. 1991) ("[E]ven in the absence of Rule 412 a district court has the authority in a proper case to exclude evidence of past sexual behavior" of an individual when "evidence of the complainant's past sexual behavior [] would be [im]proper under Rule 403"); *United States v. Boltz*, 2025 WL 712065, at *7 (N.D. Ill. Mar. 4, 2025) (holding that "even if not barred by Rule 412," evidence of victim's prior

sexual acts "would nonetheless be barred by Rule 403"). As explained below, the sexual history evidence that Defendant seeks to admit would be inadmissible even under the Rule 403 standard.

**B. Rule 412 Applies a Heightened Admissibility Standard.**

Assuming the Court applies Rule 412, the evidence offered by Defendant is inadmissible. Rule 412 generally "provides that in cases involving sexual misconduct, the following evidence is inadmissible: (1) evidence offered to prove that a victim engaged in other sexual behavior; and (2) evidence offered to prove a victim's sexual predisposition." *United States v. Kidd*, 385 F. Supp. 3d 250, 252 (S.D.N.Y. 2019), *aff'd*, 2023 WL 7290904 (2d Cir. Nov. 6, 2023) (cleaned up). Once a piece of evidence is deemed to fall within Rule 412, different standards apply based on whether the case is a criminal case or a civil case. *See* Fed. R. Evid. 412(a)-(b). In civil cases, Rule 412(b)(2) provides that "the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."

As an initial matter, Defendant improperly asks the Court to apply Rule 412(b)(1), the provision that applies only to *criminal* cases. This subsection provides three specific exceptions under which sexual propensity evidence may be admitted in a criminal case, including that "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct" can be admissible "if offered by the defendant to prove consent." Fed. R. Evid. 412(b)(1)(B). Defendant contends that 412(b)(1) should nevertheless be applied here because "although this case is civil in nature, the same policy considerations support admission here." Def's Mot. at 8. This argument is misguided, because the exceptions in subdivision (b)(1) are expressly inapplicable in civil cases. As explained in the Advisory Committee Notes to Rule 412:

Subdivision (b)(2) governs the admissibility of otherwise proscribed evidence in civil cases. **It employs a balancing test rather than the specific exceptions stated in subdivision (b)(1)** in recognition of the difficulty of foreseeing future developments in the law . . . The balancing test requires the proponent of the evidence, whether plaintiff or defendant, to convince the court that the probative value of the proffered evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice of any party."

Fed. R. Evid. 412, Advisory Committee Notes (1994 Amendments) (emphasis added).

Ignoring this explicit and intentional distinction between civil and criminal cases would not only undermine the public policy rationales behand Rule 412, it would fly in the face of the caselaw interpreting the rule. *See Blackmon v. Buckner*, 932 F. Supp. 1126, 1127 (S.D. Ind. 1996) ("In this civil case, the applicable standard is set forth in Rule 412(b)(2)."); *Barta v. City & Cnty. of Honolulu*, 169 F.R.D. 132, 136 (D. Haw. 1996) ("Rule 412, by its plain language, is subject to certain exceptions applicable to either criminal or civil actions . . . In this civil case . . . the relevant exceptions to Rule 412 are those set out in Rule 412(b)(2)."); *cf. United States v. Heon Seok Lee*, 937 F.3d 797, 816 (7th Cir. 2019) ("Rather than simply analogize criminal cases to civil cases, as [defendant] asks us to do, we give effect to the different text of the different provisions and apply the rules as written."). Thus, the only applicable standard here is Rule 412(b)(2).

Rule 412(b)(2) essentially provides that "[i]n a civil case, 'otherwise admissible' evidence may only be introduced if the proponent can show that 'its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.'" *Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000). "The burden is on the proponent of the evidence to show that" Rule 412(b)(2) evidence is admissible. *Glazier v. Fox*, 2016 WL 827760, at *2 (D.V.I. Mar. 2, 2016).

