UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DREW DIXON,  :
  :
  :
                              Plaintiff,  :        23-CV-09878 (JAV)
  :
         -v-  :        ORDER
  :
ANTONIO MARQUIS "L.A." REID,  :
  :
                              Defendant.  :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff has requested permission to file a redacted version of her letter to the Court dated July 31, 2025, regarding several discovery disputes (ECF No. 190), and the attached Exhibits, which include excerpts from the deposition of Larry Jackson, as well as composites of various text messages under seal.  ECF No. 188.  This motion is **GRANTED IN PART AND DENIED IN PART**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted).  Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (citation omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (cleaned up).

The Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (citation omitted). Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

With respect to the request to seal the July 31 letter, the Court denies the motion to seal the redacted portions of Part I of the letter, and grants the motion to seal the redacted portions in the remainder of the letter. With respect to Part I, no argument has been made as to why this information warrants sealing. Moreover, this Court's examination of the proposed redactions does not show any basis for sealing.

The remaining proposed redactions, found in Section II of the letter, concern confidential financial information of both Defendant and third parties. The Court finds that the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal citations and quotation marks omitted).

The Court has previously authorized the filing of the deposition testimony of Larry Jackson to be filed under seal, as that testimony, as that testimony qualifies as "confidential business information." The attached text messages may likewise be sealed, as they involve both discussions of confidential business information and implicate personal privacy interests.

Plaintiff shall refile the July 31 letter with Part I of the letter unredacted in accordance with this Order by January 16, 2026. The Clerk of Court is directed to terminate ECF No. 188.

SO ORDERED.

Dated: January 13, 2026
      New York, New York

                              JEANNETTE A. VARGAS
                              United States District Judge