UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                               :

DREW DIXON,                           :

                           :

                   Plaintiff,      :           23-CV-09878 (JAV)

                           :

      -v-                        :           <u>ORDER</u>

                           :

ANTONIO MARQUIS "L.A." REID,      :

                           :

                 Defendant.     :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff has sought leave to file under seal portions of her supplemental submission in support of her sixth motion in limine, as well as the attached Exhibit.   ECF No. 316.  Defendant similarly seeks to file under seal the entirety of his response to Plaintiff's motion in limine.  ECF No. 327.  Plaintiff's motion is **GRANTED**, while Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

      The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted).  Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (citation omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

      To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (cleaned up).

The Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (citation omitted). Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The filings at issue were submitted to the Court in connection with a discovery dispute. Moreover, the information that Plaintiff seeks to seal concerns specific allegations of sexual assault involving a third party. That third party's privacy interests outweigh the lower presumption of public access that attaches to this discovery motion. *Doe 1 v. JP Morgan Chase Bank, N.A.*, 2024 WL 3597196, at *6 (S.D.N.Y. July 30, 2024) ("Protecting the identity of sexual assault survivors and the details of their assaults is traditionally considered private and has been widely recognized as a compelling reason to limit public access to judicial documents.").

Defendant, however, has made no effort to narrowly tailor his sealing request, and instead has sought to seal the entirety of his opposition, including substantial sections that merely discuss relevant legal authority. To the extent Defendant seeks to seal information beyond the name of the third party, and the specific allegations concerning that third party, that motion is denied.

Defendant shall refile ECF No. 328 on the docket with appropriate redactions of the information the Court has ordered sealed by January 16, 2026.

The Clerk of Court is instructed to terminate ECF Nos. 316 and 327.

SO ORDERED.

Dated: January 13, 2026
      New York, New York

JEANNETTE A. VARGAS
United States District Judge

2