# Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
HON. DAVID L. LEWIS (RET.)
JOHN S. ESPOSITO*
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
DAVID M. SCHWARTZ*+
ANDREA M. ARRIGO*
MICHAEL F. DIBENEDETTO*
LINO J. DE MASI
ROSARIO BONA
GIOVANNI ORLANDO CONTI
ALEXANDRA JO DEBENEDICTIS

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN D.C

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK 11228
TELEPHONE: (718) 238-9898
FACSIMILE: (718) 921-3292
_____

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON
HON. MICHAEL C. FARKAS (RET.)
_____

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

January 7, 2026

The Honorable Jeannette A. Vargas
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

      Re:    *Drew Dixon v. Antonio Marquis "L.A." Reid*, 1:23-cv-09878-JAV
              Defendant's Response to Plaintiff's Supplemental Letter

Dear Judge Vargas:

      We write on behalf of Defendant Antonio Marquis "L.A." Reid to respectfully oppose Plaintiff's Supplemental Letter dated January 6, 2026 (ECF No. 317)("Supplemental Letter"), which seeks admission of a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For the reasons set forth below, the ▮▮▮▮▮▮▮▮▮▮▮ is inadmissible under Federal Rules of Evidence 404(b) and 415, and its admission would be substantially more prejudicial than probative under Rule 403. The Court should deny Plaintiff's request.

**I.    The ▮▮▮▮▮▮▮▮▮▮▮ Fails to Establish Modus Operandi Under Rule 404(b)(2)**

      Plaintiff argues that the ▮▮▮▮▮▮▮▮▮ establishes Defendant's modus operandi and is therefore admissible under Rule 404(b)(2). *See* Supplemental Letter at 2. This argument fails because any alleged similarities between the ▮▮▮ allegations and Plaintiff's claims are not "sufficiently idiosyncratic to permit a fair inference of a pattern's existence." *United States v. Mohamed*, 148 F.Supp.3d 232, 240-41 (E.D.N.Y. 2015)(quoting *United States v. Sliker*, 751 F.2d 477, 487 (2d Cir. 1984)); *see also United States v. Moye*, 793 F. App'x 19, 21 (2d Cir. 2019). To warrant admission as modus operandi evidence, the prior acts must "share 'unusual characteristics' with the act charged or represent a 'unique scheme.'" *Montanez v. City of Syracuse*, 2019 U.S. Dist. LEXIS 155738, at *9 (N.D.N.Y. Sep. 12, 2019)(citing *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991)). The characteristics "must be so unusual and distinctive as to be like a signature" and "so nearly identical in method . . . to ear-mark [them] as [the defendant's] handiwork." *Id.* (citing *United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir. 1978)).

Plaintiff identifies the following purported similarities: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Supplemental Letter at 2. These characteristics are unremarkable and generic. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are common features of virtually any sexual harassment or assault allegation. They do not represent unusual, distinctive, or idiosyncratic behavior that would bear the unique "handiwork" of a particular individual. *See Montanez*, 2019 WL 4328872, at *4. The Second Circuit has made clear that "garden-variety" similarities common to a category of misconduct are insufficient to establish modus operandi. *See United States v. Reese*, 933 F. Supp. 2d 579, 583 (S.D.N.Y. 2013); *United States v. DeVillio*, 983 F.2d 1185, 1195 (2d Cir. 1993). Were the rule otherwise, any prior allegation of sexual misconduct would automatically become admissible in any subsequent case involving sexual misconduct allegations—a result plainly at odds with Rule 404(b)'s prohibition on propensity evidence. Moreover, to the extent that Plaintiff's Complaint specifically alleges that Defendant touched her vulva and digitally penetrated her without her consent, the ▓▓▓▓▓▓▓▓▓▓ is absent any allegation that Defendant engaged in such conduct by touching ▓▓▓ in any private area without her consent, further undermining the ▓▓▓▓▓▓▓▓▓▓ admissibility as modus operandi evidence.

