UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
DREW DIXON,                                                             :
                                                                        :
                                    Plaintiff,                          :
                                                                        :               23-CV-09878 (JAV)
                    -v-                                                  :
                                                                        :               ORDER
ANTONIO MARQUIS "L.A." REID,                                           :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

        Although this case is now closed, there are three pending motions to seal that the Court has yet to address.  The Court **GRANTS** ECF Nos. 314 and 324, and **DENIES** ECF No. 293.

        The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted).  Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (citation omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

        To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'"  *Id.* (citation omitted).  "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness."  *Id.* (citation omitted).  Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.* (cleaned up).

        Additionally, the Second Circuit has recently clarified that the determination as to whether a record is a judicial document should be made "by evaluating the relevant materials at the time of their filing with the court."  *Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025).  Accordingly, if a

case settles and the underlying motion papers for which sealing has been sought becomes moot, that does not create a presumption that such record is not a judicial document.  *Id.*

With respect to the motions to seal ECF No. 315 and ECF No. 325 in their entirety (ECF Nos. 314 and 324), these documents disclose the parties' confidential settlement discussions, including the terms of a proposed settlement agreement.  They also discuss Defendant's personal financial information.  "There is no established presumption of public access with respect to confidential settlement discussions and documents."  *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 11-CV-1209 CSH, 2013 WL 4012772, at \*5 (D. Conn. Aug. 5, 2013).  *See also In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2d Cir. 2011) ("Confidentiality is an important feature of the mediation and other alternative dispute resolution processes. Promising participants confidentiality in these proceedings promotes the free flow of information that may result in the settlement of a dispute, and protect[s] the integrity of alternative dispute resolution generally."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143-44 (2d Cir. 2004) ("Without some further showing of public interest in the disclosure of the settlement amount, the Bank's reasons for maintaining the confidentiality easily overcome the markedly weak presumption of access here.").  The Court therefore grants the motion to seal ECF No. 315 and 325.

Defendant also sought to file under seal ECF No. 294, a letter motion to preclude the expert testimony of Marc Plotkin and its associated exhibits.  *See* ECF No. 293.  The Court had previously denied a motion to seal Exhibit C, the original expert report of Mr. Plotkin, *see* ECF No. 241, which is already available on the docket at ECF No. 126.  For the same reasons as the Court denied the motion to seal the original Plotkin report, the request to file the revised expert report of Mr. Plotkin, and the communications concerning that report under seal are denied.

The Clerk of Court is instructed to unseal and make publicly available ECF No. 294.

SO ORDERED.

Dated: June 11, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2