UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                           :

DREW DIXON,                      :

                 Plaintiff,       :

                           :        23-CV-09878 (JAV)

       -v-                  :

                           :        <u>ORDER</u>

ANTONIO MARQUIS "L.A." REID,   :

                           :

             Defendant.     :

                           :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is Inner City Press's motion to unseal several filings, namely, those docketed at ECF Nos. 182, 183, 190, 195, 197, 215, 294, 315, 317, 325, 328, 331.  ECF No. 336 (the "Motion" or "Mot.").  For the following reasons, the Motion is **DENIED**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (citations omitted).  Under the common law inquiry, courts apply a three-part test to determine if sealing is appropriate.  First, courts must determine whether the records at issue are judicial documents, that is, is "the item filed . . . relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 119 (citation omitted).  Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.* (citation omitted).  Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records.  *Id.* at 120 (citation omitted).

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (citation omitted). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citation omitted). Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

Yet the Second Circuit has held that "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (citation omitted). Accordingly, "while a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Id.*

The press also "have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Lugosch*, 435 F.3d at 120. Although "a newspaper qua newspaper may have no greater right of access than any other litigant or the public, . . . a news agency[,] as [the public's] representative, has a presumptive right of access to discovery materials." *Application of Akron Beacon J.*, No. 94-CV-1402 (CSH), 1995 WL 234710, at *8 (S.D.N.Y. Apr. 20, 1995); *see also United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 113 (2d Cir. 1984) ("The Supreme Court repeatedly has held that the First Amendment does not guarantee reporters a right of

2

access to information greater than that of the general public." (collecting cases)).  Because of this, the "proper query," regarding press inquiries centers on whether the public has a presumptive right to access the documents in question.  *Application of Akron Beacon J.*, 1995 WL 234710, at *8.

Here, the Court has already decided that all or portions of the documents that Inner City Press requests to access have been appropriately sealed considering either Plaintiff's or Defendant's substantial right to privacy or other higher values that merit sealing.  *See, e.g.*, ECF Nos. 282, 338, 346.  In doing so, the Court has considered whether sealing requests have been narrowly tailored, and ordered that any discrete portion of those documents for which sealing was not justified be released on the docket.  *See, e.g.*, ECF Nos. 205, 291, 337, 346.  Further, Inner City Press fails to make any arguments that the interest in public access outweighs Plaintiff's or Defendant's privacy interests.  *See* Mot.

Accordingly, the Motion is **DENIED**.  The Clerk of Court is directed to send a copy of this Order to Matthew Russell Lee, Inner City Press, via the email address provided.

SO ORDERED.

Dated: June 17, 2026
      New York, New York

                              JEANNETTE A. VARGAS
                              United States District Judge

3