Rule 412 is not a typical rule of evidence. While in general, "evidence admissible for one purpose but inadmissible for another may be heard by a jury," this "general rule is inapplicable with regard to evidence covered by Rule 412." *Socks-Brunot v. Hirschvogel Inc.*, 184 F.R.D. 113,

119 (S.D. Ohio 1999). This is because Rule 412 "provides a fundamentally different balancing test as to admissibility than that provided by the general relevance standard" and because specific "procedures must be followed." *Id*. Thus, if the proponent of the evidence makes "an insufficient showing" under "the balancing test set forth in Rule 412(b)(2)," the evidence is inadmissible at trial. *Id*. at 123.



Defendant seeks to admit two pieces of evidence in which ███████████████

Both of these items should be excluded under Rule 412.

A. ███████████████████████████

Rule 412(b)(2)'s balancing test instructs that evidence can only be admitted "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." As an initial matter, the probative value of ███████████████████████████ ████████████████████████████████. The Supreme Court has recognized that "the fact that sex-related conduct was 'voluntary,' in the sense that the complainant was not [physically] forced to participate against her will," does not mean that it was "[]welcome," *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986), merely because the perpetrator used forms of "coercion" that were "subtler" "than direct physical threats or attacks." *Babcock v. Frank*, 729 F.Supp.279, 287 (S.D.N.Y. 1990). The law thus forbids "quid pro quo" arrangements, where employers "expressly or tacitly link[] tangible job benefits to the acceptance or rejection of sexual advances." *Bouveng v. NYG Cap. LLC*, 175 F.Supp.3d 280, 311 (S.D.N.Y. 2016). A complainant's submission to sexual advances is not truly voluntary if she can only reject those advances on pain of losing her livelihood or jeopardizing her professional advancement. *See Karibian v. Columbia Univ.*, 14 F.3d 773, 777 (2d Cir. 1994) (Quid pro quo harassment occurs when "submission to or rejection of [unwelcome sexual] conduct . . . is used as the basis for employment decisions affecting [the victim].") (citation omitted).

Here, Defendant tacitly conditioned Plaintiff's continued, successful employment at Arista on submission to his sexual advances, seeing as Defendant in fact sought to undermine Plaintiff's career and publicly humiliate her, following the assault and once she rejected his further advances. *See* ECF No. 1 ("Compl.")  ¶¶ 52-57; *see also Carrero v. New York City Housing Auth.*, 668 F.Supp. 196, 201-02 (S.D.N.Y. 1987) (where the plaintiff had to "work closely" with the defendant supervisor, "meet [with him] every morning," and where the defendant "was responsible for insuring that [the plaintiff] was trained in every facet of the job," the plaintiff should not have been

"required to be constantly on guard against" his sexual advances); *Bouveng*, 175 F. Supp. 3d at 313 (A "reasonable jury could [] conclude that [the p]laintiff submitted to [the defendant's] unwelcome sexual advances in order to protect her job," as the plaintiff "was afraid to reject" his advances to avoid "upset[ting] him," the plaintiff "saw how he could get enraged at the office," and she believed that the defendant would "fire her" if she rejected him) (cleaned up) (citations omitted).█

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████
░░░░░░░░░░░░░██████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████ It is well-established—and basic "common sense"—that "consent to sexual conduct, even if once given, may thereafter be withdrawn at any time." *Jacobson v. Blaise*, 157 A.D.3d 1072, 1079 (3d Dep't 2018); *see also, e.g.*, *T.C on Behalf of S.C. v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 2018 WL 3348728 at *9 (M.D. Tenn. July 9, 2018) ("It is now beyond question in the federal courts that the fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome.") (citations and internal quotations omitted); *People v. Hastings*, 72 Ill.App.3d 816, 28 Ill.Dec. 683, 390 N.E.2d 1273, 1277 (1st Dist. 1979) (excluding evidence of past sexual activity between victim and defendant because a victim's consent to sex with the defendant in the past does not mean she "consented to the acts committed on the night in question"); *Graydon v. State*, 329 Ark. 596, 601, 953 S.W.2d 45, 48 (1997) (rejecting argument that "the victim's prior sexual intercourse with [defendant] was

relevant to show that she consented in the present case," because "[p]rior acts of sexual conduct are not within themselves evidence of consent in a subsequent sexual act"); *Socks-Brunot v. Hirschvogel Inc.*, 184 F.R.D. 113, 122 (S.D. Ohio 1999) (explaining that "evidence that a plaintiff in a sexual harassment case may have flirted with the alleged harasser is clearly within the type of conduct described as 'sexual behavior' or 'sexual predisposition' described in Rule 412 . . . such testimony could improperly paint the plaintiff as having invited sexual harassment").