Furthermore, the significant temporal gap between the alleged conduct undermines any inference of a consistent pattern. Plaintiff's Complaint alleges incidents occurring in 2001. *See* Complaint ¶¶ 43, 48-49. The ▓▓▓▓▓▓▓▓▓▓ describes conduct ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Plaintiff's Supplemental Letter, Ex. A (ECF No. 317-1) at SME_00406-00408. Courts routinely consider temporal proximity when evaluating modus operandi evidence, and substantial gaps in time weigh against admission. *See Stephen v. Hanley*, 2009 U.S. Dist. LEXIS 43334, at *13-14; *United States v. Larson*, 112 F.3d 600, 602-06 (2d Cir. 1997). A fifteen-year gap is simply too attenuated to support an inference that the alleged conduct represents a consistent pattern or scheme.

## II. The ▓▓▓▓▓▓▓▓▓▓ is Inadmissible Under Rule 415

Plaintiff alternatively argues that the ▓▓▓▓▓▓▓▓▓▓ is admissible under Federal Rule of Evidence 415, which provides that in a civil case involving a sexual assault claim, "the court may admit evidence that the party committed any other sexual assault." Fed. R. Evid. 415(a). However, before admitting such evidence, the Court must "determine that a jury could reasonably find by a preponderance of evidence that the party committed the other sexual assault." *Carroll v. Trump*, 124 F.4th 140, 156 (2d Cir. 2024). The ▓▓▓▓▓▓▓▓▓▓ cannot satisfy this threshold for several independent reasons.

***First***, pursuant to the plain text of Rule 415(b), the rule requires disclosure of this evidence to the opposing party at least fifteen days before trial unless the court allows a later disclosure for good cause. *See* Fed. R. Evid. 415(b). Plaintiff disclosed the ▓▓▓▓▓▓▓▓▓▓ on January 6, 2026 – a mere six days before the scheduled start of trial on January 12, 2026, failing this procedural requirement.

**_Second_**, the ▓▓▓▓▓▓▓▓▓▓ is an unsworn advocacy document prepared by ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The letter itself is expressly marked ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Plaintiff's Supplemental Letter, Ex. A at SME_00406. ▓▓▓▓▓▓▓▓▓▓▓▓▓ are inherently one-sided presentations designed to maximize settlement leverage, not neutral recitations of fact. Permitting such documents to satisfy Rule 415's preponderance standard would effectively allow any accusation memorialized in correspondence to constitute evidence of "other sexual assaults" – a result that would eviscerate the evidentiary threshold Congress intended when enacting Rule 415.

**_Third_**, the allegations in the ▓▓▓▓▓▓▓▓▓▓ have never been tested through any adversarial proceeding. There has been no deposition of ▓▓▓▓▓, no cross-examination, no opportunity to challenge the allegations, and no adjudication of the underlying claims. The matter resulted in a settlement, which *by definition* represents a compromise and not an admission of liability. Further, the settlement was negotiated between Sony and ▓▓▓▓▓, Mr. Reid was not provided with an opportunity to challenge the allegations that he would deny, and as such did not receive any semblance of due process. Sony, as a corporate entity, made an independent decision to resolve the matter with ▓▓▓▓▓, without consulting Mr. Reid nor seeking his approval, nor acknowledging any possible denials as to the claim. Notwithstanding this, the settlement does not amount to any admission of civil liability by Mr. Reid, nor is there any criminal disposition regarding these untested allegations resulting in any sort of conviction or admission of guilt. Such unsworn, untested allegations are insufficient to establish that a defendant "committed" other criminal, or tortious acts stemming from such, by a preponderance of the evidence. *See Carroll v. Trump*, 141 F.4th 366, 380-81 (2d Cir. 2025)(for admissibility under 415, requiring evidence establishing that a defendant committed a crime of sexual assault under state or federal law).