Evidence of prior consensual sexual encounters between parties is only probative where the prior conduct is of the same nature as the conduct at issue in the case. "Relevance of prior sexual activity between an accused and an alleged victim [under Rule 412] is increased by the degree of its similarly to the charged conduct." *United States v. Andreozzi*, 60 M.J. 727, 739 (A. Ct. Crim. App. 2004); *see also Graydon*, 329 Ark. 596 at 601 (in the context of prior sexual encounters between defendant and the victim, "[t]here must be additional evidence connecting the prior acts to the consent alleged in the subsequent act before the prior acts become relevant").

████████████████████████████████████████████ ████████████████████████████████████ The conduct is thus dissimilar, and the prior sexual acts are not probative. ████████████████████████ ████████████████████████████████████ despite overwhelming evidence that Plaintiff was coerced into any sexual behavior. *See Smith v. Ergo Sols., LLC*, 2019 WL 3068293, at *3 (D. D.C. 2019) (prior sexual act which consisted of "sending crude emails" was not probative under Rule 412 in case involving "physical sexual advances," due to dissimilarity between the forms of conduct at issue); *Graydon*, 329 Ark. 596 at 601-02 (rejecting defendant's argument that prior sexual encounter between himself and the victim should be

19

admitted because "the evidence connecting the prior acts to the present act is the fact that the victim voluntarily got into his car on the date of the offense"); *Com. v. Fionda*, 33 Mass. App. Ct. 316, 322, 599 N.E.2d 635, 639 (1992) ("As for those activities in which the victim admitted to engaging while sober, risqué conversation and kissing, we agree with the trial judge. Such conduct is not probative of whether the victim consented to intercourse on the later occasion."); *State v. Cebada*, 544 P.3d 269, 273 (N.M. 2023) ("While [defendant] asserts that the victim consented to going on a date and to kissing, consent to those prior acts is not evidence of consent to digital penetration.").

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████ Any alleged consent to the former is not probative of consent to the latter.

### VII.    Dr. Raghavan's Therapy Notes are Inadmissible Under Rule 412(b)(2).

Defendant next seeks to admit a portion of the treatment notes of Dr. Raghavan which discuss ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████

This evidence is inadmissible under Rule 412(b)(2) for many of the same reasons described above in Section II—primarily, because the probative value of this incident is limited as Dixon did not in fact consent to this encounter. In addition, this evidence is highly sensitive and inflammatory, both due to its content and its context. ████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████    There can be no dispute that Plaintiff would be prejudiced by the admission of this inflammatory information.

Defendant suggests that "the danger of unfair harm or prejudice" from the admission of this sensitive evidence is "mitigated by the fact that evidence has already been disclosed by Plaintiff during litigation" in her document productions.[3] Def's Mot. at 15. This argument is meritless. Plaintiff disclosed these notes to Defendant because she was obligated to in discovery; their confidential production is protected by protective order and could not be farther afield from a public disclosure.[4] *See* ECF No. 44; *see also In re Agent Orange Prod. Liab. Litig.*, 98 F.R.D. 539, 544 (E.D.N.Y. 1983) ("Discovery material, merely because it is produced pursuant to the judicial process, is not necessarily part of the public record."); *Trooper 1 v. New York State Police*, 2024 WL 1345516, at *4 (E.D.N.Y. Mar. 29, 2024) (preserving confidentiality of deposition transcript because the transcript "is discovery material, which is not traditionally afforded a public right of access"). Further, all discussion of these sensitive topics in the parties' public briefing has

---

[3]    This suggestion is particularly ironic given Defendant's documented history of discovery failures. In stark contrast to the Defendant, Plaintiff takes her discovery obligations seriously, and she has assiduously disclosed any evidence that is potentially related to this case—even highly sensitive, embarrassing materials such as these. Plaintiff should not be punished for faithfully complying with her discovery obligations.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

been redacted to preserve Plaintiff's privacy. In short, public disclosure of this irrelevant and highly inflammatory evidence at trial would lead to unnecessary invasion of privacy, embarrassment, and sexual stereotyping—precisely the type of outcome that Rule 412 seeks to prevent.