**_Fourth_**, the ▓▓▓▓▓▓▓▓▓▓ contains multiple layers of hearsay. The letter recounts statements allegedly made by ▓▓▓▓▓▓▓▓▓▓▓▓▓, who then memorialized them in correspondence. To the extent Plaintiff clearly seeks to offer the letter for the truth of the matters asserted therein, it constitutes inadmissible hearsay. While Plaintiff may argue that the statements qualify as party-opponent admissions or fall within another exception, the letter was not authored by Defendant and does not contain his statements.

**III.    The ▓▓▓▓▓▓▓▓▓▓ in Inadmissible Under Rule 403**

Even assuming the ▓▓▓▓▓▓▓▓▓▓ possessed marginal relevance under Rules 404(b) or 415, the Court retains discretion to exclude evidence under Rule 403 where "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Carroll*, 124 F.4th at 156 (confirming Rule 403 balancing applies to Rule 415 evidence). For several reasons, the balance here weighs decisively in favor of exclusion.

The ▓▓▓▓▓▓▓▓▓▓ would create substantial unfair prejudice by focusing the jury on inflammatory, unproven, untested, and unsworn allegations that have no bearing on the actual facts of this case. The letter contains highly charged language characterizing Defendant in pejorative terms and describing conduct that was never adjudicated or proven. Allowing the jury

to hear such allegations would invite them to punish Defendant for accusations that remain unsubstantiated, rather than to evaluate the evidence actually before them. This is precisely the type of prejudice that Rule 403 is designed to prevent. Admission of the █████████ would also confuse the issues and mislead the jury. The jury would be required to evaluate a collateral set of allegations involving a different complainant, different time period, different location, and different circumstances. This would distract the jury from its proper task of evaluating Plaintiff's claims and would invite speculation about matters not properly before the Court.

Furthermore, admission would cause undue delay and waste judicial resources. If Defendant is to have a fair opportunity to respond to the ███ allegations, he must be permitted to present evidence and cross-examine witnesses concerning the circumstances underlying the demand letter. This would necessitate what amounts to a "trial within a trial" on collateral matters, consuming significant time and resources. The Court should not permit Plaintiff to transform this proceeding into a referendum on unrelated, unproven, untested, and unsworn accusations from over fifteen years after the alleged incidents at issue.

Finally, the probative value of the ██████████ is minimal at best. As demonstrated above, any alleged similarities between the untested, unsworn ███ allegations and Plaintiff's claims are generic characteristics that do not establish a distinctive pattern. The fifteen-year temporal gap further diminishes any probative value. And the fact that the allegations of ███ were never proven or adjudicated renders them of limited evidentiary weight. When balanced against the substantial prejudice, confusion, and delay that admission would cause, the calculus clearly favors exclusion under Rule 403.

### IV.   The Timing of Plaintiff's Submission Prejudices Defendant

Defendant further notes that Plaintiff's Supplemental Letter was filed on January 6, 2026, with trial scheduled for next week. This eleventh-hour submission of new evidence severely prejudices Defendant's ability to adequately prepare a response, investigate the circumstances underlying the ██████████, and potentially conduct discovery regarding the newly-produced materials. While Plaintiff represents that Sony Music Entertainment "agreed" to produce the demand letter, *see* Plaintiff's Supplemental Letter at 1, the belated timing of this production—on the eve of trial—raises significant concerns about fairness and due process. The Court should not reward Plaintiff's delay by admitting hearsay evidence that Defendant has had no meaningful opportunity to investigate or challenge – in this proceeding or prior proceedings. Further, as stated above, the allegations in the letter are just that: allegations. They remain untested, unchallenged, and to allow the Plaintiff to present this material as true or as propensity evidence -without prior adjudication in any court or tribunal- would amount to gross prejudice to the Defendant, present a miscarriage of justice and would be an afront to the safeguards of due process and the Constitution.

### V.   Conclusion

For the foregoing reasons, respectfully request the Court deny Plaintiff's Supplemental Letter and exclude the ██████████ and all evidence derived therefrom.

Respectfully submitted,

/s/ Imran H. Ansari
Imran H. Ansari, Esq.