Defendant also briefly argues that the challenged evidence should be admitted because "Plaintiff has placed her mental state and the causation of her emotional distress squarely at issue in this case." Def's Mot. at 15. This argument is misplaced. Plaintiff does not dispute that her emotional distress is at issue and that Defendant may permissibly inquire into supposed alternative causes of emotional distress (per the Court's motion in limine rulings). But Defendant cannot conflate the complicated issue of sources of emotional distress with the blanket topic of consent. *See, e.g., T.C. on Behalf of S.C.*, 2018 WL 3348728 at *9 ("It is now beyond question in the federal courts that the fact that the plaintiffs may welcome sexual advances from certain individuals has absolutely no bearing on the emotional trauma they may feel from sexual harassment that is unwelcome"). The issue of which events caused Plaintiff the most emotional distress during the timeframe that she worked for Defendant—and thus what is relevant for damages—is distinct from ██████████████████████████████████████████████████████ ████████████████████████████████████████ Accordingly, the challenged evidence is irrelevant to both emotional distress damages issues and to sexual assault liability issues.

This Court should exclude this prejudicial evidence from trial.[5]

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court deny Defendant's Rule 412 Motion and rule that the challenged evidence is inadmissible.

---

[5] As to Defendant's arguments on the authentication of the challenged evidence, Plaintiff respectfully submits that such arguments are premature and should be determined at trial, pending the Court's ruling on the admissibility of the Rule 412 evidence. *See, e.g.*, *United States v. Ulbricht*, 79 F. Supp. 3d 466, 488 (S.D.N.Y. 2015) (noting that arguments regarding authentication of exhibits "is a question best answered at trial" and there is "no basis to prejudge" this issue); *Com. Funding Corp. v. Comprehensive Habilitation Servs., Inc*., 2005 WL 1026515, at *4 n.2 (S.D.N.Y. May 2, 2005) ("The Court need not take up authenticity as a ground for excluding any proposed exhibits at this time . . . because authenticity can be easily established at trial.").

Dated:  New York, New York

      January 6, 2026

                                       Respectfully,

                                       */s/ Kenya K. Davis*
                                       Kenya K. Davis
                                       BOIES SCHILLER FLEXNER LLP
                                       1401 New York Ave, NW
                                       Washington, DC 20005
                                       (202) 237-9608
                                       kdavis@bsfllp.com

                                       Sigrid S. McCawley
                                       Daniel J. Crispino (*pro hac vice*)
                                       BOIES SCHILLER FLEXNER LLP
                                       401 E. Las Olas Blvd., Ste 1200
                                       Fort Lauderdale, FL 33301
                                       (954) 356-0011
                                       smccawley@bsfllp.com
                                       dcrispino@bsfllp.com

                                       *Counsel for Plaintiff Drew Dixon*

## CERTIFICATE OF COMPLIANCE

1.      Pursuant to Local Civil Rules 6.3 and 7.1, I hereby certify that this document complies with applicable length limitations because, excluding the parts of the document exempted by Local Civil Rule 6.3, this document contains 7,739 words.

2.      I further certify that this document complies with the typeface and type-style requirements of Local Civil Rule 7.1 because this document has been prepared in a 12-point font, with one-inch margins, and with double-spacing.

Dated: January 6, 2026                          _/s/ Kenya K. Davis____

                                                        Kenya K. Davis

## CERTIFICATE OF SERVICE

I certify that on January 6, 2026, I electronically filed this document with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all parties in the case who are registered through CM/ECF.


Dated: January 6, 2026                              */s/ Kenya K. Davis*

                                                    Kenya K. Davis